| | |
|---|---|
| 1 | Martha J. Keon, Bar No. 213771 |
| 2 | mkeon@littler.com |
|   | LITTLER MENDELSON, P.C. |
| 3 | Three Parkway |
|   | 1601 Cherry Street, Suite 1400 |
| 4 | Philadelphia, Pennsylvania  19102.1321 |
|   | Telephone:  267.402.3000 |
| 5 | Fax No.:    267.402.3131 |
| 6 | |
|   | Shannon R. Boyce, Bar No. 229041 |
| 7 | sboyce@littler.comv |
|   | LITTLER MENDELSON |
| 8 | 2049 Century Park East, 5th Floor |
|   | Los Angeles, California  90067.3107 |
| 9 | Telephone:  310.553.0308 |
| 10| Facsimile:  310.553.5583 |
| 11| Attorneys for Defendant |
|   | RCM TECHNOLOGIES (USA), INC. (SUED |
| 12| HEREIN ERRONEOUSLY AS "RCM |
|   | TECHNOLOGIES, INC.") |
| 13| |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | | |
|---|---|---|
| BARBARA GRADY, individually and on behalf of all others similarly situated, | | Case No.  5:22-cv-842 |
| Plaintiff, | | **DEFENDANT'S NOTICE OF REMOVAL OF ACTION FROM STATE COURT PURSUANT TO 28 U.S.C. SECTIONS 1332 (CAFA), 1441, and 1446** |
| v. | | |
| RCM TECHNOLOGIES, INC., | | Complaint Filed: February 7, 2022 |
| Defendant. | | Superior Court County of San Bernardino |

LITTLER MENDELSON, P.C.
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA  19102.1321
267.402.3000

TO: THE CLERK OF THE ABOVE-ENTITLED COURT AND PLAINTIFF BARBARA GRADY

PLEASE TAKE NOTICE that Defendant RCM TECHNOLOGIES (USA), INC. (sued herein erroneously as RCM TECHNOLOGIES, INC.) removes the above-captioned action from the San Bernardino County Superior Court of the State of California to the United States District Court for the Central District of California, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§1332(d), and 28 U.S.C. §§1441(b), and 1446 on the following grounds:

## I. STATEMENT OF JURISDICTION

1. This Court has original jurisdiction over this action pursuant to CAFA, which vests the United States district courts with original jurisdiction of any civil action: (a) that is a class action with a putative class of more than 100 members; (b) in which any member of a class of plaintiffs is a citizen of a state different from any defendant; and (c) in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. 28 U.S.C. §1332(d). CAFA authorizes removal of such actions in accordance with 28 U.S.C. §1446. This case meets all of CAFA's requirements for removal and is timely and properly removed by the filing of this Notice.

## II. VENUE

2. This action was filed in the San Bernardino County Superior Court of the State of California. Venue properly lies in the United States District Court for the Central District of California, pursuant to 28 U.S.C.§§ 84(c)(2), 1391, 1441, and 1446.

## III. PLEADINGS, PROCESS, AND ORDERS

3. On February 7, 2022, Plaintiff Barbara Grady filed a Class Action Complaint against Defendant in San Bernardino County Superior Court, titled: *BARBARA GRADY, individually and on behalf of all others similarly situated v. RCM TECHNOLOGIES, INC.*, Case No. Civ SB-2204890 (the "Complaint"). Plaintiff bring this lawsuit on behalf of herself and others similarly situated, and also as a law enforcement action under the California Private Attorneys General Act ("PAGA"). Plaintiff alleges 9 causes of action, claiming that Defendant: (1) failed to pay overtime compensation in violation of Cal. Labor Code §§ 510, 1194 and 1198 and IWC Wage Order No. 5; (2) failed to

LITTLER MENDELSON, P.C.
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA 19102.1321
267.402.3000

provide meal periods in violation of Cal. Labor Code §§ 226.7 and 512, and Cal. Code Regs., tit. 8, §11040, ¶¶ 7, 11; (3) failed to provide rest breaks in violation of Cal. Labor Code §§ 226.7 and Cal Code Regs, tit. 8, §11040, ¶12; (4) failed to pay for all hours worked in violation of Cal. Labor Code §§201, 202, 204 and 221-223; (5) failed to keep accurate payroll records in violation of Cal. Labor Code §§ 1174 and 1174.5; (6) failed to furnish accurate wage statements in violation of Cal. Labor Code §226; and (7) failed to pay waiting time penalties under Cal. Labor Code § 201-203; and as a result of these violations, (8) engaged in unfair competition and unlawful business practices in violation of Cal. Business and Professions Code §17200; and (9) is liable for PAGA penalties under Cal. Labor Code §2698 *et seq.*

    4.    On April 19, 2022, Defendant was served with the Summons and Complaint, Notice and Acknowledgment of Receipt–Civil; Civil Case Cover Sheet; Summons; Certificate of Assignment; Initial Complex Order and Guidelines; and Proof of Service, true and correct copies of which are attached hereto as **Exhibit A.**

    5.    On May 17, 2022, Defendant filed its Answer in the Superior Court of the State of California, County of San Bernardino. A true and correct copy of Defendant's Answer is attached as **Exhibit B**.

    6.    Pursuant to 28 U.S.C. § 1446(d), the attached **Exhibits A** and **B** and the additional documents in **Exhibit C** (the Initial Case Management Conference Order, certificate of service, and signed Notice and Acknowledgment of Receipt – Civil) constitute all process, pleadings and orders served on Defendant or filed or received by Defendant in this action. To Defendant's knowledge, no further process, pleadings, or orders related to this case have been filed or proceedings heard in the Superior Court of the State of California, County of San Bernardino.

### IV.    TIMELINESS OF REMOVAL

    7.    An action may be removed from state court by filing a notice of removal, together with a copy of all process, pleadings, and orders served on the Defendant within 30 days of service on defendant of the initial pleading. *See* 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (the 30-day removal period runs from the service of the

summons and complaint). Removal of this action is timely because this Notice of Removal has been filed within 30 days from April 19, 2022, when Defendant was served with the Complaint. 28 U.S.C. § 1446(b).

## V. NOTICE OF REMOVAL TO ADVERSE PARTY AND STATE COURT

8. Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, the undersigned is providing written notice of such filing to Plaintiff BARBARA GRADY's counsel of record: Joshua Konecky, Nathan Piller and Yuri Chornobil Schneider Wallace Cotrell Konecky LLP, 2000 Powell Street, Suite 1400, Emeryville, CA 94608. In addition, a copy of Defendant's Notice of Removal will be filed with the Clerk of the Superior Court of the State of California, County of San Bernardino.

## VI. CAFA JURISDICTION

9. CAFA grants United States district courts original jurisdiction over: (a) civil class action lawsuits filed under federal or state law; (b) where the alleged class is comprised of at least 100 individuals; (c) in which any member of a class of plaintiffs is a citizen of a state different from any defendant; and (d) where the matter's amount in controversy exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d). CAFA authorizes removal of such actions in accordance with 28 U.S.C. § 1446. As set forth below, this case meets each CAFA requirement for removal, and is timely and properly removed by the filing of this Notice of Removal.

### A. Plaintiff Filed A Class Action Under State Law

10. Plaintiff filed her action as a class action, as well as a law enforcement action under PAGA based on alleged violations of California state law. (*Complaint ¶ 1, Ex. A hereto*).

### B. The Proposed Class Contains At Least 100 Members

11. Pursuant to 28 U.S.C. § 1332(d)(5)(B), the provisions of CAFA do not apply to any class action where "the number of members of all proposed plaintiff classes in the aggregate is less than 100."

12. Plaintiff was employed by Defendant as a traveling Licensed Vocation Nurse ("LVN") during the Fall of 2020. She filed this action on behalf of "[a]ll individuals who worked as a traveling nurse or like hourly position for Defendant in California at any time beginning October 8, 2017

through the date of notice to the Class." (*Complaint ¶ 31, Ex. A hereto*). Plaintiff claims that the class members "are too numerous to be individually joined in this lawsuit." (*Id., ¶ 32*).

13. Based on a review of Defendant's records, Defendant has employed at least 305 LVNs in California since October 8, 2017. As such, both the Complaint and Defendant's internal records demonstrate that there are well over 100 putative class members in this case.

### C. Defendant Is Not A Governmental Entity

14. Under 28 U.S.C. § 1332(d)(5)(A), CAFA does not apply to class actions where "primary defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief."

15. Defendant is a corporation, not a state, state official, or other government entity exempt from CAFA.

### D. There Is Diversity Between At Least One Class Member And One Defendant

16. CAFA's minimal diversity requirement is satisfied, *inter alia*, when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §§ 1332(d)(2)(A), 1453(b). In a class action, only the citizenship of the named parties is considered for diversity purposes, and not the citizenship of the class members. *Snyder v. Harris*, 394 U.S. 332, 340 (1969). Additionally, for removal purposes, diversity must exist both at the time the action was commenced in state court and at the time of removal. *See Strotek Corp. v. Air Trans. Ass'n of Am.*, 300 F.3d 1129, 1130-1131 (9th Cir. 2002). Minimal diversity of citizenship exists here because Plaintiff and Defendant are citizens of different states.

17. Here, Plaintiff alleges in the Complaint that she is a resident of California and was employed by Defendant in San Bernardino, California from August 30 to October 17, 2020. (*Complaint, ¶ 15, Ex. A*). Plaintiff then filed the present action in San Bernardino County. Defendant is informed and believes that Plaintiff, at the time this action was commenced, was and is a citizen and resident of the State of California. *See Albrecht v. Lund*, 845 F.2d 193, 194-95 (9th Cir. 1988) (finding citizenship requirement satisfied where plaintiff's complaint contained allegations consistent with diversity and plaintiff failed to contest the petition for removal); *see also Anderson v. Watts*, 138 U.S.

694, 706 ("The place where a person lives is taken to be his domicile until facts adduced establish the contrary").

18. Defendant is not a citizen of the State of California. For purposes of removal, a corporation is considered to be a citizen of every State and foreign state by which it has been incorporated and where it has its principal place of business. 28 U.S.C. § 1332(C). Plaintiff concedes that Defendant is a New Jersey corporation. (Complaint, ¶ 16). Plaintiff also concedes that Defendant's principal place is outside of California (*id.*), although she mis-identifies it as Pennsylvania, when it is New Jersey.

19. Accordingly, the named Plaintiff is a citizen of a state (California) different from Defendant (New Jersey), and diversity exists for purposes of CAFA jurisdiction. *See* 28 U.S.C. §§ 1332(d)(2)(A), 1453.

### E. The Amount In Controversy Exceeds $5,000,000[1]

20. "Under CAFA the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction." *Abrego v. Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir. 2006). Where, as here, the Complaint is silent as to the amount in controversy, a preponderance of the evidence standard applies. *See Lewis v. Verizon Communs., Inc.*, 627 F.3d 395, 397 (9th Cir. 2010), *citing Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007).

21. Although Defendant expressly denies any liability for the damages alleged in the Complaint, for purposes of determining whether the minimum amount in controversy has been satisfied the Court must presume that Plaintiff will prevail on her claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter,* 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994)) (stating that the amount in controversy analysis presumes that "plaintiff prevails on liability"). "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [defendant's] liability." *Lewis, supra,* 627 F. 3d at 400 (9th Cir. 2010). Stated differently, the ultimate inquiry is what amount is put "in

---

[1] The alleged damages calculations contained herein are for purposes of removal only. Defendant denies that Plaintiff and/or the putative class are entitled to any relief whatsoever and expressly reserve the right to challenge Plaintiff's alleged damages in this case.

controversy" by Plaintiff's Complaint, not what defendants might actually owe. *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005); *accord Ibarra v. Manheim Investments, Inc.* 775 F.3d 1193, 1198 n. 1 (9th Cir. 2015) (explaining that even when the court is persuaded the amount in controversy exceeds $5,000,000, defendants are still free to challenge the actual amount of damages at trial because they are only estimating the amount in controversy).

22. CAFA authorizes the removal of class actions in which, among other factors mentioned above, the amount in controversy for all class members exceeds $5 million. See 28 U.S.C. § 1332(d). Here, the Complaint places more than $5 million in controversy.

23. A defendant seeking to remove a case to federal court must file a notice "containing a short and plain statement of the grounds for removal." 28 U.S.C. §1446(a). The United States Supreme Court in *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014), recognized that "as specified in section 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Only if the plaintiff contests or the court questions the allegations of the notice of removal is supporting evidence required. *Id.* Otherwise, "the defendant's amount in controversy allegation should be accepted" just as plaintiff's amount in controversy allegation is accepted when a plaintiff invokes federal court jurisdiction. *Id*. at 553. "[N]o anti-removal presumption attends cases invoking CAFA." *Id*. at 554.

24. Here, Plaintiff does not allege the amount in controversy. When the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so, and the notice of removal must simply include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Company LLC*, 135 S. Ct. at 554.

25. While Defendant denies Plaintiff's claims of wrongdoing and denies her request for relief therein, as specifically outlined below, the factual allegations in the Complaint and the total amount of wages, penalties, attorneys' fees, and other monetary relief sought in this action well exceed the Court's jurisdictional minimum. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999) (facts presented in notice of removal, combined with plaintiffs' allegations, sufficient to support finding that jurisdictional limits satisfied). "[W]hen the defendant relies on a chain of reasoning that includes

assumptions to satisfy its burden of proof [as to CAFA's amount-in controversy requirement], the chain of reasoning and its underlying assumptions must be reasonable." *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1201 (9th Cir. 2015).

26.  Plaintiff seeks to recover damages and penalties for off-the-clock work, missed meal periods and rest breaks, as well as for associated wage statement, waiting time penalties and recordkeeping violations. (Complaint ¶¶ 3-10, 21-27, 37-108 and Prayer for Relief, Exhibit A). Plaintiff alleges a cause of action for violation of the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.* (Complaint, ¶¶ 90-99). Alleging a UCL violation may extend the statute of limitations for Plaintiff's and Class Members' meal and rest period claims as well as the unpaid wages claims from three to four years from the filing of the Complaint, which in this case extends the statute of limitations to October 8, 2017. *See* Cal. Bus. & Prof. Code § 17208; *Cortez v. Purolator Air Filtration Products Co.*, 23 Cal. 4th 163, 178-79 (2000) (four-year statute of limitations for restitution of wages under the UCL).

27.  For purposes of removal, Defendant must assume (without conceding) the truth of Plaintiff's allegations for purposes of assessing amount in controversy.

28.  Based on a preliminary review of its records, since October 8, 2017, Defendant employed at least 305 individuals in California in the Licensed Vocation Nurse ("LVN") position held by Plaintiff.

                **1.  Amount In Controversy – Unpaid Wages ($1,642,880)**

29.  In her first and fourth causes of action, Plaintiff alleges that Defendant knowingly and willfully failed to pay Plaintiff and Class Members for all hours worked. (Complaint, ¶¶ 36-43, 61-69).

30.  Plaintiff claims that she and others similarly situated worked without pay performing patient hand-offs, patient charting, other patient care duties, undergoing temperature checks, setting up sites, unloading and loading equipment, site cleaning and working during meal periods. (Complaint, ¶ 21-24, 40).

31.  Plaintiff claims as much as 3 hours of off-the-clock work on some shifts, in addition to working during both of her meal periods on each shift. (Complaint, ¶¶ 4, 24).

32. She claims that her off-the-clock time would be double-time because she generally worked five 12-hour shifts per week, and that 12-hour shifts were typical for others. (Complaint, ¶¶ 3, 20).

33. For purposes of removal only, based on a preliminary review of Defendant's records, the putative class consists of at least 305 LVNs, who worked in excess of 5,134 workweeks since October 8, 2017. The approximate average hourly rate for these LVNs during the class period was $32.

34. While Plaintiff's claim for unpaid wages is without merit, Defendant assumes 5 off-the-clock hours per workweek (significantly less than what Plaintiff alleges), and estimates that Plaintiff has put in controversy **$1,642,880** on this cause of action, computed as: 5,134 workweeks x 5 hours per workweek x $32/hour x 2 for double-time. *Herrera v. Carmax Auto Superstores California, LLC*, EDCV-14-776-MWF (VBKx), 2014 WL 12586254, at *6 (C.D. Cal. Jun. 12, 2014) ("Defendant cannot be expected to produce evidence of how often overtime violations may occur. Defendant must be entitled to monetize this claim with a reasonable and conservative estimate.").

### 2. Amount In Controversy – Meal Periods ($492,864)

35. In her second cause of action, Plaintiff alleges that as a matter of policy and practice, Defendant failed to provide Plaintiff and putative class member with compliant meal periods. (Complaint, ¶¶ 25-28, 44-52). Plaintiff claims that on 12-hour shifts, she and others were regularly unable to take either of the two meal breaks due to patient care responsibilities, and typically ate while performing other work. (Complaint, ¶ 36).

36. While Plaintiff seeks one additional hour of pay at the regular rate of compensation for each missed meal period (Complaint, ¶ 50), California law permits recovery of one additional hour of pay at the employee's regular rate of compensation for each workday on which a meal period was not provided. Cal. Labor Code §226.7.

37. To estimate the amount that Plaintiff has put in controversy on this claim, Defendant assumes 3 alleged missed meal periods per workweek (less than the 2 per shift alleged by Plaintiff). *E.g. Oda v. Gucci Am., Inc.*, No. 2:14-CV-07469, 2015 WL 93335, at *5 (C.D. Cal. Jan. 7, 2015) (finding reasonable a 50% violation rate for alleged meal and rest period violations, despite allegations

that employees only "sometimes" were denied meal or rest periods); *Sadler v. Ensignal, Inc.*, No. 1:17-cv-00312-AWI-SAB, 2017 WL 2333528, at *5 (E.D. Cal. May 26, 2017) (accepting defendant's assumption that violation occurred once per day where plaintiff alleged "that he systematically worked for a period of more than five hours in a workday without being provided a mandatory, duty-free lunch").

38. While Defendant contends that Plaintiff and the putative class were provided compliant meal periods, it estimates the amount in controversy for the meal period claim as **$492,864**, computed as 5,134 workweeks x 3 hours/workweek x $32/hour.

### 3. Amount In Controversy – Rest Breaks ($492,864)

39. In her third cause of action, Plaintiff claims that Defendant's policy and practice was to not authorize or permit off-duty rest breaks as required by law during 12-hours shifts worked by her and others similarly situated. (Complaint, ¶¶ 25-27, 55-56),

40. Plaintiff seeks one hour of pay at the regular rate for each workday on which a rest break was not provided. Cal. Labor Code 226.7; Cal. Code Regs., tit. 8, §11040, ¶12. (Complaint, ¶57).

41. While Defendant disputes these allegations, Defendant assumes 3 alleged missed rest breaks per workweek (less than alleged by Plaintiff) and estimates the amount in controversy as: **$492,864**, computed as 5,134 workweeks x 3 hours/workweek x $32/hour.

### 4. Amount In Controversy—Inaccurate Wage Statements ($458,700)

42. In her sixth cause of action, Plaintiff claims that Defendant failed to provide timely, accurate and itemized wage statements showing total hours worked, gross wages earned, net wages earned and applicable hourly rates. (Complaint, ¶80).

43. Labor Code Section 226(e) provides for a statutory penalty for violations of Labor Code § 226(a)'s wage statement requirements of $50 or actual damages per employee for the initial pay period in which a violation occurs and $100 per employee for each violation in a subsequent pay period, not exceeding an aggregate amount of $4,000 per employee. Cal. Labor Code § 226(a). The statutory period for Labor Code § 226(e) penalties is one year. Cal. Code Civ. Proc. § 340.

44. Defendant denies the validity of Plaintiff's wage statement claim. For purposes of removal only, based on a preliminary review of its records, looking back to October 8, 2020 (taking into account tolling), Defendant has employed at least 278 LVNs for 4,664 pay periods. The average number of pay periods per person is 17, and the resulting amount in controversy is estimated to be **$458,700**, computed as 278 individuals x ([$50 x 1 pay period] + [$100 x 16 pay periods]).

### 5.  Amount In Controversy – Waiting Time Penalties ($3,144,960)

45. In her seventh cause of action, Plaintiff seeks waiting time penalties pursuant to California Labor Code sections 201, 202, and 203. (Complaint, ¶¶ 86-89). The applicable statute of limitations is three years. *Pineda v. Bank of Am., N.A.,* 50 Cal. 4th 1389, 1395 (2010) ("no one disputes that when an employee sues to recover both unpaid final wages and the resulting section 203 penalties, the suit is governed by the same three-year limitations period that would apply had the employee sued to recover only the unpaid wages").

46. The Labor Code's penalty for failure to pay wages at termination is up to 30 days' wages for each employee. Cal. Labor Code § 203(a).

47. Defendant denies the merit of Plaintiff's waiting time penalty claim. But, for purposes of removal only, based on a preliminary review of its records, at least 273 LVNs have separated from Defendant since October 8, 2018. Defendant assumes an average of 12-hour shifts and an average pay rate of $32 per hour, and estimates the amount in controversy as **$3,144,960**, computed as 273 employees x 30 days x 12 hours x $32 per hour, not taking into account any overtime premium.

### 6.  Amount In Controversy – PAGA Penalties ($917,400)

48. In her ninth cause of action, Plaintiff seeks PAGA penalties for alleged underlying violations of the California Labor Code. (Complaint, ¶¶ 100-109). She seeks $100 for each aggrieved employee per pay period for the initial violation and $200 for each aggrieved employee per pay period for each subsequent violation, dating back to October 8, 2020. (Complaint, §103).

49. Defendant disputes entitlement to any PAGA penalties, much less subsequent violation PAGA penalties. Defendant further disputes Plaintiff's claim for stacked PAGA penalties for multiple alleged underlying violations of the California Labor Code.

50. Based on a preliminary review of its records, Defendant has employed at least 278 LVNs for 4,664 workweeks dating back to October 8, 2020, which yields an average of 17 pay periods per person. If Plaintiff were to recover one set of PAGA penalties as alleged by Plaintiff, the estimated amount in controversy for them are **$917,400**, computed for purposes of removal only as 278 individuals x ([$100 x 1 pay period] + [$200 x 16 pay periods]). If Defendant were to assume recovery of more than one set of PAGA penalties, the estimated amount in controversy would be higher.

### 7. Amount In Controversy—Attorneys' Fees and Costs

51. Plaintiff seeks attorneys' fees and costs in her Complaint. (Complaint, at 27). Claims for statutory attorneys' fees are included in the amount in controversy. *E.g., Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005), *cert. denied*, 549 U.S. 822 (2006);

52. The attorneys' fees benchmark in the Ninth Circuit is 25%. *E.g. Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989) ("We note with approval that one court has concluded that the 'bench mark' percentage for the fee award should be 25 percent."); *Lo v. Oxnard Euro. Motors, LLC*, 2012 WL 1932283, at *3 (S.D. Cal. May 29, 2012) (noting that the Ninth Circuit has accepted as a benchmark 25% attorneys' fees awards).

53. Plaintiff has placed an estimated $7,149,668 in controversy. Applying 25% for attorney's fees brings the estimated amount in controversy to **$8,937,085**.

| Cause of Action | Amount in Controversy |
|---|---|
| • Unpaid Wages | $1,642,880 |
| • Meal Periods | $492,864 |
| • Rest Breaks | $492,864 |
| • Wage Statements | $458,700 |
| • Waiting Time Penalties | $3,144,960 |
| • PAGA Penalties | $917,400 |
| Subtotal | $7,149,668 |
| • Attorney's Fees and Costs (25%) | $1,787,417 |
| **Total** | **$8,937,085** |

LITTLER MENDELSON, P.C.
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA 19102.1321
267.402.3000

54. Removal of this action is therefore proper as Plaintiff has put well more than $5 million in controversy.

## VII. CONCLUSION

Because all of the required elements for CAFA jurisdiction are met here, Defendant hereby removes this action from the San Bernardino Superior Court of the State of California to the United States District Court for the Central District of California.

Dated: May 19, 2022

LITTLER MENDELSON, P.C.

*/s/ Martha J. Keon*
Martha J. Keon

Attorneys for Defendant
RCM TECHNOLOGIES (USA), INC.
(sued herein erroneously as "RCM TECHNOLOGIES, INC.")

4893-2217-4752.1 / 090137-1042

LITTLER MENDELSON, P.C.
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA 19102.1321
267.402.3000