Joshua G. Konecky, SBN 182897
jkonecky@schneiderwallace.com
**SCHNEIDER WALLACE**
**COTTRELL KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, California 94608
Tel: (415) 421-7100
Fax: (415) 421-7105

*Attorneys for Plaintiff and the Putative Class*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA GRADY, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>   vs.<br><br>RCM TECHNOLOGIES, INC.,<br><br>        Defendant. | Case No.: 5:22-cv-00842 JLS-SHK<br><br>**SUPPLEMENT TO PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT**<br><br>Complaint Filed: February 7, 2022 |

Pursuant to the Court's Order, dated October 10, 2024 (*ECF 46*), Plaintiff Barbara Grady ("Plaintiff") hereby supplements her Motion for Preliminary Approval of Class Action and PAGA Settlement (*ECF 44*), with true and correct copies of the following:

**Exhibits A and B**:  Amended Joint Stipulation of Class Action and PAGA Settlement and Release (redlined and changes accepted versions); and

**Exhibits C and D:**  Amended Notice of Class Action and PAGA Settlement (redlined and changes accepted versions).


Dated: October 15, 2024        */s/ Joshua G. Konecky*

Joshua G. Konecky
**SCHNEIDER WALLACE COTTRELL KONECKY LLP**
Attorneys for Plaintiff

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 15, 2024, I electronically filed the foregoing document with the Clerk of the Court using the Court's CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants.

*/s/ Joshua G. Konecky*
Joshua G. Konecky

# EXHIBIT A

Joshua Konecky, Bar No. 182897
jkonecky@schneiderwallace.com
Nathan Piller, Bar No. 300569
npiller@schneiderwallace.com
SCHNEIDER WALLACE COTTRELL
KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Telephone:   (415) 421-7100
Facsimile:   (415) 421-7105

Attorneys for Plaintiff BARBARA GRADY

Shannon R. Boyce, Bar No. 229041
sboyce@littler.com
LITTLER MENDELSON
2049 Century Park East, 5th Floor
Los Angeles, California 90067.3107
Telephone:   310.553.0308
Facsimile:   310.553.5583

Attorneys for Defendant
RCM TECHNOLOGIES (USA), INC. (SUED
HEREIN ERRONEOUSLY AS "RCM
TECHNOLOGIES, INC.")

***COUNSEL CONTINUED ON NEXT PAGE***

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

BARBARA GRADY,

       Plaintiff,

v.

RCM TECHNOLOGIES, INC.,

       Defendant.

Case No. 5:22-cv-00842-JLS-SHK

**JOINT STIPULATION OF CLASS ACTION AND PAGA SETTLEMENT AND RELEASE**

1  Martha J. Keon, Bar No. 213771
2  mkeon@littler.com
   **LITTLER MENDELSON, P.C.**
3  Three Parkway
   1601 Cherry Street, Suite 1400
4  Philadelphia, PA 19072
   Telephone:  267-402-3050
5  Facsimile:  267-402-3131
6
   Attorneys for Defendant
7  RCM TECHNOLOGIES (USA), INC.
   (SUED HEREIN ERRONEOUSLY AS
8  "RCM TECHNOLOGIES, INC.")
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- 2 -

JOINT STIPULATION OF CLASS ACTION AND PAGA SETTLEMENT AND RELEASE

**JOINT STIPULATION OF CLASS ACTION AND**
**PAGA SETTLEMENT AND RELEASE**

IT IS HEREBY STIPULATED, by and between Plaintiff BARBARA GRADY ("Plaintiff"), individually and on behalf of others similarly situated, and Defendant RCM TECHNOLOGIES (USA), INC. (erroneously named herein as RCM Technologies, Inc.) ("RCM" or "Defendant") (collectively, the "Parties"), subject to the approval of the Court, that the Action (as defined below) is hereby compromised and settled pursuant to the terms and conditions set forth in this Joint Stipulation of Class Action and PAGA Settlement and Release ("Agreement," "Settlement," or "Stipulation"). The Parties further stipulate that the Court shall make and enter judgment, subject to the continuing jurisdiction of the Court as set forth below, and subject to the definitions, recitals, and terms set forth herein which by this reference become an integral part of this Stipulation.

**DEFINITIONS**

1. "Action" means the putative class and PAGA action entitled *Barbara Grady v. RCM Technologies, Inc.*, United States District Court for the Central District of California, Eastern Division, Case Number 5:22-cv-00842-JLS-SHK (originally filed in Los Angeles Superior Court on or about February 7, 2022 and subsequently removed to United States District Court on or about May 19, 2022), and all pleadings filed therein.

2. "Agreement," "Settlement," or "Stipulation" means this Joint Stipulation of Class Action and PAGA Settlement.

3. "Class Counsel" means ~~Joshua Konecky of~~ Schneider Wallace Cottrell Konecky LLP ~~attorneys Joshua Konecky and Nathan Piller~~.

4. "Class Counsel Award" means the Court-approved attorneys' fees for Class Counsel's litigation and resolution of the Action (not to exceed twenty-five percent [25%] of the Gross Settlement Amount, or Four Hundred Fourteen Thousand Six Hundred and Two Dollars and Fifty Cents ($414,602.50), and the Court approved costs incurred by Class Counsel in connection with this Action (in an amount not to exceed Fifty Thousand Dollars and No Cents ($50,000.00)). Defendant shall not oppose such

an application by Plaintiff for Court approval of attorneys' fees for Class Counsel up to twenty-five percent [25%] of the Gross Settlement Amount, plus reasonable litigation costs in an amount not to exceed Fifty Thousand Dollars and No Cents ($50,000.00). The Settlement is not contingent on the Court awarding the maximum attorneys' fees and costs that may be sought, or on its awarding of any particular amount.

5.    "Class Data" or "Class Lists" means information regarding Class Members that Defendant shall in good faith compile from its records and shall be authorized by the Court to transmit in a secure manner to the Settlement Administrator within fourteen (14) calendar days of preliminary approval.   Class Data shall be transmitted by Defendant in Microsoft Excel format and shall include each Class Member's: (i) full name; (ii) last known address; (iii) Social Security number; (iv) the number of Workshifts (as defined herein) worked for Defendant as a Class Member; and (v) the number of Workshifts (as defined herein) worked for Defendant as a PAGA Member.

6.    "Class," "Class Members," or "Settlement Class" means:  All current and former non-exempt employees of Defendant who were nurses assigned by Defendant to staff COVID-19 testing and/or vaccination sites for San Bernardino County (including assignments at San Bernardino County's Arrowhead Regional Medical Center), and at K-12 schools for Los Angeles Unified School District (LAUSD), or Ginkgo Concentric (Ginkgo)  during the Class Period and who do not submit a timely and valid request for exclusion from the settlement.   Defendant's good faith and diligent research of its records shows approximately 382 Class Members assigned to work for San Bernardino County, 109 assigned at the LAUSD K-12 schools, and 612 assigned at Ginkgo Concentric K-12 schools, with 6 of the Class Members working for more than one client, resulting in a total number of 1,097 Class Members.

7.    "Class Period" shall be March 1, 2020 through March 7, 2023.

8.    "Class Representative Service Award" means the Court-approved amount to be paid to Plaintiff in an amount of up to Five Thousand Dollars and No Cents ($5,000.00).  Defendant will not oppose such application.

JOINT STIPULATION OF CLASS ACTION AND PAGA SETTLEMENT AND RELEASE

9.    "Court" shall mean the United States District Court and such other court as may be presiding over this Action.

10.    "Defense Counsel" means Martha Keon and Shannon R. Boyce of Littler Mendelson P.C.

11.    "Effective Date" means the date this Agreement is approved as provided herein and the Court's order granting Final Approval and entry of Judgment or Dismissal becomes final and is no longer appealable.  For purposes of this Agreement, "becomes final and is no longer appealable" shall mean the later of: (a) the day after the last date by which a notice of appeal to the Ninth Circuit of the order and judgment finally approving this Agreement may be timely filed and none is filed (i.e., 31 days from notice of entry of judgment); (b) if an appeal is filed, and the appeal is finally disposed of by ruling, dismissal, denial, or in a any other manner that confirms the validity of the order and judgment, the day after the last date for filing a request for further review of the order and judgment approving this Agreement passes, and no further review is requested; or (c) if an appeal is filed and the order approving this Agreement is affirmed and further review of the order is requested, the day after the review is finally resolved and the order and judgment approving this Agreement is affirmed.

12.    "Employer's Share of Payroll Taxes" means Defendant's respective portions of payroll taxes, including, but not limited to FICA and FUTA, on the portion of the Individual Settlement Award that is designated as wages.

13.    "Final Approval Hearing" means the hearing to be conducted by the Court after the filing by Plaintiff of an appropriate motion and following appropriate notice to Class Members giving Class Members an opportunity to request exclusion from the Settlement Class and Settlement and to object to the Settlement, at which time Plaintiff shall request that the Court finally approve the Settlement, enter the Final Order and Judgment, and take other appropriate action.

14.    "Final Order and Judgment" means the order and judgment to be entered by the Court upon granting final approval of the Settlement and this Stipulation of Settlement as

JOINT STIPULATION OF CLASS ACTION AND PAGA SETTLEMENT AND RELEASE

binding upon the Parties and Participating Class Members.  A proposed Final Order and Judgment shall be mutually agreed upon by the Parties and submitted to the Court concurrently with Plaintiff's Motion for Final Approval of the Settlement.

15. "Gross Settlement Amount" or "GSA" means the total amount Defendant shall pay in connection with this Settlement, which shall be inclusive of the Net Settlement Amount, the Class Counsel Award, the Class Representative Service Award, PAGA Payment, and Settlement Administration Costs.  Subject to Court approval and the terms of this Stipulation of Settlement, the GSA shall be One Million Six Hundred Fifty Eight Thousand Four Hundred Ten Dollars and No Cents ($1,658,410.00), plus any additional amount required by the Escalator Clause at Paragraph 63 below, should that clause be triggered.  The Gross Settlement Amount does not include Defendant's respective shares of payroll taxes for the Individual Settlement Award payments, which shall be paid separately from, and in addition to, the GSA.

16. "Individual PAGA Payment" means the amount payable from the PAGA Payment to each PAGA Member.

17. "Individual Settlement Award" means the amount payable from the Net Settlement Amount to each Participating Class Member.

18. "Net Settlement Amount" or "NSA" means the Gross Settlement Amount, less the Class Counsel Award, Class Representative Service Award, PAGA Payment, and Settlement Administration Costs.

19. "Notice of Objection" means a Class Member's objection to the Settlement.  To be valid, an objection must (a) be in writing; (b) be signed or e-signed by the Class Member; (c) be returned by e-mail, fax, or mail to the Settlement Administrator at the specific address and/or facsimile number in the Settlement Notice; (d) clearly state that the Class Member objects to the settlement and the grounds for the objection; (e) be emailed, faxed, or postmarked on or before the Response Deadline, and (f) include the objector's full name, signature, address, telephone number, and the last four digits of his/her Social Security number. The date of the e-mail, fax, or postmark on the return

JOINT STIPULATION OF CLASS ACTION AND PAGA SETTLEMENT AND RELEASE

mailing envelope will be the exclusive means to determine whether a Notice of Objection has been timely submitted. At no time shall any of the Parties, Class Counsel, or Defense Counsel seek to solicit or otherwise encourage or discourage Class Members from submitting a Notice of Objection or filing an appeal from the Final Order and Judgment. Non-Participating Class Members (*i.e.,* Class Members who submit valid Requests for Exclusion) may not submit an Objection to the Settlement.  If a Class Member submits both a Request for Exclusion and an Objection, the Request for Exclusion will be deemed controlling.

20.  "PAGA Members" or "PAGA Class" means:  The subset of Class Members who worked for Defendant during the PAGA Period.

21.  "PAGA Notice" means the July 22, 2021 letter that Class Counsel sent to the California Labor Workforce Development Agency ("LWDA"), on behalf of Plaintiff, pursuant to Labor Code §2699.3(a)/(c) seeking to exhaust Plaintiff's administrative remedies under the Labor Code Private Attorneys General Act of 2004 ("PAGA"), Cal. Lab. Code §§2698, *et seq.*

22.  "PAGA Payment" means the amount of One Hundred Sixty Five Thousand Eight Hundred and Forty One Dollars  ($165,841.00), subject to Court approval, to be paid from the Gross Settlement Amount for satisfaction of Plaintiff and Class Members' claims under the California Private Attorneys' General Act of 2004, California Labor Code sections 2698, *et seq.* ("PAGA"). Pursuant to the PAGA, seventy five percent (75%) of the PAGA Payment, or One Hundred Twenty Four Thousand Three Hundred and Eighty Dollars and Seventy Five Cents ($124,380.75), will be paid to the LWDA and twenty five percent (25%), or Forty One Thousand Four Hundred and Sixty Dollars and Twenty Five Cents ($41,460.25), will be distributed as the Individual PAGA Payments to Class Members.

23.  "PAGA Period" shall be July 22, 2020 through March 7, 2023.

24.  "PAGA Release" or "PAGA Released Claims" means the release by all PAGA Members for all claims for civil penalties under PAGA that arise out of or relate

JOINT STIPULATION OF CLASS ACTION AND PAGA SETTLEMENT AND RELEASE

to alleged violations of California Labor Code §§ 201-204, 221-223, 226, 226.7, 510, 512, 1174, 1174.5, 1194, and 1198; and California Code of Regulations, Title 8 § 11040 §§ 3 & 7, 11-12, and under Business & Professions Code §§ 17200-17208, as pled in the PAGA Notice and Class Action and PAGA Complaint, during the PAGA Period.  In light of the binding nature of a PAGA judgment on non-party employees pursuant to *Arias v. Superior Ct. (Dairy)*, 46 Cal. 4th 969 (2009), Class Members employed by Defendant who exclude themselves from this Settlement shall still receive an Individual PAGA Payment directly from the Settlement Administrator for the amount of each such individual's estimated share of the PAGA Payment as calculated by the Settlement Administrator, and shall not be able to object to or exclude themselves from releasing the PAGA Released Claims against Defendant (*i.e.*, PAGA Members, as defined above).

25. "Participating Class Members" means Plaintiff and all other Class Members who do not submit a valid and timely Request for Exclusion, as well as PAGA Members.

26. "Preliminary Approval Order" means the order to be issued by the Court approving and authorizing the mailing and emailing of the Settlement Notice by the Settlement Administrator, setting the date of the Final Approval Hearing and granting preliminary approval of the Settlement set forth in this Stipulation of Settlement, among other things. A proposed Preliminary Approval Order shall be mutually agreed upon by the Parties and submitted to the Court concurrently with Plaintiff's Motion for Preliminary Approval of the Settlement.

27. "Released Claims" includes all claims under state or local law, whether statutory, common law, or administrative law, whether in law or equity, for the claims that were pled in the Complaint, based on or arising out of the factual allegations therein, during the Class Period, including: (a) all claims for failure to pay minimum wages under Cal. Labor Code §§ 204, 1194, 1194.2, and 1198; (b) all claims for failure to pay overtime wages under Cal. Labor Code §§ 204, 510, 1194, and 1199; (c) all claims for failure to authorize and permit required rest breaks under Cal. Labor Code §§ 226.7 and 512 and the applicable IWC Wage Orders; (d) all claims for failure to provide required

JOINT STIPULATION OF CLASS ACTION AND PAGA SETTLEMENT AND RELEASE

meal periods under Cal. Labor Code §§ 226.7 and 512 and the applicable IWC Wage Order; (e) all claims for failure to maintain accurate employment records under Cal. Labor Code §§ 1174 and 1174.5; (f) all claims for failure to timely pay wages during employment under Cal. Labor Code §§ 204, 210(a), and 216; (g) all claims for failure to pay all wages earned and unpaid at separation under Cal. Labor Code §§ 201-203; (h) all claims for failure to furnish accurate itemized wage statements under Cal. Labor Code §§ 226; (i) violation of California's Unfair Competition Law, Cal. Bus. & Professions Code §§ 17200, *et seq.*; and (j) civil penalties under the Private Attorneys General Act (California Labor Code sections 2698, *et seq.*, including incorporated or related claims based on alleged violations of California Labor Code §§ 201-204, 221-223, 226, 226.7, 510, 512, 1174, 1174.5, 1194, and 1198; and California Code of Regulations, Title 8 § 11040 §§ 3 & 7, 11-12, and under Business & Professions Code §§ 17200-17208).

28. "Released Parties" means Defendant and its affiliated companies, owners, parents, members, subsidiaries, related companies and business concerns, past and present, including successors and predecessors, and each of them, as well as each of their clients for whom Class Members performed services, insurers, partners, trustees, directors, shareholders, officers, agents, attorneys, servants and employees, past and present, and each of them.

29. "Request for Exclusion" means a written statement submitted by a Class Member indicating a request to be excluded from the Settlement. The Request for Exclusion must be in writing and (i) be signed or e-signed by the Class Member; (ii) contain the name, address, telephone number, and the last four digits of the Social Security number of the Class Member requesting exclusion; (iii) clearly state that the Class Member does not wish to be included in the Settlement; (iv) be returned by e-mail, fax, or mail to the Settlement Administrator at the specific email address, mailing address, and/or facsimile number; and (v) be e-mailed, faxed, or postmarked on or before the Response Deadline. The date of the e-mail, fax, or postmark on the return mailing envelope will be

the exclusive means to determine whether a Request for Exclusion has been timely submitted. A Class Member who does not request exclusion from the Settlement will be deemed a Participating Class Member and will be bound by all terms of the Settlement, if the Settlement is granted final approval by the Court. Any Class Member who validly requests to be excluded from the Settlement will no longer be a member of the Settlement Class and will not have any right to object, appeal, or comment on the Settlement, but will remain as PAGA Member(s), and will receive an Individual PAGA Payment for the PAGA Released Claims if he or she is a PAGA Member. No later than ten (10) calendar days after the Response Deadline, the Settlement Administrator shall provide Class Counsel and Defense Counsel with a complete list of all Class Members who submitted a timely and valid Request for Exclusion.

30. "Response Deadline" means the deadline by which Class Members must e-mail, fax, or mail to the Settlement Administrator a valid Request for Exclusion, Notice of Objection, or Workshift Dispute. The Response Deadline will be forty-five (45) calendar days from the later of the initial mailing or emailing of the Settlement Notices by the Settlement Administrator unless the 45th day falls on a Sunday or Federal holiday, in which case the Response Deadline will be extended to the next day on which the U.S. Postal Service is open. The Response Deadline may also be extended by express agreement between Class Counsel and Defense Counsel. Under no circumstances, however, will the Administrator have the unilateral authority to extend the deadline for Class Members to submit a Request for Exclusion, Notice of Objection, or Workshift Dispute to the settlement.

31. "Settlement" means the final and complete disposition of the Action pursuant to this Stipulation of Settlement.

32. "Settlement Administrator" or "Administrator" means JND Legal Administration, the third-party settlement administrator agreed to by the Parties, to be approved by the Court for purposes of administering this settlement. The Parties each represent that they will not have any financial interest in the Settlement Administrator

10

JOINT STIPULATION OF CLASS ACTION AND PAGA SETTLEMENT AND RELEASE

or otherwise have a relationship with the Settlement Administrator that could create a conflict of interest.

33. "Settlement Administration Costs" means the reasonable costs and fees of administering the Settlement to be paid from the Gross Settlement Amount, which are currently estimated not to exceed $~~33,000~~39,220, exclusive of a second and/or third distribution pursuant to Paragraph 61(g)(1) & (2) (the final amount subject to reasonable adjustment based on particularities of the settlement administration and Court approval), including, but not limited to: (i) printing, emailing ~~(where applicable),~~, mailing and re-mailing (if necessary) of Settlement Notices to Class Members; (ii) preparing and submitting to Class Members and government entities all appropriate tax filings and forms; (iii) computing the amount of and distributing Individual Settlement Awards, the Class Representative Service Award, and the Class Counsel Award; (iv) processing and validating Requests for Exclusion; (v) establishing a Qualified Settlement Fund, as defined by the Internal Revenue Code; (vi) calculating and remitting to the appropriate government agencies all employer and employee payroll tax obligations arising from the Settlement and preparing and submitting filings required by law in connection with the payments required by the Settlement; (vii) transmitting uncashed Individual Settlement Award payments to the designated and Court-approved *cy pres* beneficiary; and (viii) printing and mailing of all mandated Class Action Fairness Act (CAFA) Settlement Notices.

34. "Settlement Notice" means the Notice of Class Action Settlement, substantially in the form attached as **Exhibit 1**, which shall be subject to Court approval and which the Settlement Administrator shall mail (and email~~, where applicable~~) to each Class Member containing: (i) information regarding the nature of the Action; (ii) a summary of the Settlement's principal terms; (iii) the Class definitions; (iv) the total number of Workshifts the respective Class Member worked for Defendant during the Class Period and PAGA Period (according to Defendant's best available records, and as further set forth in the definition of "Workshifts" herein); (v) the Class Member's estimated Individual

Settlement Award, as well as the formula for calculating the Individual Settlement Award; (vi) the dates which comprise the Class and PAGA Periods; (vii) instructions on how to submit disputes regarding Workshifts, Requests for Exclusion, and/or Notices of Objection; (viii) the Response Deadline; and (ix) the claims to be released pursuant to the Settlement of the Action.

35.  "Workshifts" means the number of shifts worked by each Class Member for Defendant as a non-exempt nurse  assigned to work at COVID-19 testing and/or vaccination sites for San Bernardino County (including Arrowhead Regional Medical Center), or K-12 schools for LAUSD or Ginkgo in California during the Class Period (or, where used as part of the PAGA Payment calculation, during the PAGA Period). For purposes of payment, a Workshift shall be defined as any discrete period of time in a day during which the Class Member worked.  If there are two or more consecutive hours of time during which the Class Member is completely relieved of duty between periods of work time, then each period of work time will be considered a separate Workshift.  To the extent Defendant does not have information about shifts worked readily available due to gaps in electronic or paper time records, Defendant shall use its best available information, including extrapolations where necessary, to compute actual Workshifts, and shall provide that information to the Settlement Administrator.

36.  "Workshift Dispute" means a written statement that a Class Member disputes the number of Workshifts, as defined herein, and/or dates of employment, listed on his/her Settlement Notice.  Any such Workshift Dispute must be e-mailed, faxed or mailed to the Settlement Administrator by the Response Deadline. The date of the e-mail, fax, or postmark on the mailing envelope will be the exclusive means to determine whether a Workshift Dispute has been timely submitted. A valid Workshift Dispute must be in writing and contain: (i) the Class Member's full name, signature, address, telephone number, and the last four digits of his/her Social Security number; (ii) the number of Workshifts the Class Member contends is correct; and (iii) any evidence supporting his/her contention. The dates of employment identified for each Class Member in the applicable

Class Lists and the number of Workshifts for each Class Member as defined herein will be presumed to be correct, unless a particular Class Member demonstrates otherwise to the Settlement Administrator by credible evidence. All Workshift Disputes will be resolved and decided by the Settlement Administrator, with consultation with Defense Counsel and Class Counsel as appropriate. If the Workshift Dispute cannot be resolved by the Settlement Administrator, then it shall be resolved by the Court.

37. "Workshift Value" means the value of each compensable Workshift, as determined by the formula set forth herein.

## **RECITALS**

38. This Settlement is made and entered into by and between Plaintiff and Defendant, and is subject to the terms and conditions hereof, and to the Court's approval. The Parties expressly acknowledge that this Agreement is entered into solely for the purpose of compromising significantly disputed claims and that nothing herein is an admission of liability or wrongdoing by Defendant or the other Released Parties. The Released Parties deny that they are liable to Plaintiff or the Class Members and deny that they have violated any law.

39. Pleading History.

    a. On July 22, 2021, Plaintiff submitted the PAGA Notice to the LWDA for the purpose of complying with California Labor Code § 2699.3's notice requirement.

    b. Thereafter, the parties entered into a tolling agreement under which Defendant agreed to toll the statute of limitation effective October 8, 2021, on all claims based on alleged off-the-clock or meal or rest period violations under the California Labor Code, California Industrial Welfare Commission Wage Orders or Section 17200 of the California Business and Professions Code asserted on behalf of Plaintiff, the Class Members, and the aggrieved employees alleged herein. The purpose of the tolling agreement was to facilitate settlement discussions; however, the parties did

not resolve the claims and Plaintiff thereafter provided notice to Defendant that she would file a class action complaint.

    c. On February 7, 2022, Plaintiff filed a class action and PAGA lawsuit in the Superior Court for the State of California, County of San Bernardino.

    d. On May 19, 2022, Defendant filed a Notice of Removal to the United States District Court, Central District of California.

40. <u>Investigation</u>. Plaintiff's counsel diligently investigated the proposed Class Members' claims against Defendant, including applicable defenses and the applicable law, through the exchange of informal discovery and legal argument. After Plaintiff filed the Complaint, the Parties agreed to participate in an initial mediation.

41. <u>Document Production</u>. Before and in connection with the mediation, Defendant produced documents for Plaintiff's review. The documents included the written information and instructions provided to nurses concerning timecard completion, timecard protocol, and meal break requirements and procedures. They also included Defendant's Travel Assignment Contract for nurses in California, which also showed Defendant's policies regarding hourly pay, recording hours worked, and meal and rest periods. Additionally, Defendant produced a copy of Defendant's mandatory arbitration agreement, which contains a class and collective action waiver, among other provisions.

42. <u>Data Production</u>. Defendant also produced data showing the following information for each putative class member: (a) the job title of the nurse; (b) the date of each Workshift; (b) the hours clocked-in for each Workshift; (c) the hourly pay rate paid for each Workshift; (d) the location of the assignment for each Workshift; and (e) the type of service corresponding to each Workshift (e.g. COVID-19 testing and/or vaccination, hospital work, school services, etc.) Defendant also provided workweek information from which the number of wage statements issued to each Class Member could be calculated.

43. After the initial mediation, Defendant also provided confirmatory discovery regarding the data sources for the composition of the class list, hours worked and shift

counts; meal and rest period premium totals; additional information regarding client types including assignments on which RCM was the subcontractor for another professional staffing agency; and additional timekeeping and meal and rest break policies.

44. This foregoing production of documents and data allowed Plaintiff to conduct an exposure analysis.

45. <u>First Mediation</u>. On December 7, 2022, Defendant and Plaintiff participated in a full-day mediation with Michael Loeb, Esq. That evening, Mr. Loeb issued a mediator's proposal. The Parties accepted the mediator's proposal; however, the Court denied approval of the settlement.

46. <u>Discovery</u>. Following the initial mediation, the parties engaged in substantial written discovery, additional data production and depositions. Defendant produced additional documents and data beyond what was earlier produced. This consisted of class member contact information and additional policies and additional procedures applicable to California placements during the putative class period, as well as timecards, acknowledgments of timekeeping, meal period and rest break policies, signed meal period waivers, and arbitration agreements. Plaintiff also propounded, and Defendant answered, interrogatories regarding the breakdown of assignment types and work settings for Class Members, including related information pertaining to that breakdown. Defendant also supplemented information produced previously in the case showing, by employee ID, the daily work hours recorded, the type of service being provided, the applicable wage rates, and related information. Defendant took the deposition of the named Plaintiff. Plaintiff took the deposition of Defendant's Director of National Recruiting, and the deposition of Defendant's 30(b)(6) designee on topics including: the work assignments, settings, and job duties of the putative class members; the policies, procedures, and practices pertaining to meal and rest periods; the policies, procedures, and practices pertaining to wages and compensation of putative class members; and the policies, procedures, and practices pertaining to approval and/or payment of overtime

and double time, amongst other topics.  Plaintiff also interviewed putative class members and collected signed declarations.  On June 21, 2024, Plaintiff filed a motion for class certification.

47.  <u>Second Mediation</u>.  Informed by this further investigation and discovery, the Parties engaged in a second day-long mediation on July 2, 2024, with mediator Michael Loeb.  That evening, Mr. Loeb issued a mediator's proposal settling the case as to a narrower class, shorter class period, and higher per class member recovery than under the previous settlement agreement, which the Parties accepted.

48.  <u>Benefits of Settlement to Plaintiff and the Class Members</u>.  Plaintiff and Class Counsel recognize the expense and length of continued proceedings necessary to litigate Plaintiff's disputes in the Action through trial and through any possible appeals.  Plaintiff also has taken into account the uncertainty and risks of the outcome of further litigation, and the difficulties and delays inherent in such litigation.  Plaintiff and Class Counsel are also aware of the burdens of proof necessary to establish liability for the claims asserted in the Action, both generally and in response to Defendant's defenses thereto, and the risks and uncertainties in establishing damages, penalties, restitution, and other relief sought in the Action.  Plaintiff and Class Counsel also have taken into account Defendant's agreement to enter into a settlement that confers substantial benefits upon the Class Members. Based on the foregoing, Plaintiff and Class Counsel have determined that the Settlement set forth in this Stipulation of Settlement is fair, adequate, and reasonable and is in the best interests of all Class Members.

49.  <u>Defendant's Position</u>.  Defendant has concluded that further defense of the Action would be protracted and expensive.  Substantial amounts of Defendant's time, energy, and resources have been, and unless this Settlement is completed, shall continue to be, devoted to the defense of the claims asserted by Plaintiff.  Defendant has also taken into account the risks of further litigation in reaching its decision to enter into this Settlement.  Defendant denies Plaintiff's allegations, and will stipulate for settlement purposes only that Plaintiff is a suitable class representative or aggrieved employee, and

JOINT STIPULATION OF CLASS ACTION AND PAGA SETTLEMENT AND RELEASE

reserves all rights in the event this settlement is not approved, including the right to contest suitability for class certification on any basis. This Stipulation of Settlement is a compromise of disputed claims. Nothing contained in this Stipulation of Settlement, no documents referred to herein, and no action taken to carry out this Stipulation of Settlement, shall be construed or used as an admission by or against Defendant as to the merits or lack thereof of the claims asserted in the Action. In the event this Settlement does not obtain final approval, Defendant retains all rights to defend itself in this matter and to take any actions in defense of itself that are available to Defendant.

## **CLASS CERTIFICATION**

50. Solely for purposes of settling the Action, and not for purposes of class certification should the Settlement not be approved or for any other reason, the Parties stipulate and agree that the requisites for establishing class certification with respect to the Settlement Class have been met and are met. More specifically, for purposes of settlement only, the Parties stipulate and agree that:

a. The Settlement Class is ascertainable and so numerous as to make it impracticable to join all Class Members;

b. There are common questions of law and fact;

c. Plaintiff's claims are typical of the claims of the Class Members;

d. Plaintiff and Class Counsel will fairly and adequately protect the interests of the Class Members;

e. The prosecution of separate actions by individual Class Members would create the risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct; and

f. Questions of law and fact common to the Class Members predominate over any questions affecting any individual Class Member, and a class action is superior to other available means for the fair and efficient adjudication of the controversy.

- 17 -

JOINT STIPULATION OF CLASS ACTION AND PAGA SETTLEMENT AND RELEASE

51. Should this Settlement not be finally approved or be terminated, all stipulations set forth in the immediately preceding Paragraph shall be null and void and shall not be admissible for any purpose whatsoever.

## TERMS OF SETTLEMENT

NOW THEREFORE, in consideration of the mutual covenants, promises, and agreements set forth herein, the Parties agree, subject to the Court's approval, as follows:

52. <u>Binding Settlement</u>.  This Settlement shall bind the Parties, all Participating Class Members, and PAGA Members, subject to the terms and conditions hereof and the Court's approval.

53. <u>Settlement Consideration.</u> Defendant shall pay the sum of the Gross Settlement Amount of One Million Six Hundred Fifty Eight Thousand Four Hundred Ten Dollars ($1,658,410.00), plus any amount required by the Escalator Clause at Paragraph 68 below, if that clause is triggered, as specified in this Agreement in full satisfaction of all claims arising from the Action, which shall be used to pay: (1) Individual Settlement Payments; (2) Class Counsel Award; (3) Class Representative Service Award; (4) Settlement Administration Costs to the Settlement Administrator; and (5) the PAGA Settlement Amount (including LWDA payment). The Parties agree that this is a non-reversionary Settlement and that no portion of the Gross Settlement Amount shall revert to Defendant.  With the express exception of employer-side payroll taxes to be paid by Defendant, in no event will Defendant, or any of the Released Parties be required to pay more than the Gross Settlement Amount.

54. <u>PAGA Settlement Amount</u>. Subject to Court approval, the Parties agree that the amount of One Hundred Sixty Five Thousand Eight Hundred and Forty One Dollars ($165,841.00) of the Gross Settlement Amount shall be designated for satisfaction of claims for civil penalties under the PAGA. The Settlement Administration shall pay seventy-five percent (75%) of the PAGA Settlement Amount, i.e., the sum of One Hundred Twenty Four Thousand Three Hundred and Eighty Dollars and Seventy Five Cents ($124,380.75), to the LWDA. The remaining twenty-five percent (25%), i.e., the

18

sum of Forty One Thousand Four Hundred and Sixty Dollars and Twenty Five Cents ($41,460.25), shall be part of the Net Settlement Amount to be distributed to PAGA Members — as per this Agreement.

55. <u>Tax Liability</u>.  The Parties make no representations as to the tax treatment or legal effect of the payments specified herein, and Participating Class Members and PAGA Members are not relying on any statement or representation by the Parties, Class Counsel or Defense Counsel in this regard.  Participating Class Members and PAGA Members, as well as Class Counsel, understand and agree that they shall be solely and legally responsible for the payment of all applicable taxes and penalties assessed on the payments specified herein.

56. <u>Circular 230 Disclaimer</u>.   The Parties acknowledge and agree that (i) no provision of this Stipulation of Settlement, and no written communication or disclosure between or among the Parties, Class Counsel or Defense Counsel and other advisers, is or was intended to be, nor shall any such communication or disclosure constitute or be construed or be relied upon as, tax advice within the meaning of United States Treasury Department Circular 230 (31 CFR Part 10, as amended); (ii) the acknowledging party (a) has relied exclusively upon his, her, or its own, independent legal and tax counsel for advice (including tax advice) in connection with this Stipulation of Settlement, (b) has not entered into this Stipulation of Settlement based upon the recommendation of any other party or any attorney or advisor to any other party, and (c) is not entitled to rely upon any communication or disclosure by any attorney or adviser to any other party to avoid any tax penalty that may be imposed on the acknowledging party; and (iii) no attorney or adviser to any other party has imposed any limitation that protects the confidentiality of any such attorney's or adviser's tax strategies (regardless of whether such limitation is legally binding) upon disclosure by the acknowledging party of the tax treatment or tax structure of any transaction, including any transaction contemplated by this Stipulation of Settlement.

JOINT STIPULATION OF CLASS ACTION AND PAGA SETTLEMENT AND RELEASE

57. <u>Preliminary Approval of Settlement</u>. Class Counsel will reserve a date for a hearing on Plaintiff's Motion for Preliminary Approval to take place at a time mutually agreed to by the Parties so that the Parties may request provisional certification of the Settlement Classes for settlement purposes only and the setting of a Final Approval Hearing date.  The Parties agree to work diligently and cooperatively to have this Settlement presented to the Court for preliminary approval.  Plaintiff shall provide Defense Counsel with a reasonable opportunity to review and provide comments on the draft Preliminary Approval pleadings, including the proposed Order, prior to Plaintiff submitting the Motion for Preliminary Approval to the Court.

58. <u>Release by All Participating Class Members</u>.  All Participating Class Members, including Plaintiff, shall be deemed to have released their respective Released Claims against the Released Parties upon the date on which the payment of the Gross Settlement Amount is made by Defendant.  Plaintiff and Class Members who do not submit a valid Request for Exclusion will be deemed to have fully, finally and forever released, settled, compromised, relinquished, and discharged with respect to all of the Released Parties for any and all Released Claims that accrued during the Class Period. Each Participating Class Member (*i.e.*, each Class Member who has not submitted a valid Request for Exclusion) fully releases and discharges the Released Parties as to all Released Claims during the Class Period.

59. <u>PAGA Release by LWDA and All PAGA Members</u>.  All PAGA Members, including Plaintiff, and the LWDA, shall be deemed to have released their respective PAGA Released Claims against the Released Parties upon the date on which the payment of the Gross Settlement Amount is made by Defendant.  It is understood that Class Members and PAGA Members will not have the opportunity to request exclusion from, or object to, the PAGA Release.  Further, all Class Members, the LWDA, and PAGA Members are bound by the PAGA Release regardless of whether they cash and/or otherwise negotiate an Individual PAGA Payment.

- 20 -

60. <u>Additional Release and Waiver of Claims by Plaintiff</u>. In addition to the release of Released Claims and PAGA Released Claims against the Released Parties, as set forth above, Plaintiff, in her individual capacity, agrees to release the Released Parties from any and all claims, known and unknown, under federal, state and/or local law, statute, ordinance, regulation, common law, or other source of law, arising as of the date of execution of this Agreement including but not limited to claims arising from or related to her employment with Defendant and her compensation while an employee of Defendant ("Plaintiff's Released Claims"). Plaintiff's Released Claims include all claims, whether known or unknown. Even if Plaintiff discovers facts in addition to or different from those that she now knows or believes to be true with respect to the subject matter of Plaintiff's Released Claims, those claims will remain released and forever barred. To effect a full and complete general release as described above, Plaintiff expressly waives and relinquishes all rights and benefits of section 1542 of the Civil Code of the State of California, and does so understanding and acknowledging the significance and consequence of specifically waiving section 1542. Section 1542 of the Civil Code of the State of California states as follows:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Thus, notwithstanding the provisions of Section 1542, and to implement a full and complete release and discharge of the Released Parties, Plaintiff expressly acknowledges this Stipulation of Settlement is intended to include in its effect, without limitation, all claims Plaintiff does not know or suspect to exist in Plaintiff's favor at the time of signing this Stipulation of Settlement, and that this Stipulation of Settlement contemplates the extinguishment of any such claims. Plaintiff warrants that she has read this Stipulation of Settlement, including this waiver of California Civil Code section 1542, and that Plaintiff has consulted with or had the opportunity to consult with counsel of Plaintiff's choosing

about this Stipulation of Settlement and specifically about the waiver of section 1542, and that Plaintiff understands this Stipulation of Settlement and the section 1542 waiver, and so Plaintiff freely and knowingly enters into this Stipulation of Settlement. Plaintiff further acknowledges that Plaintiff later may discover facts different from or in addition to those Plaintiff now know or believe to be true regarding the matters released or described in this Stipulation of Settlement, and even so Plaintiff agrees that the releases and agreements contained in this Stipulation of Settlement shall remain effective in all respects notwithstanding any later discovery of any different or additional facts. Plaintiff expressly assumes any and all risk of any mistake in connection with the true facts involved in the matters, disputes, or controversies released or described in this Stipulation of Settlement or with regard to any facts now unknown to Plaintiff relating thereto.

61. <u>Settlement Administration</u>.

a.   Within fourteen (14) calendar days of entry of the Preliminary Approval Order, Defendant shall provide the Settlement Administrator with the Class List for purposes of emailing (where applicable) and mailing the Settlement Notices to Class Members.  No later than three (3) business days after receipt of the Class Data, the Settlement Administrator shall notify Class Counsel that the list has been received and state the number of Class Members and Workshifts in the Class Data.  The Administrator must maintain the Class List as private and confidential, use the Class List only for purposes of this Settlement, and restrict access to the Class List to Administrator employees who need access to the Class Data. However, the Administrator may share an individual Class Member's Class Data with both RCM Counsel and Class Counsel simultaneously (and in no event share only with Class Counsel) in response to affirmative outreach from the individual Class Member and only the amount of that Class Member's Class Data as is necessary to resolve the issue and as necessary for Class Counsel to fulfill their duties to the Class with respect to this Settlement. Class Counsel shall not use Class Data to solicit clients or for any reason other than the administration of the Settlement. Defendant has a continuing duty to immediately notify the

22

JOINT STIPULATION OF CLASS ACTION AND PAGA SETTLEMENT AND RELEASE

Administrator and Class Counsel if it discovers that the Class Data omitted a Class Member and to provide corrected Class Data as soon as reasonably feasible. Without any extension of the deadline by which Defendant must send the Class Data to the Administrator, the Parties and their counsel will expeditiously use best efforts, in good faith, to reconstruct or otherwise resolve any issues related to missing or omitted Class Data.

       i.     <u>Notice by email and First Class U.S. Mail</u>.  Upon receipt of the Class List, the Settlement Administrator shall perform a search based on the National Change of Address Database maintained by the United States Postal Service to update and correct any known or identifiable address changes.  Within fourteen (14) calendar days after receiving the Class List from Defendant as provided herein, the Settlement Administrator shall ~~mail~~send copies of the Settlement Notice to all Class Members via regular First-Class U.S. Mail~~,~~ and email ~~the Settlement Notice~~ to all Class Members for whom Defendant possesses an email address. The Settlement Administrator shall exercise its best judgment to determine the current mailing address for each Class Member. The address identified by the Settlement Administrator as the current mailing address shall be presumed to be the most current mailing address for each Class Member.  The Parties agree that this procedure for notice complies with due process.

       ii.    <u>Undeliverable Settlement Notices</u>.  Any Settlement Notice returned to the Settlement Administrator as non-deliverable on or before the Response Deadline shall be re-mailed to the forwarding address affixed thereto within three (3) business days of receipt of the returned Settlement Notice by the Settlement Administrator.  If no forwarding address is provided, the Settlement Administrator shall attempt to determine a correct address by the use of skip-tracing, or other type of automated search, using the name, address and/or Social Security number of the Class Member involved, and shall then perform a re-mailing to the Class Member whose Settlement Notice was returned as non-deliverable within five (5) calendar days of receipt of the returned Settlement Notice by the Settlement Administrator, assuming another mailing address is identified by the

23

JOINT STIPULATION OF CLASS ACTION AND PAGA SETTLEMENT AND RELEASE

Settlement Administrator. Class Members who are sent a re-mailed Settlement Notice shall have their Response Deadline extended by the number of calendar days that elapsed from the date that the Class Member's original Settlement Notice was mailed to the date the Settlement Administrator re-mails the Settlement Notice.   In the event a re-mailed Settlement Notice is returned as undeliverable without a forwarding address and the Settlement Administrator cannot verify a correct address for the Class Member even through skip-tracing, the Parties will make reasonable efforts to search for a current email address for the Class Member and, if one is located, provide it to the Settlement Administrator to send the Settlement Notice to the Class Member.  If these procedures are followed, notice to Class Members shall be deemed to have been fully satisfied, and if the intended recipient of the Settlement Notice does not receive the Settlement Notice, the intended recipient shall nevertheless remain a Class Member and shall be bound by all terms of the Settlement and the Final Order and Judgment.

iii.    <u>Settlement Website</u>.  From the date on which the Settlement Notice is first mailed <u>or emailed</u> pursuant to Section 61(a)(i), above, until the date on which the final Settlement Awards and Individual PAGA Payments are sent to Participating Class Members, the Settlement Administrator shall host an informational settlement website. The settlement website will contain the Settlement Notice, Settlement Agreement, Motion for Preliminary Approval of the Settlement Agreement, and Motion for Attorneys' Fees and Costs and Service Award.  The parties will agree upon a neutrally worded URL for the website.  The website will contain no advertising or promotional materials.  The purpose of the website is purely informational and to effectuate best practicable notice.

iv.    <u>Determination of Individual Settlement Awards and Individual PAGA Payments</u>.  The Settlement Administrator shall determine the eligibility for, and the amounts of, each Individual Settlement Award and Individual PAGA Payment under the terms of this Stipulation of Settlement, based on the Worksift and Adjusted Worksift information provided by Defendant as defined above.  The Settlement Administrator's

24

JOINT STIPULATION OF CLASS ACTION AND PAGA SETTLEMENT AND RELEASE

determination of the eligibility for and amount of each Individual Settlement Award and Individual PAGA Payment shall be binding upon the Class Members and the Parties; however, it is subject to Court review as appropriate.

v. Disputes Regarding Administration of Settlement. Any dispute not resolved by the Settlement Administrator concerning the administration of the Settlement, in consultation with Class Counsel and Defense Counsel, shall be resolved by the Court.

b. Certification Reports Regarding Individual Settlement Award Calculations. The Settlement Administrator will provide Defense counsel and Class Counsel a weekly report which certifies: (i) the number of Class Members who have submitted valid Requests for Exclusion or Notices of Objections; and (ii) whether any Class Member has submitted a challenge to any information contained in their Settlement Notice, including but not limited to the number of Class Members from the Settlement Classes who have submitted a Workshift Dispute.

c. Best Efforts. The Parties agree to use their best efforts to carry out the terms of this Settlement.

d. Funding and Allocation of Gross Settlement Amount. No later than the date scheduled for the final fairness hearing, the Settlement Administrator shall provide Defendant with instructions for remitting payment of the Gross Settlement Amount into a Qualified Settlement Fund being maintained by the Settlement Administrator. Within seven (7) calendar days after the Effective Date, Defendant shall pay the Gross Settlement Amount into the Qualified Settlement Fund maintained by the Settlement Administrator. Within ten (10) calendar days after the Effective Date, the Settlement Administrator shall provide Defendant with final funding calculations, including employer-side taxes to be paid separately to the Gross Settlement Amount, as well as instructions for remitting payment. Defendant shall then pay the employer-sided taxes within fourteen (14) calendar days after the Effective Date. Defendant shall provide the Gross Settlement Amount and employer-side taxes to the Settlement Administrator in any feasible manner, including, but

not limited to, by way of a wire transfer. If this Settlement is not finally approved by the Court in full, or is terminated, rescinded, canceled, or fails to become effective for any reason, or if the Effective Date does not occur, then no portion of the Gross Settlement Amount shall be paid.

e.    <u>Payments to the Class Members</u>.  Class Members shall not be required to submit a claim in order to receive a share of the Net Settlement Amount or an Individual PAGA Payment, and no portion of the Gross Settlement Amount shall revert to Defendant or result in an unpaid residue.  The Settlement Administrator shall first compute the Net Settlement Amount by deducting from the Gross Settlement Amount approved by the Court for the Class Counsel Award, Class Representative Service Award, PAGA Payment, and Settlement Administration Costs.  To the extent the Court does not approve the full requested attorneys' fees, litigation costs, enhancement payments or settlement administration costs, the Net Settlement Amount will increase accordingly, by the difference between the requested amount and the amount awarded by the Court.

f.    <u>Individual Settlement Award</u>: From the Net Settlement Amount, the Settlement Administrator will calculate each Individual Settlement Award as follows:

i.    The Settlement Administrator will weight each Workshift to calculate Adjusted Workshifts based on assignment type as follows:

(1)    Ginkgo Bioworks = 1.00 Adjusted Workshift due to the shorter average shift length (4.7 hours) and shifts that were guaranteed paid for 6 hours, regardless of whether worked in whole or in part;

(2)    LAUSD and San Bernardino County (pop up sites and Arrowhead Regional Medical Center) = 1.50 Adjusted Workshift.

ii.    The Settlement Administrator will divide the General Claim Fund by the total number of Adjusted Workshifts, resulting in the Adjusted Workshift Value.

iii.    The Settlement Administrator will calculate each Participating Class Member's share of the General Claim Fund by multiplying the Adjusted Workshift

JOINT STIPULATION OF CLASS ACTION AND PAGA SETTLEMENT AND RELEASE

Value by the number of Adjusted Workshifts worked by that Participating Class Member;

       iv.     All Workshift Disputes will be resolved and decided by the Settlement Administrator, in consultation with Class Counsel and/or Defense Counsel, as appropriate, and subject to review by the Court as needed..

    g.    <u>Individual PAGA Payment</u>: The Settlement Administrator will calculate each PAGA Member's Individual PAGA Payment by dividing the 25% of the PAGA Payment to be distributed to PAGA Members by the total number of Pay Periods during the PAGA Period for all PAGA Members, resulting in the PAGA Pay Period Value; and then multiplying the PAGA Pay Period Value by the number of Pay Periods for each PAGA Member during the PAGA Period, as defined above.

       i.     Individual Settlement Award and Individual PAGA Payments shall be mailed by the Settlement Administrator by regular First Class U.S. Mail to each Participating Class Member and/or PAGA Member's last known mailing address (including any updated address obtained from the mailing of the Settlement Notice) within ten (10) calendar days after Defendant provides the Settlement Administrator with the Gross Settlement Amount and employer-side taxes.  Prior to mailing the Individual Settlement Awards and the Individual PAGA Payments, the Settlement Administrator shall perform a search based on the National Change of Address Database maintained by the United States Postal Service to update and correct any known or identifiable address changes.  The Settlement Administrator shall also attempt at least one re-mailing of any Individual Settlement Award returned as undeliverable to any forwarding address provided and, if no forwarding address is provided, the Settlement Administrator will perform at least one skip-trace and re-mailing the Individual Settlement Award to any updated address obtained.

       ii.     Individual Settlement Awards shall be allocated as follows: one-third (33%) as alleged unpaid wages subject to all applicable tax withholdings; one-third (33%) as alleged unpaid interest; and one-third (33%) as alleged unpaid penalties.

JOINT STIPULATION OF CLASS ACTION AND PAGA SETTLEMENT AND RELEASE

Individual PAGA Awards shall be allocated as alleged unpaid civil penalties for which an IRS Form 1099 shall be issued. The Settlement Administrator shall issue an IRS Form W-2 to each Participating Class Member for the portion of each Individual Settlement Award payment allocated as alleged unpaid wages and subject to all applicable tax withholdings. The Settlement Administrator shall issue an IRS Form 1099 to each Participating Class Member and PAGA Member for the portion of each Individual Settlement Award and for the Individual PAGA Payment allocated as alleged unpaid nonwage penalties and interest and not subject to payroll tax withholdings, to the extent such issuance is required by law. The Settlement Administrator shall calculate the amount of the Employer's Share of Payroll Taxes and shall remit and report the applicable portions of the payroll tax payment to the appropriate taxing authorities in a timely manner. Defendant will be responsible for paying its portion of the Payroll Taxes and this amount will not be deducted from the GSA.

iii. Participating Class Members will have 180 days to cash the settlement checks sent by the Settlement Administrator. After the expiration of the 180-day period, the Settlement Administrator will prepare and provide to the parties a report regarding the distribution of the Gross Settlement Amount, including the total amount that was cashed/deposited by Participating Class Members and the total amount of any uncashed settlement checks.

(1) If after 180 calendar days of mailing, the checks cashed by Class Members total less than 100% of the Net Settlement Amount, ~~the total amount of any uncashed settlement checks will be transmitted by the Settlement Administrator to a Court-approved *cy pres* beneficiary.~~and if the amount remaining in the Qualified Settlement Fund is larger than the cost of a second distribution, and if the amount in the Qualified Settlement Fund permits more than a de minimis second payment to Class Members who timely cashed their first settlement check, the Settlement Administrator will conduct a second round of check distributions to those Participating Class

JOINT STIPULATION OF CLASS ACTION AND PAGA SETTLEMENT AND RELEASE

Members who cashed their initial settlement checks within the 180-day check cashing deadline. In the case of such second distribution, the Settlement Administrator will calculate the Settlement awards according to the same formula set forth in Paragraph 61(f), above, except that the Adjusted Workshift Value will be determined by dividing (a) the amount remaining in the Qualified Settlement Fund after the first distribution of settlement checks, less the administration costs of the second distribution, by (b) the total number of Adjusted Workshifts of the Participating Class Members who cashed their first settlement checks within the 180-day check cashing deadline.  Participating Class Members will have 90 days to cash the second distribution settlement checks sent by the Settlement Administrator.

(2)   If after 90 calendar days of mailing of the second distribution settlement checks, the checks cashed by Class Members total less than 100% of the amount remaining in the Qualified Settlement Fund, and if the amount remaining in the Qualified Settlement Fund is larger than the cost of a third distribution, and if the amount in the Qualified Settlement Fund permits more than a de minimis third payment to Class Members who timely cashed their second check, the Settlement Administrator will conduct a third round of check distributions to those Participating Class Members who cashed their second settlement checks within the 90-day check cashing deadline. In the case of such third distribution, the Settlement Administrator will calculate the Settlement awards according to the same formula set forth in Paragraph 61(f), above, except that the Adjusted Workshift Value will be determined by dividing (a) the amount remaining in the Qualified Settlement Fund after the second distribution of settlement checks, less the administration costs of the third distribution, by (b) the total number of Adjusted Workshifts of the Participating Class Members who cashed their

29

second settlement checks within the 90-day check cashing deadline. Participating Class Members will have 60 days to cash the third distribution settlement checks sent by the Settlement Administrator.

iii.(3)    The total amount of any uncashed settlement checks remaining after expiration of the check-cashing period for the last distribution of settlement checks required by the foregoing provisions will be transmitted by the Settlement Administrator to a Court-approved *cy pres* beneficiary.

**Formatted:** Indent: Left: 1.13"

No later than the deadline for filing the Motion for Final Approval, the Parties shall agree upon one or more potential *cy pres* recipients and submit same to the Court for its consideration and approval; if the Parties cannot reach agreement on the *cy pres* recipient(s), they shall file separate proposals no later than the deadline for filing the Motion for Final Approval.

iv.    In the event a Participating Class Member and/or PAGA Member fails to cash/deposit his or her Individual Settlement Award check and/or Individual PAGA Payment check, the Participating Class Member and/or PAGA Member shall nevertheless remain bound by the Settlement.

v.    All monies received by Class Members under the Settlement which are attributable to wages shall constitute income to such Class Members solely in the year in which such monies actually are received by the Class Members.  It is expressly understood and agreed that the receipt of Individual Settlement Awards shall not entitle any Class Member to additional compensation or benefits under any collective bargaining agreement or under any bonus, contest or other compensation or benefit plan or agreement in place during the periods covered by the Settlement, nor shall it entitle any Class Member to any increased pension and/or retirement, or other deferred compensation benefits. It is the intent of the Parties that the Individual Settlement Awards and Individual PAGA Payments provided for in this Stipulation of Settlement are the sole payments to be made by Defendant to Class Members in connection with this Settlement, with the exception of Plaintiff, and that the Class Members are not entitled to any new or additional

compensation or benefits as a result of having received the Individual Settlement Awards and/or and Individual PAGA Payments.

h.    <u>Class Representative Service Award</u>.    For the purposes of this Settlement only, the Parties agree to the designation of Plaintiff as the class representative.    In recognition of her time and effort in bringing and presenting the Action, Plaintiff shall request a Class Representative Service Award not to exceed Five Thousand Dollars and No Cents ($5,000.00).    Plaintiff's request for such Class Representative Service Award shall be subject to approval from the Court. Defendant agrees not to oppose or object to Plaintiff's request for a Class Representative Service Award in an amount not to exceed this amount.    The Class Representative Service Award will be in addition to Plaintiff's Individual Settlement Payment and PAGA Payment paid pursuant to the Settlement.    The Settlement Administrator shall issue an IRS Form 1099 to Plaintiff for her Class Representative Service Award.    Plaintiff shall be solely and legally responsible to pay any and all applicable taxes on her Class Representative Service Award.    Any amount requested by Plaintiff for the Class Representative Service Award and not awarded by the Court shall become part of the Net Settlement Amount and shall be distributed to Participating Class Members as part of their Individual Settlement Awards.

i.    <u>Class Counsel Award</u>.    Defendant agrees not to oppose or impede any application or motion by Class Counsel for attorneys' fees in an amount up to twenty-five percent (25%) of the Gross Settlement Amount, which amounts to Four Hundred Fourteen Thousand Six Hundred Two Dollars and Fifty Cents ($414,602.50). In addition, Defendant agrees not to oppose or impede any application or motion by Class Counsel to request an award of costs associated with Class Counsel's prosecution of the Action up to Fifty Thousand Dollars and No Cents ($50,000.00).    Class Counsel's request for such attorneys' fees and costs shall be subject to approval from the Court.    In the event the Court awards Class Counsel less than the requested amount of attorneys' fees and/or costs, the difference shall become part of the Net Settlement Amount and shall be distributed to

JOINT STIPULATION OF CLASS ACTION AND PAGA SETTLEMENT AND RELEASE

Participating Class Members as part of their Individual Settlement Awards. Class Counsel shall be solely and legally responsible to pay all applicable taxes on the Class Counsel Award. Class Counsel shall provide the Settlement Administrator with properly completed and signed copies of IRS Form W-9 in order for the Settlement Administrator to process the Class Counsel Award approved by the Court. The Settlement Administrator shall issue an IRS Form 1099 to Class Counsel for the Class Counsel Award.

62. <u>Settlement Administration Costs</u>. The Settlement Administration fees and expenses, which are estimated at this time not to exceed $~~33,000~~39,220, exclusive of a second and/or third distribution pursuant to Paragraph 61(g)(1) & (2) (the final amount subject to Court approval), shall be paid from the Gross Settlement Amount. Prior to Plaintiff filing a Motion for Final Approval of the Settlement, the Settlement Administrator shall provide the Parties with a statement detailing the Settlement Administration Costs to date. The Parties agree to cooperate in the Settlement Administration process and to make all reasonable efforts to control and minimize Settlement Administration Costs.

     a. The Parties each represent they do not have any financial interest in the Settlement Administrator or otherwise have a relationship with the Settlement Administrator that could create a conflict of interest.

     b. The Settlement Administrator shall keep the Parties timely apprised of the performance of all Settlement Administrator responsibilities required by the Settlement. The Settlement Administrator shall be authorized to establish a Qualified Settlement Fund ("QSF") pursuant to IRS rules and regulations in which the Gross Settlement Amount shall be placed and from which payments required by the Settlement shall be made.

63. <u>Payroll Taxes</u>. In accordance with this Settlement and to the fullest extent possible, the Gross Settlement Amount shall resolve, satisfy and completely extinguish all of Defendant's liability with respect to the Class Members and PAGA Members, except that Defendant shall solely be responsible for the employer portion of the

32

JOINT STIPULATION OF CLASS ACTION AND PAGA SETTLEMENT AND RELEASE

payroll taxes on the portion of the Individual Settlement Awards that constitutes wages and these taxes shall be paid by Defendant in addition to the GSA. Upon the transfer of the Gross Settlement Amount and the employer portion of payroll taxes on the portion of the Individual Settlement Awards that constitutes wages, Defendant shall have no further payment or defense obligation whatsoever with respect to any claims covered by this Settlement made or asserted by any person or entity anywhere in the world in connection with the Class Members.

64. <u>Final Settlement Approval Hearing and Entry of Final Order and Judgment</u>. Following expiration of the Response Deadline, a Final Approval Hearing shall be conducted by the Court for the Court to determine whether to grant final approval of the Settlement, including determining the amounts properly payable for: (i) the Class Counsel Award; and (ii) the Class Representative Service Award. Prior to the Final Approval Hearing, the Settlement Administrator shall provide a written report or declaration to the Parties describing the process and results of the administration of the Settlement to date, which report or declaration shall be filed by Plaintiff with the Court prior to the Final Approval Hearing. The Parties agree to work diligently and cooperatively to have this Settlement presented to the Court for final approval. Plaintiff will present the draft moving papers for any motion for final settlement approval to counsel for Defendant no fewer than three (3) business days before filing any such motion.

65. <u>Duties of the Parties Prior to Court Approval</u>. The Parties shall promptly submit this Settlement Agreement to the Court in support of Plaintiff's Motion for Preliminary Approval and determination by the Court as to its fairness, adequacy, and reasonableness. Promptly upon execution of this Settlement Agreement, the Parties shall apply to the Court for the entry of an order scheduling a fairness hearing on the question of whether the proposed Settlement, including payment of Class Counsel's attorneys' fees and costs, the Class Representative's Service Award payment, and the PAGA Payment, should be finally approved as fair, reasonable and adequate as to the members of the

- 33 -

JOINT STIPULATION OF CLASS ACTION AND PAGA SETTLEMENT AND RELEASE

Settlement Classes.  As part of Plaintiff's Motion for Preliminary Approval, Plaintiff shall also apply to the Court for the entry of an Order as follows:

    a.  Certifying the Settlement Classes for settlement purposes only;

    b.  Approving, as to form and content, the proposed Settlement Notice;

    c.  Approving the manner and method for Class Members to object or request exclusion from the Settlement, as contained herein and within the Settlement Notice;

    d.  Directing the mailing of the Settlement Notices to Class Members, by first class mail;

    e.  Preliminarily approving the Settlement subject only to the objections of Class Members and final review by the Court; and

    f.  Setting a Final Approval Hearing.

    66.  <u>Duties of the Parties Following Final Approval</u>.  Following final approval by the Court of the Settlement provided for in this Settlement Agreement, Class Counsel will submit a proposed Final Order of Approval and Judgment:

    a.  Approving the Settlement, adjudging the terms thereof to be fair, reasonable and adequate, and directing consummation of its terms and provisions;

    b.  Approving Class Counsel's application for an award of attorneys' fees and costs;

    c.  Approving the Class Representative Service Award payment to Plaintiff;

    d.  Setting a date when the Parties shall submit the Final Report regarding the distribution of the Gross Settlement Amount, and, if necessary a date for a final accounting hearing following its receipt of the Final Report;

    e.  Entering judgment in this Action barring and enjoining all members of the Settlement Classes from prosecuting against any of the Released Parties, any individual or class, or representative claims released herein pursuant to

JOINT STIPULATION OF CLASS ACTION AND PAGA SETTLEMENT AND RELEASE

the Settlement Agreement, upon satisfaction of all payments and obligations hereunder.

67. <u>Revocation of Settlement by Defendant</u>.  Defendant may, at their option, withdraw from the settlement if five percent (5%) or more of the Settlement Class Members request exclusion from the settlement.  Defendant has 30 calendar days following the Settlement Administrator's final report summarizing the notice process, including the number of requests for exclusions received, to revoke the agreement pursuant to this Paragraph.  If Defendant chooses to withdraw from the settlement, it shall be responsible for all costs incurred by the Settlement Administrator to date, and the Parties shall revert to their respective procedural positions in the Action as if no settlement had occurred.

68. <u>Escalator Clause</u>.  For purposes of this settlement, Defendant estimated that there were 1,097 total Class Members and 61,902 Workshifts worked by Settlement Class Members during the Class Period.  Defendant further estimated that among these 61,902 Workshifts, there were 25,667 Workshifts at the San Bernardino County and Arrowhead Regional Medical Center sites; 6,412 Workshifts at the Los Angeles Unified School District worksites; and 29,823 Workshifts at the Ginkgo Concentric worksites. Defendant further estimated that among the 1,097 Class Members, there were 382 Class Members who worked at the San Bernardino County and Arrowhead Regional Medical Center sites; 109 who worked at the Los Angeles Unified School District worksites; and 612 Class Members who worked at the Ginkgo Concentric worksites, with 6 Class Members having worked with more than one of the foregoing clients. Should the actual number of Workshifts exceed 61,902 by more than ten percent (10%), then RCM shall pay a pro rata additional sum for the amount exceeding 10%. Alternatively, RCM may elect to end the release date when the number of Workshifts exceeds 10% over the represented amount.

69. <u>Nullification of Settlement</u>.  In the event: (i) the Court does not enter the Preliminary Approval Order; (ii) the Court does not grant final approval of the

35

JOINT STIPULATION OF CLASS ACTION AND PAGA SETTLEMENT AND RELEASE

Settlement; (iii) the Court does not enter the Final Order and Judgment; or (iv) the Settlement does not become final for any other reason, this Stipulation of Settlement shall be rendered null and void, any order or judgment entered by the Court in furtherance of this Settlement shall be treated as void from the beginning and this Stipulation of Settlement and any documents related to it shall not be used by any Class Member or Class Counsel to support any claim or request for class certification in the Action, and shall not be used in any other civil, criminal or administrative action against Defendant or any of the other Released Parties.  Additionally, should the Settlement not become final for any reason, the Parties will request that the Court reopen proceedings within thirty (30) calendar days, and any Settlement Administration Costs already incurred by the Settlement Administrator shall be split evenly between the Parties, except if Defendant elects to revoke the Settlement pursuant to Section 67 herein, in which case Defendant shall bear the Settlement Administration Costs incurred by the Settlement Administrator as of the date of such revocation.

70.  <u>Plaintiff's Waiver of Right to Be Excluded</u>. Plaintiff agrees that by signing this Settlement Agreement, she will be bound by the terms herein.  Plaintiff further agrees that, upon signing this Settlement Agreement, she will not submit a Request for Exclusion from this Settlement and that any such Request for Exclusion by Plaintiff will be void and of no force or effect.

71.  <u>Waiver of Certain Appeals</u>.  The Parties agree to waive appeals and to stipulate to class certification for purposes of this Settlement only; and either party may appeal any Court order that materially alters the Settlement Agreement's terms.  Nothing in this Settlement Agreement shall preclude Plaintiff from appealing from a Court order denying or failing to grant in full their requests for attorneys' fees, costs, or service award.

72.  <u>No Admission by Defendant</u>.  Defendant denies all claims alleged in this Action and denies all wrongdoing whatsoever by Defendant.  Neither this Stipulation of Settlement, nor any of its terms and conditions, nor any of the negotiations connected with

JOINT STIPULATION OF CLASS ACTION AND PAGA SETTLEMENT AND RELEASE

it, is a concession or admission, and none shall be used against Defendant as an admission or indication with respect to any claim of any fault, concession, or omission by Defendant or that class certification is proper under the standard applied to contested certification motions. The Parties stipulate and agree to the certification of the proposed classes for settlement purposes only. The Parties further agree that this Stipulation of Settlement will not be admissible in this or any other proceeding as evidence that either (i) a class action should be certified or (ii) Defendant is liable to Plaintiff or any Class Member, other than according to the terms of this Stipulation of Settlement.

73.  Waiver.  No waiver of any condition or covenant contained in this Settlement Agreement or failure to exercise a right or remedy by any of the Parties hereto will be considered to imply or constitute a further waiver by such party of the same or any other condition, covenant, right or remedy.

74.  Judgment and Continued Jurisdiction.  Upon final approval of the Settlement by the Court or after the Final Approval/Settlement Fairness Hearing, the Parties will present the Judgment to the Court for its approval.  After entry of the Judgment, the Court will have continuing jurisdiction solely for purposes of addressing: (i) the interpretation and enforcement of the terms of the Settlement, (ii) Settlement administration matters, and (iii) such post-Judgment matters as may be appropriate under court rules or as set forth in this Agreement.

75.  Exhibits and Headings.  The terms of this Stipulation of Settlement include the terms set forth in any attached Exhibits, which are incorporated by this reference as though fully set forth herein.  The Exhibits to this Stipulation of Settlement are an integral part of the Settlement.  The descriptive headings of any paragraphs or sections of this Stipulation of Settlement are inserted for convenience of reference only.

76.  Amendment or Modification.  This Stipulation of Settlement may be amended or modified only by a written instrument signed by counsel for all Parties or their successors-in-interest.

JOINT STIPULATION OF CLASS ACTION AND PAGA SETTLEMENT AND RELEASE

77. <u>Entire Agreement</u>.  This Stipulation of Settlement and any attached Exhibits constitute the entire agreement between the Parties, and no oral or written representations, warranties, or inducements have been made to Plaintiff or Defendant concerning this Stipulation of Settlement or its Exhibits other than the representations, warranties, and covenants contained and memorialized in this Stipulation of Settlement and its Exhibits. No other prior or contemporaneous written or oral agreements, including but not limited to the MOU, may be deemed binding on the Parties.

78. <u>Authorization to Enter Into Settlement Agreement</u>.  Class Counsel and Defense Counsel warrant and represent they are expressly authorized by the Parties whom they represent to negotiate this Stipulation of Settlement and to take all appropriate actions required or permitted to be taken by such Parties pursuant to this Stipulation of Settlement to effectuate its terms, and to execute any other documents required to effectuate the terms of this Stipulation of Settlement.  The Parties, Class Counsel and Defense Counsel shall cooperate with each other and use their best efforts to effect the implementation of the Settlement.  In the event the Parties are unable to reach agreement on the form or content of any document needed to implement the Settlement, or on any supplemental provisions that may become necessary to effectuate the terms of this Settlement, the Parties may seek the assistance of the Court to resolve such disagreement.  The persons signing this Stipulation of Settlement on behalf of the Defendant represents and warrants that they are authorized to sign this Stipulation of Settlement on behalf of Defendant.  Plaintiff represents and warrants that she is authorized to sign this Stipulation of Settlement and that she has not assigned any claim, or part of a claim, covered by this Settlement of Settlement to a third party.  The Parties have cooperated in the drafting and preparation of this Stipulation of Settlement.  Hence, in any construction made of this Stipulation of Settlement, the same shall not be construed against any of the Parties.

79. <u>Confidentiality</u>.  The Parties and their counsel agree that they will not issue any press releases, initiate any contact with the press, respond to any press inquiry, or have any communication with the press about the fact, amount, or terms of the

JOINT STIPULATION OF CLASS ACTION AND PAGA SETTLEMENT AND RELEASE

Settlement prior to the mailing of the Notice Packet. In addition, the Parties and their counsel agree that they will not engage in any advertising or distribute any marketing materials relating to the Settlement, including but not limited to posting on social media about it or any announcement of the Settlement on any websites maintained by Class Counsel. Nothing set forth herein, however, shall prohibit the Parties from providing this Stipulation to the Court in connection with the Parties' efforts to seek Court approval of this Settlement.

80. <u>Binding on Successors and Assigns</u>. This Stipulation of Settlement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties.

81. <u>California Law Governs</u>. All terms of this Stipulation of Settlement and the Exhibits hereto shall be governed by and interpreted according to the laws of the State of California, without giving effect to any law that would cause the laws of any jurisdiction other than the State of California to be applied.

82. <u>Counterparts</u>. This Stipulation of Settlement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument.

83. <u>This Settlement is Fair, Adequate, and Reasonable</u>. Plaintiff represents that this Settlement is a fair, adequate, and reasonable settlement of the Action and she has arrived at this Settlement after extensive arm's-length negotiations, taking into account all relevant factors, present and potential.

84. <u>Mutual Preparation</u>. The Parties have had a full opportunity to negotiate the terms and conditions of this Agreement. Accordingly, this Agreement shall not be construed more strictly against one Party than another merely by virtue of the fact that it may have been prepared by counsel for one of the Parties, it being recognized that, because of the arm's-length negotiations between the Parties, all Parties have contributed to the preparation of this Agreement.

85. <u>Representation by Counsel</u>. The Parties acknowledge that they have been represented by counsel throughout all negotiations that preceded the execution of this

JOINT STIPULATION OF CLASS ACTION AND PAGA SETTLEMENT AND RELEASE

Agreement, and that this Agreement has been executed with the consent and advice of counsel. Further, Plaintiff and Class Counsel warrant and represent that there are no liens on the Agreement.

86. <u>Enforcement Actions</u>. In the event that one or more of the Parties institutes any legal action or other proceeding against any other Party or Parties to enforce the provisions of this Settlement, or to declare rights and/or obligations under this Settlement, the prevailing Party or Parties shall be entitled to recover from the non-prevailing Party or Parties reasonable attorneys' fees and costs, including expert witness fees incurred in connection with any enforcement actions.

87. <u>Disputes Regarding Language of Final Settlement Agreement</u>. If the Parties have a dispute with regard to the language of the Agreement, the Parties agree to first informally resolve the dispute by engaging Michael Loeb, Esq. to mediate such dispute.

88. <u>Invalidity of Any Provision</u>. Before declaring any term or provision of this Stipulation of Settlement invalid, the Parties request that the Court first attempt to construe the terms or provisions valid to the fullest extent possible consistent with applicable precedents so as to define all provisions of this Stipulation of Settlement as valid and enforceable. In the event the Court declares any material provision of this Stipulation of Settlement invalid, the Stipulation of Settlement will be void and its terms will be of no force and effect, except as otherwise agreed to by the Parties in writing.

89. <u>Binding Nature of Notice of Class Action Settlement</u>. It is agreed that, because the Class Members are so numerous, it is impossible or impractical to have each Class Member execute the Stipulation of Settlement. The Class Notice shall advise all Class Members of the binding nature of the Settlement, and the release of Released Claims and shall have the same force and effect as if this Stipulation of Settlement were executed by each Participating Class Member.

IN WITNESS WHEREOF, the Parties hereto knowingly and voluntarily executed this Joint Stipulation of Class Action and PAGA Settlement and Release between

- 40 -

Plaintiff, on the one hand, and Defendant, on the other hand, as of the date(s) set forth below.

Dated: _____

_____
Plaintiff **Barbara Grady** (on her own behalf and on behalf of the Class Members and aggrieved employees)

**RCM Technologies (USA), Inc.**

Dated: _____

_____
By:  Kevin Miller, Chief Financial Officer

4890-0961-6851.1 / 090137-1042

- 41 -
JOINT STIPULATION OF CLASS ACTION AND PAGA SETTLEMENT AND RELEASE

# EXHIBIT B

Joshua Konecky, Bar No. 182897
jkonecky@schneiderwallace.com
SCHNEIDER WALLACE COTTRELL
KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Telephone:  (415) 421-7100
Facsimile:   (415) 421-7105

Attorneys for Plaintiff BARBARA GRADY

Shannon R. Boyce, Bar No. 229041
sboyce@littler.com
LITTLER MENDELSON
2049 Century Park East, 5th Floor
Los Angeles, California 90067.3107
Telephone:  310.553.0308
Facsimile:   310.553.5583

Attorneys for Defendant
RCM TECHNOLOGIES (USA), INC. (SUED
HEREIN ERRONEOUSLY AS "RCM
TECHNOLOGIES, INC.")

***COUNSEL CONTINUED ON NEXT PAGE***

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA GRADY,<br><br>          Plaintiff,<br><br>v.<br><br>RCM TECHNOLOGIES, INC.,<br><br>          Defendant. | Case No. 5:22-cv-00842-JLS-SHK<br><br>**JOINT STIPULATION OF CLASS ACTION AND PAGA SETTLEMENT AND RELEASE** |

Doc ID: 0bb836210e674b88d3155cd9562281908b330146

Martha J. Keon, Bar No. 213771
mkeon@littler.com
**LITTLER MENDELSON, P.C.**
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA 19072
Telephone:  267-402-3050
Facsimile:  267-402-3131

Attorneys for Defendant
RCM TECHNOLOGIES (USA), INC.
(SUED HEREIN ERRONEOUSLY AS
"RCM TECHNOLOGIES, INC.")

JOINT STIPULATION OF CLASS ACTION AND PAGA SETTLEMENT AND RELEASE

Doc ID: 0bb836210e674b88d3155cd9562281908b330146

## JOINT STIPULATION OF CLASS ACTION AND
## PAGA SETTLEMENT AND RELEASE

IT IS HEREBY STIPULATED, by and between Plaintiff BARBARA GRADY ("Plaintiff"), individually and on behalf of others similarly situated, and Defendant RCM TECHNOLOGIES (USA), INC. (erroneously named herein as RCM Technologies, Inc.) ("RCM" or "Defendant") (collectively, the "Parties"), subject to the approval of the Court, that the Action (as defined below) is hereby compromised and settled pursuant to the terms and conditions set forth in this Joint Stipulation of Class Action and PAGA Settlement and Release ("Agreement," "Settlement," or "Stipulation"). The Parties further stipulate that the Court shall make and enter judgment, subject to the continuing jurisdiction of the Court as set forth below, and subject to the definitions, recitals, and terms set forth herein which by this reference become an integral part of this Stipulation.

## DEFINITIONS

1.     "Action" means the putative class and PAGA action entitled *Barbara Grady v. RCM Technologies, Inc.*, United States District Court for the Central District of California, Eastern Division, Case Number 5:22-cv-00842-JLS-SHK (originally filed in Los Angeles Superior Court on or about February 7, 2022 and subsequently removed to United States District Court on or about May 19, 2022), and all pleadings filed therein.

2.     "Agreement," "Settlement," or "Stipulation" means this Joint Stipulation of Class Action and PAGA Settlement.

3.     "Class Counsel" means Joshua Konecky of Schneider Wallace Cottrell Konecky LLP.

4.     "Class Counsel Award" means the Court-approved attorneys' fees for Class Counsel's litigation and resolution of the Action (not to exceed twenty-five percent [25%] of the Gross Settlement Amount, or Four Hundred Fourteen Thousand Six Hundred and Two Dollars and Fifty Cents ($414,602.50), and the Court approved costs incurred by Class Counsel in connection with this Action (in an amount not to exceed Fifty Thousand Dollars and No Cents ($$50,000.00)).  Defendant shall not oppose such

Doc ID: 0bb836210e674b88d3155cd9562281908b330146

an application by Plaintiff for Court approval of attorneys' fees for Class Counsel up to twenty-five percent [25%] of the Gross Settlement Amount, plus reasonable litigation costs in an amount not to exceed Fifty Thousand Dollars and No Cents ($50,000.00). The Settlement is not contingent on the Court awarding the maximum attorneys' fees and costs that may be sought, or on its awarding of any particular amount.

5.    "Class Data" or "Class Lists" means information regarding Class Members that Defendant shall in good faith compile from its records and shall be authorized by the Court to transmit in a secure manner to the Settlement Administrator within fourteen (14) calendar days of preliminary approval.    Class Data shall be transmitted by Defendant in Microsoft Excel format and shall include each Class Member's: (i) full name; (ii) last known address; (iii) Social Security number; (iv) the number of Workshifts (as defined herein) worked for Defendant as a Class Member; and (v) the number of Workshifts (as defined herein) worked for Defendant as a PAGA Member.

6.    "Class," "Class Members," or "Settlement Class" means:  All current and former non-exempt employees of Defendant who were nurses assigned by Defendant to staff COVID-19 testing and/or vaccination sites for San Bernardino County (including assignments at San Bernardino County's Arrowhead Regional Medical Center), and at K-12 schools for Los Angeles Unified School District (LAUSD), or Ginkgo Concentric (Ginkgo)  during the Class Period and who do not submit a timely and valid request for exclusion from the settlement.  Defendant's good faith and diligent research of its records shows approximately 382 Class Members assigned to work for San Bernardino County, 109 assigned at the LAUSD K-12 schools, and 612 assigned at Ginkgo Concentric K-12 schools, with 6 of the Class Members working for more than one client, resulting in a total number of 1,097 Class Members.

7.    "Class Period" shall be March 1, 2020 through March 7, 2023.

8.    "Class Representative Service Award" means the Court-approved amount to be paid to Plaintiff in an amount of up to Five Thousand Dollars and No Cents ($5,000.00).  Defendant will not oppose such application.

Doc ID: 0bb836210e674b88d3155cd9562281908b330146

9.   "Court" shall mean the United States District Court and such other court as may be presiding over this Action.

10.   "Defense Counsel" means Martha Keon and Shannon R. Boyce of Littler Mendelson P.C.

11.   "Effective Date" means the date this Agreement is approved as provided herein and the Court's order granting Final Approval and entry of Judgment or Dismissal becomes final and is no longer appealable.  For purposes of this Agreement, "becomes final and is no longer appealable" shall mean the later of: (a) the day after the last date by which a notice of appeal to the Ninth Circuit of the order and judgment finally approving this Agreement may be timely filed and none is filed (i.e., 31 days from notice of entry of judgment); (b) if an appeal is filed, and the appeal is finally disposed of by ruling, dismissal, denial, or in a any other manner that confirms the validity of the order and judgment, the day after the last date for filing a request for further review of the order and judgment approving this Agreement passes, and no further review is requested; or (c) if an appeal is filed and the order approving this Agreement is affirmed and further review of the order is requested, the day after the review is finally resolved and the order and judgment approving this Agreement is affirmed.

12.   "Employer's Share of Payroll Taxes" means Defendant's respective portions of payroll taxes, including, but not limited to FICA and FUTA, on the portion of the Individual Settlement Award that is designated as wages.

13.   "Final Approval Hearing" means the hearing to be conducted by the Court after the filing by Plaintiff of an appropriate motion and following appropriate notice to Class Members giving Class Members an opportunity to request exclusion from the Settlement Class and Settlement and to object to the Settlement, at which time Plaintiff shall request that the Court finally approve the Settlement, enter the Final Order and Judgment, and take other appropriate action.

14.   "Final Order and Judgment" means the order and judgment to be entered by the Court upon granting final approval of the Settlement and this Stipulation of Settlement as

Doc ID: 0bb836210e674b88d3155cd9562281908b330146

binding upon the Parties and Participating Class Members.  A proposed Final Order and Judgment shall be mutually agreed upon by the Parties and submitted to the Court concurrently with Plaintiff's Motion for Final Approval of the Settlement.

15. "Gross Settlement Amount" or "GSA" means the total amount Defendant shall pay in connection with this Settlement, which shall be inclusive of the Net Settlement Amount, the Class Counsel Award, the Class Representative Service Award, PAGA Payment, and Settlement Administration Costs.  Subject to Court approval and the terms of this Stipulation of Settlement, the GSA shall be One Million Six Hundred Fifty Eight Thousand Four Hundred Ten Dollars and No Cents ($1,658,410.00), plus any additional amount required by the Escalator Clause at Paragraph 63 below, should that clause be triggered.  The Gross Settlement Amount does not include Defendant's respective shares of payroll taxes for the Individual Settlement Award payments, which shall be paid separately from, and in addition to, the GSA.

16. "Individual PAGA Payment" means the amount payable from the PAGA Payment to each PAGA Member.

17. "Individual Settlement Award" means the amount payable from the Net Settlement Amount to each Participating Class Member.

18. "Net Settlement Amount" or "NSA" means the Gross Settlement Amount, less the Class Counsel Award, Class Representative Service Award, PAGA Payment, and Settlement Administration Costs.

19. "Notice of Objection" means a Class Member's objection to the Settlement.  To be valid, an objection must (a) be in writing; (b) be signed or e-signed by the Class Member; (c) be returned by e-mail, fax, or mail to the Settlement Administrator at the specific address and/or facsimile number in the Settlement Notice; (d) clearly state that the Class Member objects to the settlement and the grounds for the objection; (e) be emailed, faxed, or postmarked on or before the Response Deadline, and (f) include the objector's full name, signature, address, telephone number, and the last four digits of his/her Social Security number. The date of the e-mail, fax, or postmark on the return

Doc ID: 0bb836210e674b88d3155cd9562281908b330146

mailing envelope will be the exclusive means to determine whether a Notice of Objection has been timely submitted. At no time shall any of the Parties, Class Counsel, or Defense Counsel seek to solicit or otherwise encourage or discourage Class Members from submitting a Notice of Objection or filing an appeal from the Final Order and Judgment. Non-Participating Class Members (*i.e.,* Class Members who submit valid Requests for Exclusion) may not submit an Objection to the Settlement.  If a Class Member submits both a Request for Exclusion and an Objection, the Request for Exclusion will be deemed controlling.

20.  "PAGA Members" or "PAGA Class" means:  The subset of Class Members who worked for Defendant during the PAGA Period.

21.  "PAGA Notice" means the July 22, 2021 letter that Class Counsel sent to the California Labor Workforce Development Agency ("LWDA"), on behalf of Plaintiff, pursuant to Labor Code §2699.3(a)/(c) seeking to exhaust Plaintiff's administrative remedies under the Labor Code Private Attorneys General Act of 2004 ("PAGA"), Cal. Lab. Code §§2698, *et seq.*

22.  "PAGA Payment" means the amount of One Hundred Sixty Five Thousand Eight Hundred and Forty One Dollars  ($165,841.00), subject to Court approval, to be paid from the Gross Settlement Amount for satisfaction of Plaintiff and Class Members' claims under the California Private Attorneys' General Act of 2004, California Labor Code sections 2698, *et seq*. ("PAGA"). Pursuant to the PAGA, seventy five percent (75%) of the PAGA Payment, or One Hundred Twenty Four Thousand Three Hundred and Eighty Dollars and Seventy Five Cents ($124,380.75), will be paid to the LWDA and twenty five percent (25%), or Forty One Thousand Four Hundred and Sixty Dollars and Twenty Five Cents ($41,460.25), will be distributed as the Individual PAGA Payments to Class Members.

23.  "PAGA Period" shall be July 22, 2020 through March 7, 2023.

24.  "PAGA Release" or "PAGA Released Claims" means the release by all PAGA Members for all claims for civil penalties under PAGA that arise out of or relate

Doc ID: 0bb836210e674b88d3155cd9562281908b330146

to alleged violations of California Labor Code §§ 201-204, 221-223, 226, 226.7, 510, 512, 1174, 1174.5, 1194, and 1198; and California Code of Regulations, Title 8 § 11040 §§ 3 & 7, 11-12, and under Business & Professions Code §§ 17200-17208, as pled in the PAGA Notice and Class Action and PAGA Complaint, during the PAGA Period.  In light of the binding nature of a PAGA judgment on non-party employees pursuant to *Arias v. Superior Ct. (Dairy)*, 46 Cal. 4th 969 (2009), Class Members employed by Defendant who exclude themselves from this Settlement shall still receive an Individual PAGA Payment directly from the Settlement Administrator for the amount of each such individual's estimated share of the PAGA Payment as calculated by the Settlement Administrator, and shall not be able to object to or exclude themselves from releasing the PAGA Released Claims against Defendant (*i.e.*, PAGA Members, as defined above).

25.  "Participating Class Members" means Plaintiff and all other Class Members who do not submit a valid and timely Request for Exclusion, as well as PAGA Members.

26.  "Preliminary Approval Order" means the order to be issued by the Court approving and authorizing the mailing and emailing of the Settlement Notice by the Settlement Administrator, setting the date of the Final Approval Hearing and granting preliminary approval of the Settlement set forth in this Stipulation of Settlement, among other things. A proposed Preliminary Approval Order shall be mutually agreed upon by the Parties and submitted to the Court concurrently with Plaintiff's Motion for Preliminary Approval of the Settlement.

27.  "Released Claims" includes all claims under state or local law, whether statutory, common law, or administrative law, whether in law or equity, for the claims that were pled in the Complaint, based on or arising out of the factual allegations therein, during the Class Period, including: (a) all claims for failure to pay minimum wages under Cal. Labor Code §§ 204, 1194, 1194.2, and 1198; (b) all claims for failure to pay overtime wages under Cal. Labor Code §§ 204, 510, 1194, and 1199; (c) all claims for failure to authorize and permit required rest breaks under Cal. Labor Code §§ 226.7 and 512 and the applicable IWC Wage Orders; (d) all claims for failure to provide required

JOINT STIPULATION OF CLASS ACTION AND PAGA SETTLEMENT AND RELEASE

Doc ID: 0bb836210e674b88d3155cd9562281908b330146

meal periods under Cal. Labor Code §§ 226.7 and 512 and the applicable IWC Wage Order; (e) all claims for failure to maintain accurate employment records under Cal. Labor Code §§ 1174 and 1174.5; (f) all claims for failure to timely pay wages during employment under Cal. Labor Code §§ 204, 210(a), and 216; (g) all claims for failure to pay all wages earned and unpaid at separation under Cal. Labor Code §§ 201-203; (h) all claims for failure to furnish accurate itemized wage statements under Cal. Labor Code §§ 226; (i) violation of California's Unfair Competition Law, Cal. Bus. & Professions Code §§ 17200, *et seq.*; and (j) civil penalties under the Private Attorneys General Act (California Labor Code sections 2698, *et seq.*, including incorporated or related claims based on alleged violations of California Labor Code §§ 201-204, 221-223, 226, 226.7, 510, 512, 1174, 1174.5, 1194, and 1198; and California Code of Regulations, Title 8 § 11040 §§ 3 & 7, 11-12, and under Business & Professions Code §§ 17200-17208).

28. "Released Parties" means Defendant and its affiliated companies, owners, parents, members, subsidiaries, related companies and business concerns, past and present, including successors and predecessors, and each of them, as well as each of their clients for whom Class Members performed services, insurers, partners, trustees, directors, shareholders, officers, agents, attorneys, servants and employees, past and present, and each of them.

29. "Request for Exclusion" means a written statement submitted by a Class Member indicating a request to be excluded from the Settlement. The Request for Exclusion must be in writing and (i) be signed or e-signed by the Class Member; (ii) contain the name, address, telephone number, and the last four digits of the Social Security number of the Class Member requesting exclusion; (iii) clearly state that the Class Member does not wish to be included in the Settlement; (iv) be returned by e-mail, fax, or mail to the Settlement Administrator at the specific email address, mailing address, and/or facsimile number; and (v) be e-mailed, faxed, or postmarked on or before the Response Deadline. The date of the e-mail, fax, or postmark on the return mailing envelope will be

JOINT STIPULATION OF CLASS ACTION AND PAGA SETTLEMENT AND RELEASE

Doc ID: 0bb836210e674b88d3155cd9562281908b330146

the exclusive means to determine whether a Request for Exclusion has been timely submitted. A Class Member who does not request exclusion from the Settlement will be deemed a Participating Class Member and will be bound by all terms of the Settlement, if the Settlement is granted final approval by the Court. Any Class Member who validly requests to be excluded from the Settlement will no longer be a member of the Settlement Class and will not have any right to object, appeal, or comment on the Settlement, but will remain as PAGA Member(s), and will receive an Individual PAGA Payment for the PAGA Released Claims if he or she is a PAGA Member. No later than ten (10) calendar days after the Response Deadline, the Settlement Administrator shall provide Class Counsel and Defense Counsel with a complete list of all Class Members who submitted a timely and valid Request for Exclusion.

30. "Response Deadline" means the deadline by which Class Members must e-mail, fax, or mail to the Settlement Administrator a valid Request for Exclusion, Notice of Objection, or Workshift Dispute. The Response Deadline will be forty-five (45) calendar days from the later of the initial mailing or emailing of the Settlement Notices by the Settlement Administrator unless the 45th day falls on a Sunday or Federal holiday, in which case the Response Deadline will be extended to the next day on which the U.S. Postal Service is open. The Response Deadline may also be extended by express agreement between Class Counsel and Defense Counsel. Under no circumstances, however, will the Administrator have the unilateral authority to extend the deadline for Class Members to submit a Request for Exclusion, Notice of Objection, or Workshift Dispute to the settlement.

31. "Settlement" means the final and complete disposition of the Action pursuant to this Stipulation of Settlement.

32. "Settlement Administrator" or "Administrator" means JND Legal Administration, the third-party settlement administrator agreed to by the Parties, to be approved by the Court for purposes of administering this settlement. The Parties each represent that they will not have any financial interest in the Settlement Administrator

JOINT STIPULATION OF CLASS ACTION AND PAGA SETTLEMENT AND RELEASE

Doc ID: 0bb836210e674b88d3155cd9562281908b330146

or otherwise have a relationship with the Settlement Administrator that could create a conflict of interest.

33. "Settlement Administration Costs" means the reasonable costs and fees of administering the Settlement to be paid from the Gross Settlement Amount, which are currently estimated not to exceed $39,220, exclusive of a second and/or third distribution pursuant to Paragraph 61(g)(1) & (2) (the final amount subject to reasonable adjustment based on particularities of the settlement administration and Court approval), including, but not limited to: (i) printing, emailing, mailing and re-mailing (if necessary) of Settlement Notices to Class Members; (ii) preparing and submitting to Class Members and government entities all appropriate tax filings and forms; (iii) computing the amount of and distributing Individual Settlement Awards, the Class Representative Service Award, and the Class Counsel Award; (iv) processing and validating Requests for Exclusion; (v) establishing a Qualified Settlement Fund, as defined by the Internal Revenue Code; (vi) calculating and remitting to the appropriate government agencies all employer and employee payroll tax obligations arising from the Settlement and preparing and submitting filings required by law in connection with the payments required by the Settlement; (vii) transmitting uncashed Individual Settlement Award payments to the designated and Court-approved *cy pres* beneficiary; and (viii) printing and mailing of all mandated Class Action Fairness Act (CAFA) Settlement Notices.

34. "Settlement Notice" means the Notice of Class Action Settlement, substantially in the form attached as **Exhibit 1**, which shall be subject to Court approval and which the Settlement Administrator shall mail and email to each Class Member containing: (i) information regarding the nature of the Action; (ii) a summary of the Settlement's principal terms; (iii) the Class definitions; (iv) the total number of Workshifts the respective Class Member worked for Defendant during the Class Period and PAGA Period (according to Defendant's best available records, and as further set forth in the definition of "Workshifts" herein); (v) the Class Member's estimated Individual Settlement Award, as well as the formula for calculating the Individual Settlement Award; (vi) the dates

JOINT STIPULATION OF CLASS ACTION AND PAGA SETTLEMENT AND RELEASE

Doc ID: 0bb836210e674b88d3155cd9562281908b330146

which comprise the Class and PAGA Periods; (vii) instructions on how to submit disputes regarding Workshifts, Requests for Exclusion, and/or Notices of Objection; (viii) the Response Deadline; and (ix) the claims to be released pursuant to the Settlement of the Action.

35.  "Workshifts" means the number of shifts worked by each Class Member for Defendant as a non-exempt nurse  assigned to work at COVID-19 testing and/or vaccination sites for San Bernardino County (including Arrowhead Regional Medical Center), or K-12 schools for LAUSD or Ginkgo in California during the Class Period (or, where used as part of the PAGA Payment calculation, during the PAGA Period). For purposes of payment, a Workshift shall be defined as any discrete period of time in a day during which the Class Member worked.  If there are two or more consecutive hours of time during which the Class Member is completely relieved of duty between periods of work time, then each period of work time will be considered a separate Workshift.  To the extent Defendant does not have information about shifts worked readily available due to gaps in electronic or paper time records, Defendant shall use its best available information, including extrapolations where necessary, to compute actual Workshifts, and shall provide that information to the Settlement Administrator.

36.  "Workshift Dispute" means a written statement that a Class Member disputes the number of Workshifts, as defined herein, and/or dates of employment, listed on his/her Settlement Notice.  Any such Workshift Dispute must be e-mailed, faxed or mailed to the Settlement Administrator by the Response Deadline. The date of the e-mail, fax, or postmark on the mailing envelope will be the exclusive means to determine whether a Workshift Dispute has been timely submitted. A valid Workshift Dispute must be in writing and contain: (i) the Class Member's full name, signature, address, telephone number, and the last four digits of his/her Social Security number; (ii) the number of Workshifts the Class Member contends is correct; and (iii) any evidence supporting his/her contention. The dates of employment identified for each Class Member in the applicable Class Lists and the number of Workshifts for each Class Member as defined herein will be

-12-

Doc ID: 0bb836210e674b88d3155cd9562281908b330146

presumed to be correct, unless a particular Class Member demonstrates otherwise to the Settlement Administrator by credible evidence. All Workshift Disputes will be resolved and decided by the Settlement Administrator, with consultation with Defense Counsel and Class Counsel as appropriate.

37. "Workshift Value" means the value of each compensable Workshift, as determined by the formula set forth herein.

## RECITALS

38. This Settlement is made and entered into by and between Plaintiff and Defendant, and is subject to the terms and conditions hereof, and to the Court's approval. The Parties expressly acknowledge that this Agreement is entered into solely for the purpose of compromising significantly disputed claims and that nothing herein is an admission of liability or wrongdoing by Defendant or the other Released Parties. The Released Parties deny that they are liable to Plaintiff or the Class Members and deny that they have violated any law.

39. Pleading History.

   a. On July 22, 2021, Plaintiff submitted the PAGA Notice to the LWDA for the purpose of complying with California Labor Code § 2699.3's notice requirement.

   b. Thereafter, the parties entered into a tolling agreement under which Defendant agreed to toll the statute of limitation effective October 8, 2021, on all claims based on alleged off-the-clock or meal or rest period violations under the California Labor Code, California Industrial Welfare Commission Wage Orders or Section 17200 of the California Business and Professions Code asserted on behalf of Plaintiff, the Class Members, and the aggrieved employees alleged herein. The purpose of the tolling agreement was to facilitate settlement discussions; however, the parties did not resolve the claims and Plaintiff thereafter provided notice to Defendant that she would file a class action complaint.

- 13 -

JOINT STIPULATION OF CLASS ACTION AND PAGA SETTLEMENT AND RELEASE

Doc ID: 0bb836210e674b88d3155cd9562281908b330146

c. On February 7, 2022, Plaintiff filed a class action and PAGA lawsuit in the Superior Court for the State of California, County of San Bernardino.

d. On May 19, 2022, Defendant filed a Notice of Removal to the United States District Court, Central District of California.

40. <u>Investigation</u>. Plaintiff's counsel diligently investigated the proposed Class Members' claims against Defendant, including applicable defenses and the applicable law, through the exchange of informal discovery and legal argument. After Plaintiff filed the Complaint, the Parties agreed to participate in an initial mediation.

41. <u>Document Production</u>. Before and in connection with the mediation, Defendant produced documents for Plaintiff's review. The documents included the written information and instructions provided to nurses concerning timecard completion, timecard protocol, and meal break requirements and procedures. They also included Defendant's Travel Assignment Contract for nurses in California, which also showed Defendant's policies regarding hourly pay, recording hours worked, and meal and rest periods. Additionally, Defendant produced a copy of Defendant's mandatory arbitration agreement, which contains a class and collective action waiver, among other provisions.

42. <u>Data Production</u>. Defendant also produced data showing the following information for each putative class member: (a) the job title of the nurse; (b) the date of each Workshift; (b) the hours clocked-in for each Workshift; (c) the hourly pay rate paid for each Workshift; (d) the location of the assignment for each Workshift; and (e) the type of service corresponding to each Workshift (e.g. COVID-19 testing and/or vaccination, hospital work, school services, etc.) Defendant also provided workweek information from which the number of wage statements issued to each Class Member could be calculated.

43. After the initial mediation, Defendant also provided confirmatory discovery regarding the data sources for the composition of the class list, hours worked and shift counts; meal and rest period premium totals; additional information regarding client types including assignments on which RCM was the subcontractor for another

JOINT STIPULATION OF CLASS ACTION AND PAGA SETTLEMENT AND RELEASE

Doc ID: 0bb836210e674b88d3155cd9562281908b330146

professional staffing agency; and additional timekeeping and meal and rest break policies.

44.  This foregoing production of documents and data allowed Plaintiff to conduct an exposure analysis.

45.  <u>First Mediation</u>. On December 7, 2022, Defendant and Plaintiff participated in a full-day mediation with Michael Loeb, Esq.  That evening, Mr. Loeb issued a mediator's proposal.  The Parties accepted the mediator's proposal; however, the Court denied approval of the settlement.

46.  <u>Discovery</u>.  Following the initial mediation, the parties engaged in substantial written discovery, additional data production and depositions. Defendant produced additional documents and data beyond what was earlier produced. This consisted of class member contact information and additional policies and additional procedures applicable to California placements during the putative class period, as well as timecards, acknowledgments of timekeeping, meal period and rest break policies, signed meal period waivers, and arbitration agreements. Plaintiff also propounded, and Defendant answered, interrogatories regarding the breakdown of assignment types and work settings for Class Members, including related information pertaining to that breakdown. Defendant also supplemented information produced previously in the case showing, by employee ID, the daily work hours recorded, the type of service being provided, the applicable wage rates, and related information. Defendant took the deposition of the named Plaintiff. Plaintiff took the deposition of Defendant's Director of National Recruiting, and the deposition of Defendant's 30(b)(6) designee on topics including: the work assignments, settings, and job duties of the putative class members; the policies, procedures, and practices pertaining to meal and rest periods; the policies, procedures, and practices pertaining to wages and compensation of putative class members; and the policies, procedures, and practices pertaining to approval and/or payment of overtime and double time, amongst other topics.  Plaintiff also interviewed putative class members and collected signed declarations.  On June 21, 2024, Plaintiff filed a motion for class

Doc ID: 0bb836210e674b88d3155cd9562281908b330146

certification.

47.  Second Mediation.  Informed by this further investigation and discovery, the Parties engaged in a second day-long mediation on July 2, 2024, with mediator Michael Loeb.  That evening, Mr. Loeb issued a mediator's proposal settling the case as to a narrower class, shorter class period, and higher per class member recovery than under the previous settlement agreement, which the Parties accepted.

48.  Benefits of Settlement to Plaintiff and the Class Members.  Plaintiff and Class Counsel recognize the expense and length of continued proceedings necessary to litigate Plaintiff's disputes in the Action through trial and through any possible appeals.  Plaintiff also has taken into account the uncertainty and risks of the outcome of further litigation, and the difficulties and delays inherent in such litigation.  Plaintiff and Class Counsel are also aware of the burdens of proof necessary to establish liability for the claims asserted in the Action, both generally and in response to Defendant's defenses thereto, and the risks and uncertainties in establishing damages, penalties, restitution, and other relief sought in the Action.  Plaintiff and Class Counsel also have taken into account Defendant's agreement to enter into a settlement that confers substantial benefits upon the Class Members. Based on the foregoing, Plaintiff and Class Counsel have determined that the Settlement set forth in this Stipulation of Settlement is fair, adequate, and reasonable and is in the best interests of all Class Members.

49.  Defendant's Position.  Defendant has concluded that further defense of the Action would be protracted and expensive.  Substantial amounts of Defendant's time, energy, and resources have been, and unless this Settlement is completed, shall continue to be, devoted to the defense of the claims asserted by Plaintiff.  Defendant has also taken into account the risks of further litigation in reaching its decision to enter into this Settlement.  Defendant denies Plaintiff's allegations, and will stipulate for settlement purposes only that Plaintiff is a suitable class representative or aggrieved employee, and reserves all rights in the event this settlement is not approved, including the right to contest suitability for class certification on any basis.  This Stipulation of Settlement is a

JOINT STIPULATION OF CLASS ACTION AND PAGA SETTLEMENT AND RELEASE

Doc ID: 0bb836210e674b88d3155cd9562281908b330146

compromise of disputed claims.  Nothing contained in this Stipulation of Settlement, no documents referred to herein, and no action taken to carry out this Stipulation of Settlement, shall be construed or used as an admission by or against Defendant as to the merits or lack thereof of the claims asserted in the Action.  In the event this Settlement does not obtain final approval, Defendant retains all rights to defend itself in this matter and to take any actions in defense of itself that are available to Defendant.

## CLASS CERTIFICATION

50.  Solely for purposes of settling the Action, and not for purposes of class certification should the Settlement not be approved or for any other reason, the Parties stipulate and agree that the requisites for establishing class certification with respect to the Settlement Class have been met and are met.  More specifically, for purposes of settlement only, the Parties stipulate and agree that:

    a.  The Settlement Class is ascertainable and so numerous as to make it impracticable to join all Class Members;

    b.  There are common questions of law and fact;

    c.  Plaintiff's claims are typical of the claims of the Class Members;

    d.  Plaintiff and Class Counsel will fairly and adequately protect the interests of the Class Members;

    e.  The prosecution of separate actions by individual Class Members would create the risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct; and

    f.  Questions of law and fact common to the Class Members predominate over any questions affecting any individual Class Member, and a class action is superior to other available means for the fair and efficient adjudication of the controversy.

51.  Should this Settlement not be finally approved or be terminated, all stipulations set forth in the immediately preceding Paragraph shall be null and void and shall not be admissible for any purpose whatsoever.

-17-

JOINT STIPULATION OF CLASS ACTION AND PAGA SETTLEMENT AND RELEASE

Doc ID: 0bb836210e674b88d3155cd9562281908b330146

# TERMS OF SETTLEMENT

NOW THEREFORE, in consideration of the mutual covenants, promises, and agreements set forth herein, the Parties agree, subject to the Court's approval, as follows:

52. <u>Binding Settlement</u>.  This Settlement shall bind the Parties, all Participating Class Members, and PAGA Members, subject to the terms and conditions hereof and the Court's approval.

53. <u>Settlement Consideration.</u> Defendant shall pay the sum of the Gross Settlement Amount of One Million Six Hundred Fifty Eight Thousand Four Hundred Ten Dollars ($1,658,410.00), plus any amount required by the Escalator Clause at Paragraph 68 below, if that clause is triggered, as specified in this Agreement in full satisfaction of all claims arising from the Action, which shall be used to pay: (1) Individual Settlement Payments; (2) Class Counsel Award; (3) Class Representative Service Award; (4) Settlement Administration Costs to the Settlement Administrator; and (5) the PAGA Settlement Amount (including LWDA payment). The Parties agree that this is a non-reversionary Settlement and that no portion of the Gross Settlement Amount shall revert to Defendant.  With the express exception of employer-side payroll taxes to be paid by Defendant, in no event will Defendant, or any of the Released Parties be required to pay more than the Gross Settlement Amount.

54. <u>PAGA Settlement Amount</u>. Subject to Court approval, the Parties agree that the amount of One Hundred Sixty Five Thousand Eight Hundred and Forty One Dollars ($165,841.00) of the Gross Settlement Amount shall be designated for satisfaction of claims for civil penalties under the PAGA. The Settlement Administration shall pay seventy-five percent (75%) of the PAGA Settlement Amount, i.e., the sum of One Hundred Twenty Four Thousand Three Hundred and Eighty Dollars and Seventy Five Cents ($124,380.75), to the LWDA. The remaining twenty-five percent (25%), i.e., the sum of Forty One Thousand Four Hundred and Sixty Dollars and Twenty Five Cents ($41,460.25), shall be part of the Net Settlement Amount to be distributed to PAGA Members — as per this Agreement.

- 18 -

Doc ID: 0bb836210e674b88d3155cd9562281908b330146

55. <u>Tax Liability</u>.  The Parties make no representations as to the tax treatment or legal effect of the payments specified herein, and Participating Class Members and PAGA Members are not relying on any statement or representation by the Parties, Class Counsel or Defense Counsel in this regard.  Participating Class Members and PAGA Members, as well as Class Counsel, understand and agree that they shall be solely and legally responsible for the payment of all applicable taxes and penalties assessed on the payments specified herein.

56. <u>Circular 230 Disclaimer</u>.  The Parties acknowledge and agree that (i) no provision of this Stipulation of Settlement, and no written communication or disclosure between or among the Parties, Class Counsel or Defense Counsel and other advisers, is or was intended to be, nor shall any such communication or disclosure constitute or be construed or be relied upon as, tax advice within the meaning of United States Treasury Department Circular 230 (31 CFR Part 10, as amended); (ii) the acknowledging party (a) has relied exclusively upon his, her, or its own, independent legal and tax counsel for advice (including tax advice) in connection with this Stipulation of Settlement, (b) has not entered into this Stipulation of Settlement based upon the recommendation of any other party or any attorney or advisor to any other party, and (c) is not entitled to rely upon any communication or disclosure by any attorney or adviser to any other party to avoid any tax penalty that may be imposed on the acknowledging party; and (iii) no attorney or adviser to any other party has imposed any limitation that protects the confidentiality of any such attorney's or adviser's tax strategies (regardless of whether such limitation is legally binding) upon disclosure by the acknowledging party of the tax treatment or tax structure of any transaction, including any transaction contemplated by this Stipulation of Settlement.

57. <u>Preliminary Approval of Settlement</u>. Class Counsel will reserve a date for a hearing on Plaintiff's Motion for Preliminary Approval to take place at a time mutually agreed to by the Parties so that the Parties may request provisional certification of the Settlement Classes for settlement purposes only and the setting of a Final Approval

Doc ID: 0bb836210e674b88d3155cd9562281908b330146

Hearing date.  The Parties agree to work diligently and cooperatively to have this Settlement presented to the Court for preliminary approval.  Plaintiff shall provide Defense Counsel with a reasonable opportunity to review and provide comments on the draft Preliminary Approval pleadings, including the proposed Order, prior to Plaintiff submitting the Motion for Preliminary Approval to the Court.

58. Release by All Participating Class Members.  All Participating Class Members, including Plaintiff, shall be deemed to have released their respective Released Claims against the Released Parties upon the date on which the payment of the Gross Settlement Amount is made by Defendant.  Plaintiff and Class Members who do not submit a valid Request for Exclusion will be deemed to have fully, finally and forever released, settled, compromised, relinquished, and discharged with respect to all of the Released Parties for any and all Released Claims that accrued during the Class Period. Each Participating Class Member (*i.e.*, each Class Member who has not submitted a valid Request for Exclusion) fully releases and discharges the Released Parties as to all Released Claims during the Class Period.

59. PAGA Release by LWDA and All PAGA Members.  All PAGA Members, including Plaintiff, and the LWDA, shall be deemed to have released their respective PAGA Released Claims against the Released Parties upon the date on which the payment of the Gross Settlement Amount is made by Defendant.  It is understood that Class Members and PAGA Members will not have the opportunity to request exclusion from, or object to, the PAGA Release.  Further, all Class Members, the LWDA, and PAGA Members are bound by the PAGA Release regardless of whether they cash and/or otherwise negotiate an Individual PAGA Payment.

60. Additional Release and Waiver of Claims by Plaintiff.  In addition to the release of Released Claims and PAGA Released Claims against the Released Parties, as set forth above, Plaintiff, in her individual capacity, agrees to release the Released Parties from any and all claims, known and unknown, under federal, state and/or local law, statute, ordinance, regulation, common law, or other source of law, arising as of the date of

-20-

Doc ID: 0bb836210e674b88d3155cd9562281908b330146

execution of this Agreement including but not limited to claims arising from or related to her employment with Defendant and her compensation while an employee of Defendant ("Plaintiff's Released Claims").   Plaintiff's Released Claims include all claims, whether known or unknown.  Even if Plaintiff discovers facts in addition to or different from those that she now knows or believes to be true with respect to the subject matter of Plaintiff's Released Claims, those claims will remain released and forever barred.  To effect a full and complete general release as described above, Plaintiff expressly waives and relinquishes all rights and benefits of section 1542 of the Civil Code of the State of California, and does so understanding and acknowledging the significance and consequence of specifically waiving section 1542. Section 1542 of the Civil Code of the State of California states as follows:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Thus, notwithstanding the provisions of Section 1542, and to implement a full and complete release and discharge of the Released Parties, Plaintiff expressly acknowledges this Stipulation of Settlement is intended to include in its effect, without limitation, all claims Plaintiff does not know or suspect to exist in Plaintiff's favor at the time of signing this Stipulation of Settlement, and that this Stipulation of Settlement contemplates the extinguishment of any such claims. Plaintiff warrants that she has read this Stipulation of Settlement, including this waiver of California Civil Code section 1542, and that Plaintiff has consulted with or had the opportunity to consult with counsel of Plaintiff's choosing about this Stipulation of Settlement and specifically about the waiver of section 1542, and that Plaintiff understands this Stipulation of Settlement and the section 1542 waiver, and so Plaintiff freely and knowingly enters into this Stipulation of Settlement. Plaintiff further acknowledges that Plaintiff later may discover facts different from or in addition to those Plaintiff now know or believe to be true regarding the matters released or described in this

Stipulation of Settlement, and even so Plaintiff agrees that the releases and agreements contained in this Stipulation of Settlement shall remain effective in all respects notwithstanding any later discovery of any different or additional facts. Plaintiff expressly assumes any and all risk of any mistake in connection with the true facts involved in the matters, disputes, or controversies released or described in this Stipulation of Settlement or with regard to any facts now unknown to Plaintiff relating thereto.

61. Settlement Administration.

a. Within fourteen (14) calendar days of entry of the Preliminary Approval Order, Defendant shall provide the Settlement Administrator with the Class List for purposes of emailing and mailing the Settlement Notices to Class Members. No later than three (3) business days after receipt of the Class Data, the Settlement Administrator shall notify Class Counsel that the list has been received and state the number of Class Members and Workshifts in the Class Data. The Administrator must maintain the Class List as private and confidential, use the Class List only for purposes of this Settlement, and restrict access to the Class List to Administrator employees who need access to the Class Data. However, the Administrator may share an individual Class Member's Class Data with both RCM Counsel and Class Counsel simultaneously (and in no event share only with Class Counsel) in response to affirmative outreach from the individual Class Member and only the amount of that Class Member's Class Data as is necessary to resolve the issue and as necessary for Class Counsel to fulfill their duties to the Class with respect to this Settlement. Class Counsel shall not use Class Data to solicit clients or for any reason other than the administration of the Settlement. Defendant has a continuing duty to immediately notify the Administrator and Class Counsel if it discovers that the Class Data omitted a Class Member and to provide corrected Class Data as soon as reasonably feasible. Without any extension of the deadline by which Defendant must send the Class Data to the Administrator, the Parties and their counsel will expeditiously use best efforts, in good faith, to reconstruct or otherwise resolve any issues related to missing or omitted Class Data.

- 22 -

JOINT STIPULATION OF CLASS ACTION AND PAGA SETTLEMENT AND RELEASE

Doc ID: 0bb836210e674b88d3155cd9562281908b330146

i.    <u>Notice by email and First Class U.S. Mail</u>.  Upon receipt of the Class List, the Settlement Administrator shall perform a search based on the National Change of Address Database maintained by the United States Postal Service to update and correct any known or identifiable address changes.  Within fourteen (14) calendar days after receiving the Class List from Defendant as provided herein, the Settlement Administrator shall send copies of the Settlement Notice to all Class Members via regular First-Class U.S. Mail and email to all Class Members for whom Defendant possesses an email address. The Settlement Administrator shall exercise its best judgment to determine the current mailing address for each Class Member. The address identified by the Settlement Administrator as the current mailing address shall be presumed to be the most current mailing address for each Class Member.  The Parties agree that this procedure for notice complies with due process.

ii.    <u>Undeliverable Settlement Notices</u>.  Any Settlement Notice returned to the Settlement Administrator as non-deliverable on or before the Response Deadline shall be re-mailed to the forwarding address affixed thereto within three (3) business days of receipt of the returned Settlement Notice by the Settlement Administrator.   If no forwarding address is provided, the Settlement Administrator shall attempt to determine a correct address by the use of skip-tracing, or other type of automated search, using the name, address and/or Social Security number of the Class Member involved, and shall then perform a re-mailing to the Class Member whose Settlement Notice was returned as non-deliverable within five (5) calendar days of receipt of the returned Settlement Notice by the Settlement Administrator, assuming another mailing address is identified by the Settlement Administrator. Class Members who are sent a re-mailed Settlement Notice shall have their Response Deadline extended by the number of calendar days that elapsed from the date that the Class Member's original Settlement Notice was mailed to the date the Settlement Administrator re-mails the Settlement Notice.   In the event a re-mailed Settlement Notice is returned as undeliverable without a forwarding address and the Settlement Administrator cannot verify a correct address for the Class Member even through skip-tracing, the Parties will make reasonable efforts to search for a current

JOINT STIPULATION OF CLASS ACTION AND PAGA SETTLEMENT AND RELEASE

Doc ID: 0bb836210e674b88d3155cd9562281908b330146

email address for the Class Member and, if one is located, provide it to the Settlement Administrator to send the Settlement Notice to the Class Member.  If these procedures are followed, notice to Class Members shall be deemed to have been fully satisfied, and if the intended recipient of the Settlement Notice does not receive the Settlement Notice, the intended recipient shall nevertheless remain a Class Member and shall be bound by all terms of the Settlement and the Final Order and Judgment.

iii.    Settlement Website.  From the date on which the Settlement Notice is first mailed or emailed pursuant to Section 61(a)(i), above, until the date on which the final Settlement Awards and Individual PAGA Payments are sent to Participating Class Members, the Settlement Administrator shall host an informational settlement website.  The settlement website will contain the Settlement Notice, Settlement Agreement, Motion for Preliminary Approval of the Settlement Agreement, and Motion for Attorneys' Fees and Costs and Service Award.  The parties will agree upon a neutrally worded URL for the website.  The website will contain no advertising or promotional materials.  The purpose of the website is purely informational and to effectuate best practicable notice.

iv.    Determination of Individual Settlement Awards and Individual PAGA Payments.  The Settlement Administrator shall determine the eligibility for, and the amounts of, each Individual Settlement Award and Individual PAGA Payment under the terms of this Stipulation of Settlement, based on the Workshift and Adjusted Workshift information provided by Defendant as defined above.  The Settlement Administrator's determination of the eligibility for and amount of each Individual Settlement Award and Individual PAGA Payment shall be binding upon the Class Members and the Parties; however, it is subject to Court review as appropriate.

b.    Certification Reports Regarding Individual Settlement Award Calculations.  The Settlement Administrator will provide Defense counsel and Class Counsel a weekly report which certifies: (i) the number of Class Members who have submitted valid Requests for Exclusion or Notices of Objections; and (ii) whether any Class Member has

- 24 -

JOINT STIPULATION OF CLASS ACTION AND PAGA SETTLEMENT AND RELEASE

submitted a challenge to any information contained in their Settlement Notice, including but not limited to the number of Class Members from the Settlement Classes who have submitted a Workshift Dispute.

c.    <u>Best Efforts</u>.  The Parties agree to use their best efforts to carry out the terms of this Settlement.

d.    <u>Funding and Allocation of Gross Settlement Amount</u>.  No later than the date scheduled for the final fairness hearing, the Settlement Administrator shall provide Defendant with instructions for remitting payment of the Gross Settlement Amount into a Qualified Settlement Fund being maintained by the Settlement Administrator.  Within seven (7) calendar days after the Effective Date, Defendant shall pay the Gross Settlement Amount into the Qualified Settlement Fund maintained by the Settlement Administrator. Within ten (10) calendar days after the Effective Date, the Settlement Administrator shall provide Defendant with final funding calculations, including employer-side taxes to be paid separately to the Gross Settlement Amount, as well as instructions for remitting payment.  Defendant shall then pay the employer-sided taxes within fourteen (14) calendar days after the Effective Date.  Defendant shall provide the Gross Settlement Amount and employer-side taxes to the Settlement Administrator in any feasible manner, including, but not limited to, by way of a wire transfer. If this Settlement is not finally approved by the Court in full, or is terminated, rescinded, canceled, or fails to become effective for any reason, or if the Effective Date does not occur, then no portion of the Gross Settlement Amount shall be paid.

e.    <u>Payments to the Class Members</u>.  Class Members shall not be required to submit a claim in order to receive a share of the Net Settlement Amount or an Individual PAGA Payment, and no portion of the Gross Settlement Amount shall revert to Defendant or result in an unpaid residue.  The Settlement Administrator shall first compute the Net Settlement Amount by deducting from the Gross Settlement Amount approved by the Court for the Class Counsel Award, Class Representative Service Award, PAGA Payment, and Settlement Administration Costs.  To the extent the Court

JOINT STIPULATION OF CLASS ACTION AND PAGA SETTLEMENT AND RELEASE

Doc ID: 0bb836210e674b88d3155cd9562281908b330146

does not approve the full requested attorneys' fees, litigation costs, enhancement payments or settlement administration costs, the Net Settlement Amount will increase accordingly, by the difference between the requested amount and the amount awarded by the Court.

    f.   <u>Individual Settlement Award</u>: From the Net Settlement Amount, the Settlement Administrator will calculate each Individual Settlement Award as follows:

        i.    The Settlement Administrator will weight each Workshift to calculate Adjusted Workshifts based on assignment type as follows:

          (1)  Ginkgo Bioworks = 1.00 Adjusted Workshift due to the shorter average shift length (4.7 hours) and shifts that were guaranteed paid for 6 hours, regardless of whether worked in whole or in part;

          (2)  LAUSD and San Bernardino County (pop up sites and Arrowhead Regional Medical Center) = 1.50 Adjusted Workshift.

        ii.    The Settlement Administrator will divide the General Claim Fund by the total number of Adjusted Workshifts, resulting in the Adjusted Workshift Value.

        iii.    The Settlement Administrator will calculate each Participating Class Member's share of the General Claim Fund by multiplying the Adjusted Workshift Value by the number of Adjusted Workshifts worked by that Participating Class Member;

        iv.    All Workshift Disputes will be resolved and decided by the Settlement Administrator, in consultation with Class Counsel and/or Defense Counsel, as appropriate.

    g.   <u>Individual PAGA Payment</u>: The Settlement Administrator will calculate each PAGA Member's Individual PAGA Payment by dividing the 25% of the PAGA Payment to be distributed to PAGA Members by the total number of Pay Periods during the PAGA Period for all PAGA Members, resulting in the PAGA Pay Period Value; and then multiplying the PAGA Pay Period Value by the number of Pay Periods for each PAGA Member during the PAGA Period, as defined above.

-26-

JOINT STIPULATION OF CLASS ACTION AND PAGA SETTLEMENT AND RELEASE

Doc ID: 0bb836210e674b88d3155cd9562281908b330146

i.      Individual Settlement Award and Individual PAGA Payments shall be mailed by the Settlement Administrator by regular First Class U.S. Mail to each Participating Class Member and/or PAGA Member's last known mailing address (including any updated address obtained from the mailing of the Settlement Notice) within ten (10) calendar days after Defendant provides the Settlement Administrator with the Gross Settlement Amount and employer-side taxes.  Prior to mailing the Individual Settlement Awards and the Individual PAGA Payments, the Settlement Administrator shall perform a search based on the National Change of Address Database maintained by the United States Postal Service to update and correct any known or identifiable address changes.  The Settlement Administrator shall also attempt at least one re-mailing of any Individual Settlement Award returned as undeliverable to any forwarding address provided and, if no forwarding address is provided, the Settlement Administrator will perform at least one skip-trace and re-mailing the Individual Settlement Award to any updated address obtained.

ii.      Individual Settlement Awards shall be allocated as follows: one-third (33%) as alleged unpaid wages subject to all applicable tax withholdings; one-third (33%) as alleged unpaid interest; and one-third (33%) as alleged unpaid penalties. Individual PAGA Awards shall be allocated as alleged unpaid civil penalties for which an IRS Form 1099 shall be issued.  The Settlement Administrator shall issue an IRS Form W-2 to each Participating Class Member for the portion of each Individual Settlement Award payment allocated as alleged unpaid wages and subject to all applicable tax withholdings.  The Settlement Administrator shall issue an IRS Form 1099 to each Participating Class Member and PAGA Member for the portion of each Individual Settlement Award and for the Individual PAGA Payment allocated as alleged unpaid nonwage penalties and interest and not subject to payroll tax withholdings, to the extent such issuance is required by law.  The Settlement Administrator shall calculate the amount of the Employer's Share of Payroll Taxes and shall remit and report the applicable portions of the payroll tax payment to the appropriate taxing authorities in a

JOINT STIPULATION OF CLASS ACTION AND PAGA SETTLEMENT AND RELEASE

Doc ID: 0bb836210e674b88d3155cd9562281908b330146

timely manner. Defendant will be responsible for paying its portion of the Payroll Taxes and this amount will not be deducted from the GSA.

iii.    Participating Class Members will have 180 days to cash the settlement checks sent by the Settlement Administrator.  After the expiration of the 180-day period, the Settlement Administrator will prepare and provide to the parties a report regarding the distribution of the Gross Settlement Amount, including the total amount that was cashed/deposited by Participating Class Members and the total amount of any uncashed settlement checks.

(1)  If after 180 calendar days of mailing, the checks cashed by Class Members total less than 100% of the Net Settlement Amount, and if the amount remaining in the Qualified Settlement Fund is larger than the cost of a second distribution, and if the amount in the Qualified Settlement Fund permits more than a de minimis second payment to Class Members who timely cashed their first settlement check, the Settlement Administrator will conduct a second round of check distributions to those Participating Class Members who cashed their initial settlement checks within the 180-day check cashing deadline. In the case of such second distribution, the Settlement Administrator will calculate the Settlement awards according to the same formula set forth in Paragraph 61(f), above, except that the Adjusted Workshift Value will be determined by dividing (a) the amount remaining in the Qualified Settlement Fund after the first distribution of settlement checks, less the administration costs of the second distribution, by (b) the total number of Adjusted Workshifts of the Participating Class Members who cashed their first settlement checks within the 180-day check cashing deadline.  Participating Class Members will have 90 days to cash the second distribution settlement checks sent by the Settlement Administrator.

(2)  If after 90 calendar days of mailing of the second distribution settlement

-28-

Doc ID: 0bb836210e674b88d3155cd9562281908b330146

checks, the checks cashed by Class Members total less than 100% of the amount remaining in the Qualified Settlement Fund, and if the amount remaining in the Qualified Settlement Fund is larger than the cost of a third distribution, and if the amount in the Qualified Settlement Fund permits more than a de minimis third payment to Class Members who timely cashed their second check, the Settlement Administrator will conduct a third round of check distributions to those Participating Class Members who cashed their second settlement checks within the 90-day check cashing deadline. In the case of such third distribution, the Settlement Administrator will calculate the Settlement awards according to the same formula set forth in Paragraph 61(f), above, except that the Adjusted Workshift Value will be determined by dividing (a) the amount remaining in the Qualified Settlement Fund after the second distribution of settlement checks, less the administration costs of the third distribution, by (b) the total number of Adjusted Workshifts of the Participating Class Members who cashed their second settlement checks within the 90-day check cashing deadline. Participating Class Members will have 60 days to cash the third distribution settlement checks sent by the Settlement Administrator.

(3)   The total amount of any uncashed settlement checks remaining after expiration of the check-cashing period for the last distribution of settlement checks required by the foregoing provisions will be transmitted by the Settlement Administrator to a Court-approved *cy pres* beneficiary.  No later than the deadline for filing the Motion for Final Approval, the Parties shall agree upon one or more potential *cy pres* recipients and submit same to the Court for its consideration and approval; if the Parties cannot reach agreement on the *cy pres* recipient(s), they shall file separate proposals no later than the deadline for filing the Motion for Final Approval.

iv.       In the event a Participating Class Member and/or PAGA Member fails

-29-

JOINT STIPULATION OF CLASS ACTION AND PAGA SETTLEMENT AND RELEASE

Doc ID: 0bb836210e674b88d3155cd9562281908b330146

to cash/deposit his or her Individual Settlement Award check and/or Individual PAGA Payment check, the Participating Class Member and/or PAGA Member shall nevertheless remain bound by the Settlement.

v.     All monies received by Class Members under the Settlement which are attributable to wages shall constitute income to such Class Members solely in the year in which such monies actually are received by the Class Members.  It is expressly understood and agreed that the receipt of Individual Settlement Awards shall not entitle any Class Member to additional compensation or benefits under any collective bargaining agreement or under any bonus, contest or other compensation or benefit plan or agreement in place during the periods covered by the Settlement, nor shall it entitle any Class Member to any increased pension and/or retirement, or other deferred compensation benefits. It is the intent of the Parties that the Individual Settlement Awards and Individual PAGA Payments provided for in this Stipulation of Settlement are the sole payments to be made by Defendant to Class Members in connection with this Settlement, with the exception of Plaintiff, and that the Class Members are not entitled to any new or additional compensation or benefits as a result of having received the Individual Settlement Awards and/or and Individual PAGA Payments.

h.     Class Representative Service Award.   For the purposes of this Settlement only, the Parties agree to the designation of Plaintiff as the class representative.   In recognition of her time and effort in bringing and presenting the Action, Plaintiff shall request a Class Representative Service Award not to exceed Five Thousand Dollars and No Cents ($5,000.00).   Plaintiff's request for such Class Representative Service Award shall be subject to approval from the Court. Defendant agrees not to oppose or object to Plaintiff's request for a Class Representative Service Award in an amount not to exceed this amount.  The Class Representative Service Award will be in addition to Plaintiff's Individual Settlement Payment and PAGA Payment paid pursuant to the Settlement.  The Settlement Administrator shall issue an IRS Form 1099 to Plaintiff for her Class Representative Service Award.  Plaintiff shall be solely and

-36-

JOINT STIPULATION OF CLASS ACTION AND PAGA SETTLEMENT AND RELEASE

Doc ID: 0bb836210e674b88d3155cd9562281908b330146

legally responsible to pay any and all applicable taxes on her Class Representative Service Award.  Any amount requested by Plaintiff for the Class Representative Service Award and not awarded by the Court shall become part of the Net Settlement Amount and shall be distributed to Participating Class Members as part of their Individual Settlement Awards.

i.    Class Counsel Award.  Defendant agrees not to oppose or impede any application or motion by Class Counsel for attorneys' fees in an amount up to twenty-five percent (25%) of the Gross Settlement Amount, which amounts to Four Hundred Fourteen Thousand Six Hundred Two Dollars and Fifty Cents ($414,602.50).  In addition, Defendant agrees not to oppose or impede any application or motion by Class Counsel to request an award of costs associated with Class Counsel's prosecution of the Action up to Fifty Thousand Dollars and No Cents ($50,000.00).  Class Counsel's request for such attorneys' fees and costs shall be subject to approval from the Court.  In the event the Court awards Class Counsel less than the requested amount of attorneys' fees and/or costs, the difference shall become part of the Net Settlement Amount and shall be distributed to Participating Class Members as part of their Individual Settlement Awards.  Class Counsel shall be solely and legally responsible to pay all applicable taxes on the Class Counsel Award.    Class Counsel shall provide the Settlement Administrator with properly completed and signed copies of IRS Form W-9 in order for the Settlement Administrator to process the Class Counsel Award approved by the Court.  The Settlement Administrator shall issue an IRS Form 1099 to Class Counsel for the Class Counsel Award.

62.  Settlement Administration Costs.  The Settlement Administration fees and expenses, which are estimated at this time not to exceed $39,220, exclusive of a second and/or third distribution pursuant to Paragraph 61(g)(1) & (2) (the final amount subject to Court approval), shall be paid from the Gross Settlement Amount.  Prior to Plaintiff filing a Motion for Final Approval of the Settlement, the Settlement Administrator shall provide the Parties with a statement detailing the Settlement Administration Costs to

JOINT STIPULATION OF CLASS ACTION AND PAGA SETTLEMENT AND RELEASE

Doc ID: 0bb836210e674b88d3155cd9562281908b330146

date.  The Parties agree to cooperate in the Settlement Administration process and to make all reasonable efforts to control and minimize Settlement Administration Costs.

a.  The Parties each represent they do not have any financial interest in the Settlement Administrator or otherwise have a relationship with the Settlement Administrator that could create a conflict of interest.

b.  The Settlement Administrator shall keep the Parties timely apprised of the performance of all Settlement Administrator responsibilities required by the Settlement.  The Settlement Administrator shall be authorized to establish a Qualified Settlement Fund ("QSF") pursuant to IRS rules and regulations in which the Gross Settlement Amount shall be placed and from which payments required by the Settlement shall be made.

63.  <u>Payroll Taxes</u>.  In accordance with this Settlement and to the fullest extent possible, the Gross Settlement Amount shall resolve, satisfy and completely extinguish all of Defendant's liability with respect to the Class Members and PAGA Members, except that Defendant shall solely be responsible for the employer portion of the payroll taxes on the portion of the Individual Settlement Awards that constitutes wages and these taxes shall be paid by Defendant in addition to the GSA. Upon the transfer of the Gross Settlement Amount and the employer portion of payroll taxes on the portion of the Individual Settlement Awards that constitutes wages, Defendant shall have no further payment or defense obligation whatsoever with respect to any claims covered by this Settlement made or asserted by any person or entity anywhere in the world in connection with the Class Members.

64.  <u>Final Settlement Approval Hearing and Entry of Final Order and Judgment</u>. Following expiration of the Response Deadline, a Final Approval Hearing shall be conducted by the Court for the Court to determine whether to grant final approval of the Settlement, including determining the amounts properly payable for: (i) the Class Counsel Award; and (ii) the Class Representative Service Award. Prior to the Final Approval Hearing, the Settlement Administrator shall provide a written report or declaration to the

JOINT STIPULATION OF CLASS ACTION AND PAGA SETTLEMENT AND RELEASE

Doc ID: 0bb836210e674b88d3155cd9562281908b330146

Parties describing the process and results of the administration of the Settlement to date, which report or declaration shall be filed by Plaintiff with the Court prior to the Final Approval Hearing. The Parties agree to work diligently and cooperatively to have this Settlement presented to the Court for final approval.  Plaintiff will present the draft moving papers for any motion for final settlement approval to counsel for Defendant no fewer than three (3) business days before filing any such motion.

65.  <u>Duties of the Parties Prior to Court Approval</u>.  The Parties shall promptly submit this Settlement Agreement to the Court in support of Plaintiff's Motion for Preliminary Approval and determination by the Court as to its fairness, adequacy, and reasonableness.  Promptly upon execution of this Settlement Agreement, the Parties shall apply to the Court for the entry of an order scheduling a fairness hearing on the question of whether the proposed Settlement, including payment of Class Counsel's attorneys' fees and costs, the Class Representative's Service Award payment, and the PAGA Payment, should be finally approved as fair, reasonable and adequate as to the members of the Settlement Classes.  As part of Plaintiff's Motion for Preliminary Approval, Plaintiff shall also apply to the Court for the entry of an Order as follows:

a. Certifying the Settlement Classes for settlement purposes only;

b. Approving, as to form and content, the proposed Settlement Notice;

c. Approving the manner and method for Class Members to object or request exclusion from the Settlement, as contained herein and within the Settlement Notice;

d. Directing the mailing of the Settlement Notices to Class Members, by first class mail;

e. Preliminarily approving the Settlement subject only to the objections of Class Members and final review by the Court; and

f. Setting a Final Approval Hearing.

- 33 -

JOINT STIPULATION OF CLASS ACTION AND PAGA SETTLEMENT AND RELEASE

Doc ID: 0bb836210e674b88d3155cd9562281908b330146

66. <u>Duties of the Parties Following Final Approval</u>.  Following final approval by the Court of the Settlement provided for in this Settlement Agreement, Class Counsel will submit a proposed Final Order of Approval and Judgment:

    a.  Approving the Settlement, adjudging the terms thereof to be fair, reasonable and adequate, and directing consummation of its terms and provisions;

    b.  Approving Class Counsel's application for an award of attorneys' fees and costs;

    c.  Approving the Class Representative Service Award payment to Plaintiff;

    d.  Setting a date when the Parties shall submit the Final Report regarding the distribution of the Gross Settlement Amount, and, if necessary a date for a final accounting hearing following its receipt of the Final Report;

    e.  Entering judgment in this Action barring and enjoining all members of the Settlement Classes from prosecuting against any of the Released Parties, any individual or class, or representative claims released herein pursuant to the Settlement Agreement, upon satisfaction of all payments and obligations hereunder.

67. <u>Revocation of Settlement by Defendant</u>.  Defendant may, at their option, withdraw from the settlement if five percent (5%) or more of the Settlement Class Members request exclusion from the settlement.  Defendant has 30 calendar days following the Settlement Administrator's final report summarizing the notice process, including the number of requests for exclusions received, to revoke the agreement pursuant to this Paragraph.  If Defendant chooses to withdraw from the settlement, it shall be responsible for all costs incurred by the Settlement Administrator to date, and the Parties shall revert to their respective procedural positions in the Action as if no settlement had occurred.

68. <u>Escalator Clause</u>.  For purposes of this settlement, Defendant estimated that there were 1,097 total Class Members, and 61,902 Workshifts worked by Settlement

JOINT STIPULATION OF CLASS ACTION AND PAGA SETTLEMENT AND RELEASE

Doc ID: 0bb836210e674b88d3155cd9562281908b330146

Class Members during the Class Period.  Defendant further estimated that among these 61,902 Workshifts, there were 25,667 Workshifts at the San Bernardino County and Arrowhead Regional Medical Center sites; 6,412 Workshifts at the Los Angeles Unified School District worksites; and 29,823 Workshifts at the Ginkgo Concentric worksites. Defendant further estimated that among the 1,097 Class Members, there were 382 Class Members who worked at the San Bernardino County and Arrowhead Regional Medical Center sites; 109 who worked at the Los Angeles Unified School District worksites; and 612 Class Members who worked at the Ginkgo Concentric worksites, with 6 Class Members having worked with more than one of the foregoing clients. Should the actual number of Workshifts exceed 61,902 by more than ten percent (10%), then RCM shall pay a pro rata additional sum for the amount exceeding 10%. Alternatively, RCM may elect to end the release date when the number of Workshifts exceeds 10% over the represented amount.

69.  <u>Nullification of Settlement</u>.  In the event: (i) the Court does not enter the Preliminary Approval Order; (ii) the Court does not grant final approval of the Settlement; (iii) the Court does not enter the Final Order and Judgment; or (iv) the Settlement does not become final for any other reason, this Stipulation of Settlement shall be rendered null and void, any order or judgment entered by the Court in furtherance of this Settlement shall be treated as void from the beginning and this Stipulation of Settlement and any documents related to it shall not be used by any Class Member or Class Counsel to support any claim or request for class certification in the Action, and shall not be used in any other civil, criminal or administrative action against Defendant or any of the other Released Parties.  Additionally, should the Settlement not become final for any reason, the Parties will request that the Court reopen proceedings within thirty (30) calendar days, and any Settlement Administration Costs already incurred by the Settlement Administrator shall be split evenly between the Parties, except if Defendant elects to revoke the Settlement pursuant to Section 67 herein, in

JOINT STIPULATION OF CLASS ACTION AND PAGA SETTLEMENT AND RELEASE

Doc ID: 0bb836210e674b88d3155cd9562281908b330146

which case Defendant shall bear the Settlement Administration Costs incurred by the Settlement Administrator as of the date of such revocation.

70. <u>Plaintiff's Waiver of Right to Be Excluded</u>. Plaintiff agrees that by signing this Settlement Agreement, she will be bound by the terms herein. Plaintiff further agrees that, upon signing this Settlement Agreement, she will not submit a Request for Exclusion from this Settlement and that any such Request for Exclusion by Plaintiff will be void and of no force or effect.

71. <u>Waiver of Certain Appeals</u>. The Parties agree to waive appeals and to stipulate to class certification for purposes of this Settlement only; and either party may appeal any Court order that materially alters the Settlement Agreement's terms. Nothing in this Settlement Agreement shall preclude Plaintiff from appealing from a Court order denying or failing to grant in full their requests for attorneys' fees, costs, or service award.

72. <u>No Admission by Defendant</u>. Defendant denies all claims alleged in this Action and denies all wrongdoing whatsoever by Defendant. Neither this Stipulation of Settlement, nor any of its terms and conditions, nor any of the negotiations connected with it, is a concession or admission, and none shall be used against Defendant as an admission or indication with respect to any claim of any fault, concession, or omission by Defendant or that class certification is proper under the standard applied to contested certification motions. The Parties stipulate and agree to the certification of the proposed classes for settlement purposes only. The Parties further agree that this Stipulation of Settlement will not be admissible in this or any other proceeding as evidence that either (i) a class action should be certified or (ii) Defendant is liable to Plaintiff or any Class Member, other than according to the terms of this Stipulation of Settlement.

73. <u>Waiver</u>. No waiver of any condition or covenant contained in this Settlement Agreement or failure to exercise a right or remedy by any of the Parties hereto will be considered to imply or constitute a further waiver by such party of the same or any other condition, covenant, right or remedy.

JOINT STIPULATION OF CLASS ACTION AND PAGA SETTLEMENT AND RELEASE

Doc ID: 0bb836210e674b88d3155cd9562281908b330146

74.  <u>Judgment and Continued Jurisdiction</u>.  Upon final approval of the Settlement by the Court or after the Final Approval/Settlement Fairness Hearing, the Parties will present the Judgment to the Court for its approval.  After entry of the Judgment, the Court will have continuing jurisdiction solely for purposes of addressing: (i) the interpretation and enforcement of the terms of the Settlement, (ii) Settlement administration matters, and (iii) such post-Judgment matters as may be appropriate under court rules or as set forth in this Agreement.

75.  <u>Exhibits and Headings</u>.  The terms of this Stipulation of Settlement include the terms set forth in any attached Exhibits, which are incorporated by this reference as though fully set forth herein.  The Exhibits to this Stipulation of Settlement are an integral part of the Settlement.  The descriptive headings of any paragraphs or sections of this Stipulation of Settlement are inserted for convenience of reference only.

76.  <u>Amendment or Modification</u>.  This Stipulation of Settlement may be amended or modified only by a written instrument signed by counsel for all Parties or their successors-in-interest.

77.  <u>Entire Agreement</u>.  This Stipulation of Settlement and any attached Exhibits constitute the entire agreement between the Parties, and no oral or written representations, warranties, or inducements have been made to Plaintiff or Defendant concerning this Stipulation of Settlement or its Exhibits other than the representations, warranties, and covenants contained and memorialized in this Stipulation of Settlement and its Exhibits. No other prior or contemporaneous written or oral agreements, including but not limited to the MOU, may be deemed binding on the Parties.

78.  <u>Authorization to Enter Into Settlement Agreement</u>.  Class Counsel and Defense Counsel warrant and represent they are expressly authorized by the Parties whom they represent to negotiate this Stipulation of Settlement and to take all appropriate actions required or permitted to be taken by such Parties pursuant to this Stipulation of Settlement to effectuate its terms, and to execute any other documents required to effectuate the terms of this Stipulation of Settlement.  The Parties, Class Counsel and Defense Counsel shall

JOINT STIPULATION OF CLASS ACTION AND PAGA SETTLEMENT AND RELEASE

Doc ID: 0bb836210e674b88d3155cd9562281908b330146

cooperate with each other and use their best efforts to effect the implementation of the Settlement. In the event the Parties are unable to reach agreement on the form or content of any document needed to implement the Settlement, or on any supplemental provisions that may become necessary to effectuate the terms of this Settlement, the Parties may seek the assistance of the Court to resolve such disagreement. The persons signing this Stipulation of Settlement on behalf of the Defendant represents and warrants that they are authorized to sign this Stipulation of Settlement on behalf of Defendant. Plaintiff represents and warrants that she is authorized to sign this Stipulation of Settlement and that she has not assigned any claim, or part of a claim, covered by this Settlement of Settlement to a third party. The Parties have cooperated in the drafting and preparation of this Stipulation of Settlement. Hence, in any construction made of this Stipulation of Settlement, the same shall not be construed against any of the Parties.

79. <u>Confidentiality</u>. The Parties and their counsel agree that they will not issue any press releases, initiate any contact with the press, respond to any press inquiry, or have any communication with the press about the fact, amount, or terms of the Settlement prior to the mailing of the Notice Packet. In addition, the Parties and their counsel agree that they will not engage in any advertising or distribute any marketing materials relating to the Settlement, including but not limited to posting on social media about it or any announcement of the Settlement on any websites maintained by Class Counsel. Nothing set forth herein, however, shall prohibit the Parties from providing this Stipulation to the Court in connection with the Parties' efforts to seek Court approval of this Settlement.

80. <u>Binding on Successors and Assigns</u>. This Stipulation of Settlement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties.

81. <u>California Law Governs</u>. All terms of this Stipulation of Settlement and the Exhibits hereto shall be governed by and interpreted according to the laws of the State of California, without giving effect to any law that would cause the laws of any jurisdiction other than the State of California to be applied.

JOINT STIPULATION OF CLASS ACTION AND PAGA SETTLEMENT AND RELEASE

Doc ID: 0bb836210e674b88d3155cd9562281908b330146

82.  <u>Counterparts</u>.  This Stipulation of Settlement may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.

83.  <u>This Settlement is Fair, Adequate, and Reasonable</u>.  Plaintiff represents that this Settlement is a fair, adequate, and reasonable settlement of the Action and she has arrived at this Settlement after extensive arm's-length negotiations, taking into account all relevant factors, present and potential.

84.  <u>Mutual Preparation</u>. The Parties have had a full opportunity to negotiate the terms and conditions of this Agreement. Accordingly, this Agreement shall not be construed more strictly against one Party than another merely by virtue of the fact that it may have been prepared by counsel for one of the Parties, it being recognized that, because of the arm's-length negotiations between the Parties, all Parties have contributed to the preparation of this Agreement.

85.  <u>Representation by Counsel</u>. The Parties acknowledge that they have been represented by counsel throughout all negotiations that preceded the execution of this Agreement, and that this Agreement has been executed with the consent and advice of counsel. Further, Plaintiff and Class Counsel warrant and represent that there are no liens on the Agreement.

86.  <u>Enforcement Actions</u>. In the event that one or more of the Parties institutes any legal action or other proceeding against any other Party or Parties to enforce the provisions of this Settlement, or to declare rights and/or obligations under this Settlement, the prevailing Party or Parties shall be entitled to recover from the non-prevailing Party or Parties reasonable attorneys' fees and costs, including expert witness fees incurred in connection with any enforcement actions.

87.  <u>Disputes Regarding Language of Final Settlement Agreement</u>. If the Parties have a dispute with regard to the language of the Agreement, the Parties agree to first informally resolve the dispute by engaging Michael Loeb, Esq. to mediate such dispute.

JOINT STIPULATION OF CLASS ACTION AND PAGA SETTLEMENT AND RELEASE

Doc ID: 0bb836210e674b88d3155cd9562281908b330146

88.  <u>Invalidity of Any Provision</u>.  Before declaring any term or provision of this Stipulation of Settlement invalid, the Parties request that the Court first attempt to construe the terms or provisions valid to the fullest extent possible consistent with applicable precedents so as to define all provisions of this Stipulation of Settlement as valid and enforceable. In the event the Court declares any material provision of this Stipulation of Settlement invalid, the Stipulation of Settlement will be void and its terms will be of no force and effect, except as otherwise agreed to by the Parties in writing.

89.  <u>Binding Nature of Notice of Class Action Settlement</u>.  It is agreed that, because the Class Members are so numerous, it is impossible or impractical to have each Class Member execute the Stipulation of Settlement.  The Class Notice shall advise all Class Members of the binding nature of the Settlement, and the release of Released Claims and shall have the same force and effect as if this Stipulation of Settlement were executed by each Participating Class Member.

IN WITNESS WHEREOF, the Parties hereto knowingly and voluntarily executed this Joint Stipulation of Class Action and PAGA Settlement and Release between Plaintiff, on the one hand, and Defendant, on the other hand, as of the date(s) set forth below.

Dated:    10 / 15 / 2024

Plaintiff **Barbara Grady** (on her own behalf and on behalf of the Class Members and aggrieved employees)

**RCM Technologies (USA), Inc.**

Dated:

By:  Kevin Miller, Chief Financial Officer

4890-0961-6851.1 / 090137-1042

**- 40 -**

JOINT STIPULATION OF CLASS ACTION AND PAGA SETTLEMENT AND RELEASE

Doc ID: 0bb836210e674b88d3155cd9562281908b330146

88. <u>Invalidity of Any Provision</u>. Before declaring any term or provision of this Stipulation of Settlement invalid, the Parties request that the Court first attempt to construe the terms or provisions valid to the fullest extent possible consistent with applicable precedents so as to define all provisions of this Stipulation of Settlement as valid and enforceable. In the event the Court declares any material provision of this Stipulation of Settlement invalid, the Stipulation of Settlement will be void and its terms will be of no force and effect, except as otherwise agreed to by the Parties in writing.

89. <u>Binding Nature of Notice of Class Action Settlement</u>. It is agreed that, because the Class Members are so numerous, it is impossible or impractical to have each Class Member execute the Stipulation of Settlement. The Class Notice shall advise all Class Members of the binding nature of the Settlement, and the release of Released Claims and shall have the same force and effect as if this Stipulation of Settlement were executed by each Participating Class Member.

IN WITNESS WHEREOF, the Parties hereto knowingly and voluntarily executed this Joint Stipulation of Class Action and PAGA Settlement and Release between Plaintiff, on the one hand, and Defendant, on the other hand, as of the date(s) set forth below.

Dated: _____

_____
Plaintiff **Barbara Grady** (on her own behalf and on behalf of the Class Members and aggrieved employees)

**RCM Technologies (USA), Inc.**

Dated: 10/15/24

_____
By: Kevin Miller, Chief Financial Officer

4890-0961-6851.1 / 090137-1042

- 40 -

JOINT STIPULATION OF CLASS ACTION AND PAGA SETTLEMENT AND RELEASE

**Dropbox Sign**                                    Audit trail

| | |
|---|---|
| **Title** | RCM Settlement Agreement for signature |
| **File name** | Grady_v_RCM_Stipu..._order_241014.pdf |
| **Document ID** | 0bb836210e674b88d3155cd9562281908b330146 |
| **Audit trail date format** | MM / DD / YYYY |
| **Status** | ● Signed |

## Document History

| | | |
|---|---|---|
| SENT | **10 / 15 / 2024**<br>10:32:55 UTC-7 | Sent for signature to Barbara Grady (barbiesteinberg@yahoo.com) from mail@schneiderwallace.com IP: 50.115.65.11 |
| VIEWED | **10 / 15 / 2024**<br>10:53:30 UTC-7 | Viewed by Barbara Grady (barbiesteinberg@yahoo.com) IP: 104.174.204.42 |
| SIGNED | **10 / 15 / 2024**<br>10:57:01 UTC-7 | Signed by Barbara Grady (barbiesteinberg@yahoo.com) IP: 104.174.204.42 |
| COMPLETED | **10 / 15 / 2024**<br>10:57:01 UTC-7 | The document has been completed. |

# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

*Barbara Grady v. RCM Technologies, Inc.*
**Case No. 5:22-cv-00842-JLS-SHK**

## NOTICE OF CLASS ACTION SETTLEMENT

**If you are or were employed by RCM as a non-exempt nurse assigned to COVID-19 testing and/or vaccination sites for San Bernardino County (including Arrowhead Regional Medical Center), or at K-12 schools for Los Angeles Unified School District (LAUSD), or Ginkgo Concentric (Ginkgo) in California at any time between March 1, 2020 and March 7, 2023, you <u>are</u> eligible to receive compensation from a class action settlement.**

- A nurse who worked for RCM Technologies (USA), Inc. ("RCM" or "Defendant") in an hourly, non-exempt position at various COVID-19 testing worksites in California filed a lawsuit alleging that she and other similarly situated nurses were denied off-duty meal periods and rest breaks, denied wages (including overtime wages) for all hours worked, while working for RCM, among other related claims.

- RCM denies the allegations, but the parties have reached a settlement that the Court has preliminarily approved on the ground that the settlement appears to be fair, reasonable, adequate, and in the best interests of the class members.

- *A court authorized this notice. This is not an advertisement. This is not a lawsuit against you. You are not being sued, but, your rights will be affected by this settlement.*

| YOUR LEGAL RIGHTS & OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **DO NOTHING AND GET AN AUTOMATIC PAYMENT** | If you received this Notice of Class Action Settlement, you will <u>automatically</u> receive your share of the settlement, unless you exclude yourself. You do <u>not</u> need to submit a claim form to receive your share of the Settlement. However, you will not be able to bring or pursue the same claims covered by this Settlement in another case. |
| **EXCLUDE YOURSELF; GET NO PAYMENT; KEEP RIGHT TO SUE SEPARATELY** | You can choose to exclude yourself from the Settlement. If you exclude yourself, you can pursue the same claims covered by this Settlement in another case. The deadline to submit a request for exclusion is _____, 2024. |
| **OBJECT** | If you so choose, you may object to this settlement. However, you must remain a Settlement Class Member to object to the Settlement. In other words, you cannot object to the Settlement if you also request to exclude yourself from the Settlement. The deadline to submit objections is _____, 2024. |

Any questions? Read the entire notice and if you still have questions, please call (xxx) xxx-xxxx.

**PLEASE READ THIS NOTICE CAREFULLY.**

**Your rights will be affected by this settlement.**

Page **1** of 6

### 1. Why did I get this notice?

You received this notice because RCM's business records indicate that you have worked for RCM in California at some point between March 1, 2020 and March 7, 2023 as a non-exempt nurse assigned to work at COVID-19 testing or vaccination sites for San Bernardino County (including Arrowhead Regional Medical Center), LAUSD or Ginkgo in California. All current and former RCM employees who fall within this category are known as Class Members.

### 2. Why should I read this notice?

This notice is to let you know that the parties in *Grady v. RCM Technologies, Inc.*, pending in the United States District Court for the Central District of California, as Case No. 5:22-cv-00842-JLS-SHK, have reached a class action settlement. Under applicable law, a class action settlement must be reviewed and approved by a judge. On _____, 2024, Judge Josephine L. Staton preliminarily approved the terms of this proposed settlement and ordered this notice to be mailed to all class members. The Court will hold a Final Fairness Hearing on the proposed settlement on _____, 2024 at __ __. This notice explains your rights to share in the settlement or to exclude yourself ("opt out").

### 3. What is this case about?

Plaintiff claims on behalf of herself and others similarly situated that RCM violated the California Labor Code by failing to provide off-duty meal and rest breaks, failing to pay regular and overtime wages for alleged off-the-clock work, failing to pay all wages due timely and upon termination, failing to maintain accurate employment records, and failing to provide accurate wage statements. Plaintiff also seeks to recover civil penalties under the Private Attorneys General Act ("PAGA"), Cal. Labor Code § 2698, *et seq.* RCM denies these allegations.

### 4. Who are the parties in this case?

Barbara Grady is the Plaintiff and Class Representative. RCM Technologies (USA), Inc. (erroneously named as RCM Technologies, Inc.) is the Defendant.

### 5. Why did RCM enter into the settlement?

RCM entered into the settlement as a compromise in order to finally, fully and completely resolve the dispute and avoid protracted litigation. RCM denies the allegations in the case, and is not giving up its right to defend itself against any of the allegations involved in the lawsuit if this settlement fails for any reason.

### 6. How much is the settlement and how will it be allocated?

The Total Settlement Amount is **$1,658,410**, which will be allocated approximately as follows: (1) $~~_____~~ $1,025,206.75 to the Net Settlement Amount to be distributed to participating Class Members and PAGA Employees; (2) $~~165,841~~ 124,380.75 to the California Labor Workforce Development Agency for its statutory share of the claims for civil penalties under PAGA ~~claims~~; (3) $5,000 to Plaintiff Barbara Grady for the class representative service payment; (4) up to $414,602.50 for Class Counsel's attorney's fees and up to $50,000 in costs; and (5) an estimated $~~_____~~ $39,220 for the Settlement Administrator's costs. Defendant will pay its share of applicable employer-side payroll taxes on the wage portion of the settlement separately from the Total Settlement Amount, and its own attorney's fees and costs.

***Individual Class Settlement Payments from the Net Settlement Amount.*** The amount that you will receive from the Net Settlement Amount will be based on the number of shifts you worked at COVID-19 testing and vaccination sites at San Bernardino County (including Arrowhead Medical Center), LAUSD, or Ginkgo in California between March 1, 2020 and March 7, 2023 (the "Class Period"), as compared to other participating Class Members, as

Page **2** of 6

shown by RCM's records.  The distribution formula is based on number of Adjusted Workshifts after applying a multiplier for each client to account for different shift lengths and other relevant client-specific facts and circumstances, and is set forth in the Settlement Agreement, which you can access by visiting [ADD agreed upon URL for case website] checking the court case file (see Paragraph 19 below) or contacting Class Counsel (see Paragraph 14 below).  **YOU DO NOT NEED TO SUBMIT A CLAIM FORM IN ORDER TO RECEIVE YOUR SHARE OF THE SETTLEMENT.**

***Individual PAGA Payment from the PAGA Fund***.  "PAGA" refers to the Private Attorneys General Act, Cal. Labor Code §2698, *et seq*.  For purposes of this Settlement, "PAGA Employees" means the subset of Class Members who worked as nurses for RCM assigned to the above-specified client sites between July 22, 2020 and March 7, 2023 (PAGA Period).  As required by law, 75% of the PAGA Fund ($124,380.75) will be distributed to the California Labor and Workforce Development Agency ("LWDA") as civil penalties and the remaining 25% of the PAGA Fund ($41,460.25) will be distributed to the PAGA Employees on a pro rata basis based on the number of pay periods worked during the PAGA Period.  PAGA Employees cannot exclude themselves from the Individual PAGA Payment portion of the Settlement. If the Court approves the Settlement and you fall within the definition of PAGA Employee, you will receive an Individual PAGA Payment (which will be considered miscellaneous income reported on an IRS Form 1099, without withholdings).

## 7.  How much will I receive from the settlement?

RCM's business records indicate that you worked the following shifts during the Class Period (March 1, 2020 to March 7, 2023):

| Client Assignment | # Shifts | Adjustment | # Adjusted Shifts |
|---|---|---|---|
| Ginkgo Concentric | | * 1.0 | |
| Los Angeles Unified School District | | * 1.5 | |
| San Bernardino County | | * 1.5 | |
| **Total Adjusted Shifts:** | | | |

Based on the formula in the Settlement Agreement, you have ▨ Adjusted Workshifts.  If you do not opt out of this Settlement, you will automatically be mailed a check for your share of the settlement payment based on the number of your Adjusted Workshifts.  Your settlement share is estimated to be $▨.  In addition, you will automatically be paid an estimated $▨ Individual PAGA payment based on RCM's business records indicating that you worked ▨ weeks during the PAGA Period (July 22, 2020 to March 7, 2023), whether you participate or opt out.

If you disagree with whether you are a current or former employee, or the number of your Adjusted Workshifts during the Class Period, or the number of weeks you worked during PAGA Period, as summarized in the prior paragraph, please contact the Settlement Administrator at ▨▨▨▨▨▨, Tel: (xxx) xxx-xxxx, Fax: (xxx) xxx-xxxx, Email: ▨▨▨▨▨▨, no later than ▨▨▨▨▨, 2023 [fill in opt-out deadline], and provide your dates of employment with RCM and the total number of shifts and weeks that you believe you worked as a non-exempt hourly paid nurse for RCM in California and were assigned to COVID-19 testing or vaccination sites for San Bernardino County (including Arrowhead Regional Medical Center), LAUSD, or Ginkgo during the Class Period and PAGA Period.  You will need to submit supporting documentation.  For a dispute to be valid, it must be in writing and contain: (i) your full name, signature or e-signature, address, telephone number, and the last four digits of your Social Security number; (ii) the dates of employment, number of Workweeks and/or number of shifts you contend is correct; and (iii) any evidence supporting your contention.  An e-signature is acceptable for disputes that are submitted electronically. The dates of employment and shift information identified in RCM's records are presumed correct, unless you prove otherwise to the Settlement Administrator by credible evidence. All Disputes will be resolved and decided by the Settlement Administrator, with consultation with Defense Counsel and Class Counsel as appropriate. If the Dispute cannot be resolved by the Settlement Administrator, then it shall be resolved by the Court.

### 8.  How will my settlement payment be taxed?

Individual Settlement Awards to Class Members will be taxed as follows: one-third (33%) of the award will be taxed as alleged unpaid wages subject to all applicable tax withholdings, for which IRS Form W-2 will be issued; one-third (33%) will be taxed as alleged unpaid interest for which the appropriate IRS Form 1099 will be issued; and one-third (33%) will be taxed as alleged unpaid penalties for which IRS Form 1099-MISC will be issued. Individual PAGA Awards paid to the PAGA Employees will be taxed as alleged unpaid civil penalties for which an IRS Form 1099-MISC shall be issued.  The Settlement Administrator will issue W-2 and 1099 forms, to the extent required by law. You should speak with an accountant or other tax professional about any tax implications of your Settlement checks.

### 9.  What rights will I give up to stay in the class and get compensation?

Everyone who participates in the settlement will fully and finally release and discharge the Released Parties from all liability for the Released Claims from March 1, 2020 to March 7, 2023. "Released Parties" means RCM and its affiliated companies, owners, parents, members, subsidiaries, related companies and business concerns, past and present, including successors and predecessors, and each of them, as well as each of their clients for whom Class Members performed services, insurers, partners, trustees, directors, shareholders, officers, agents, attorneys, servants and employees, past and present, and each of them.  "Released Claims" means all claims under state or local law, whether statutory, common law, or administrative law, whether in law or equity, for the claims that were pled in the Complaint, based on or arising out of the factual allegations therein, during the Class Period, including claims for failure to pay minimum and overtime wages, failure to authorize and permit required rest breaks and provide required meal periods, failure to maintain accurate employment records, failure to timely pay wages during employment and upon separation, and failure to furnish accurate, itemized wage statements, as well as claims for alleged violation of California's Unfair Competition Law, Cal. Bus. & Professions Code §§ 17200, *et seq.*, and claims seeking civil penalties under the Private Attorneys General Act, Cal. Labor Code §2698, *et seq.*

This means that if you do not exclude yourself from the Settlement pursuant to the procedures explained in Section 11 below, you will release the Released Claims described in the preceding paragraph that may have against RCM and the Released Parties during the period of time March 1, 2020 to March 7, 2023.

In addition, if you are a PAGA Employee (as defined in Paragraph 6 above), you will release all PAGA Claims that were actually alleged or could have been alleged based upon the facts set forth in the Complaint in this action by the named Plaintiff on behalf of the State of California, herself, and the PAGA Employees.

### 10.  Is there a trial date set for this class action?

No, currently, there is no trial date.  If the settlement is not approved by the Court, the parties may proceed to trial.

### 11.  How do I exclude myself from this Settlement (opt-out)?

To exclude yourself from the Settlement, you must send a letter by U.S. mail, facsimile or email clearly saying that you have read this notice and want to be excluded from the Settlement Class in *Grady v. RCM Technologies, Inc.*, Case No. 5:22-cv-00842-JLS-SHK.  To be timely and valid, any exclusion request must be postmarked, faxed, or emailed no later than **[RESPONSE DEADLINE]**, to:  [ADD CONTACT INFO OF ADMINISTRATOR]

You cannot exclude yourself on the phone.  Additionally, for a Request for Exclusion from the Settlement to be valid, it must be (i) in writing and ~~signed or e~~-signed by you; (ii) contain your name, address, telephone number, and the last four digits of your Social Security number; (iii) clearly state that you do not wish to be included in the Settlement; (iv) be returned by e-mail, fax, or mail to the Settlement Administrator at the specific email address, mailing

address, and/or facsimile number provided above; and (v) be e-mailed, faxed, or postmarked on or before [**ADD RESPONSE DEADLINE**]. An e-signature is acceptable for a Request for Exclusion that is submitted electronically. The date of the e-mail, fax, or postmark on the return mailing envelope will be the exclusive means to determine whether a Request for Exclusion has been timely submitted.  A Class Member who does not request exclusion from the Settlement will be deemed a Participating Class Member and will be bound by all terms of the Settlement, if the Settlement is granted final approval by the Court.  Any Class Member who validly requests to be excluded from the Settlement will no longer be a member of the Settlement Class and will not have any right to object, appeal, or comment on the Settlement, but will remain as PAGA Member(s), and will receive an Individual PAGA Payment for the PAGA Released Claims if he or she is a PAGA Member.

If you submit a valid and timely request to be excluded, you will not be legally bound by anything that happens in this lawsuit.  However, you also will not get any payments or benefits from the Settlement and you will not be able to object to the Settlement.

## 12.  Can I object the the Settlement?

If you are a Participating Settlement Class Member, you can tell the Court that you object to the Settlement, and/or Plaintiff's application for attorneys' fees and costs or Service Award, and think the Court should not approve them. You can also tell the Court that you like the Settlement, and that it should be approved.  The Court will consider your views. You can't ask the Court to order a different settlement; the Court can only approve or reject this Settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue.  If that is what you want to happen, you must object.

To be valid, an objection must (a) be in writing; (b) be signed or e-signed by the Class Member making the objection; (c) be returned by e-mail, fax, or mail to the Settlement Administrator at the specific address, e-mail and/or facsimile number listed in Section 11 above; (d) clearly state that the Class Member objects to the settlement and all grounds for the objection; (e) be emailed, faxed, or postmarked on or before [**ADD RESPONSE DEADLINE**], and (f) include the objector's full name, signature, address, telephone number, and the last four digits of his/her Social Security number. The date of the e-mail, fax, or postmark on the return mailing envelope will be the exclusive means to determine whether a Notice of Objection has been timely submitted.   An e-signature is acceptable for an objection that is submitted electronically.

If you do not submit a written objection to the proposed Settlement or the application of Class Counsel for attorneys' fees and costs, or the application by the named Plaintiff for a Service Award, in accordance with the deadline and procedure set forth above, you will waive your right to be heard at the Final Approval Hearing and to appeal from any order or judgment of the Court concerning the matter.  However, the Court in its discretion may allow a Participating Class Member to still object by appearing at the Final Approval Hearing, regardless of whether such Participating Class Member submits a written objection.  Nonetheless, to preserve your right to be heard at the Final Approval Hearing and to appeal from any order or judgment of the Court concerning this matter, you must submit a written objection to the Settlement Administrator that is postmarked on or before [**ADD RESPONSE DEADLINE**], as provided above.

## 13.  What is the difference between Objecting and excluding myself?

Objecting is simply telling the Court that you do not like something about the Settlement.  You can object only if you stay in the Settlement Class.  Excluding yourself is telling the Court that you do not want to be part of the Settlement Class and the Settlement.  If you exclude yourself, you have no basis to object because the case no longer affects you.  If you submit both an objection and a request for exclusion, the request for exclusion will be deemed controlling.

## 14.  Who are the attorneys representing the class?

The attorneys representing the named Plaintiff and the Class Members who participate in the Settlement are:

SCHNEIDER WALLACE COTTRELL KONECKY LLP, Joshua Konecky, CA Bar No. 182897, Nathan Piller, CA Bar No. 300569, 2000 Powell Street, Suite 1400, Emeryville, CA 94608.  Phone: (415) 421-7100; Fax: (415) 421-7105; jkonecky@schneiderwallace.com; .

### 15.  How will the attorneys representing the settlement class be paid?

Class Counsel will ask the Court for attorneys' fees of up to 25% of the total settlement amount, as specified in Section 6 above.  Class Counsel will also seek reimbursement from the Settlement Fund of actual expenses they incurred in pursuing the lawsuit, such as costs for filing fees, service of process costs, and mediation fees.  Class Counsel will file an application to the Court no later than [ADD DATE] setting forth the attorneys' fees and expenses they will be seeking from the total settlement amount for their work on behalf of the Class Members. You can obtain a copy of Class Counsel's application for attorneys' fees and expenses after [ADD DATE] by visiting [ADD agreed upon url for case website] checking the court case file (see Paragraph 19 below) or contacting Class Counsel at (415) 421-7100.

### 17.  Will there be a service award?

The Settlement also provides that the Class Representative Plaintiff may apply for Service Awards of up to $5,000 in recognition for the time, effort and risks she took in bringing the case on behalf of the Class.  The Court may award less than this amount.  Plaintiff will file an application to the Court no later than [ADD DATE] that discusses the basis of the request for this Service Award. You can obtain a copy of this application after [ADD DATE] by checking the court case file (see Paragraph 19 below), visiting [add agreed upon url for case website] or by contacting Class Counsel at (415) 421-7100.

### 18.  When and where will the Court decide whether to approve the Settlement?

The Court will hold a Final Approval hearing on [ADD DATE/TIME] in Courtroom 8A, on the 8th Floor of the, United States District Court for the Central District of California, 350 W. First Street, Los Angeles, CA  90012.  At this hearing the Court will consider whether the Settlement is fair, reasonable, and adequate.  If there are objections, the Court will consider them.  The Judge may listen to people who have previously asked in writing to speak at the hearing.  The Judge may also decide how much to pay Class Counsel or whether to approve the requested Service Award for the named Plaintiff.  After the hearing, the Court will decide whether to approve the Settlement.  We do not know how long it will take for the Court to make its decision.

You do not have to come to the hearing.  Class Counsel will answer questions that the Judge may have.  But you are welcome to come at your own expense.  You also may enter an appearance through an attorney if desired and have the attorney appear at the Final Approval hearing.  If you submit an objection, you do not have to come to court to talk about it.  As long as you submitted it on time and in accordance with the instructions in Section 12 of this Notice, the Court will consider it.  You may pay your own lawyer to attend the hearing, but it is not necessary.

If you do not exclude yourself, you may ask the Court's permission to speak at the hearing about the Settlement, the application for attorneys' fees and costs, and/or the application for a service award.  To do so, please send a letter saying that it is your intention to appear at the Final Approval Hearing in *Grady v. RCM Technologies, Inc.*, Case No. 5:22-cv-00842-JLS-SHK.  The letter should state the position you intend to present at the hearing, state the identities of all attorneys who will represent you (if any), and include your full name, address, telephone number, and signature.  To preserve your right to object to the Settlement and appeal and judgment, however, you <u>must</u> submit a timely, written objection to the Settlement Administrator in accordance with the procedures described in Section 12 above.  To be timely, it must be postmarked, faxed or emailed to the addresses provided in Section 12 no later than **[ADD RESPONSE DEADLINE].**  Additionally, you cannot speak at the hearing if you exclude yourself from the Class.

### 19.  What if I need additional information?

For a more detailed statement of the matters involved in the Action and the Class Settlement, you may refer to the pleadings, the Joint Stipulation of Settlement of Class Action, and other papers filed in this action.  The case file may be inspected at the Office of the Court Clerk, United States District Court, Central District of California, located at the Edward R. Roybal Federal Building & U.S. Courthouse, 255 East Temple Street, Room 180, Los Angeles, CA 90012, during the Court's normal business hours.  You may inspect the case file for both cases online using the Public Access to Court Electronic Records system ("PACER"), at https://pacer.uscourts.gov/.    All inquiries by Class Members about this settlement should be directed to: _____.

Refer to the Grady v. RCM Class Action Settlement.

**PLEASE DO NOT CALL THE COURT**.

4862-6424-8275.2 / 090137-1042

# EXHIBIT D

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

*Barbara Grady v. RCM Technologies, Inc.*
**Case No. 5:22-cv-00842-JLS-SHK**

# NOTICE OF CLASS ACTION SETTLEMENT

**If you are or were employed by RCM as a non-exempt nurse assigned to COVID-19 testing and/or vaccination sites for San Bernardino County (including Arrowhead Regional Medical Center), or at K-12 schools for Los Angeles Unified School District (LAUSD), or Ginkgo Concentric (Ginkgo) in California at any time between March 1, 2020 and March 7, 2023, you <u>are</u> eligible to receive compensation from a class action settlement.**

- A nurse who worked for RCM Technologies (USA), Inc. ("RCM" or "Defendant") in an hourly, non-exempt position at various COVID-19 testing worksites in California filed a lawsuit alleging that she and other similarly situated nurses were denied off-duty meal periods and rest breaks, denied wages (including overtime wages) for all hours worked, while working for RCM, among other related claims.

- RCM denies the allegations, but the parties have reached a settlement that the Court has preliminarily approved on the ground that the settlement appears to be fair, reasonable, adequate, and in the best interests of the class members.

- *A court authorized this notice. This is not an advertisement. This is not a lawsuit against you. You are not being sued, but, your rights will be affected by this settlement.*

| YOUR LEGAL RIGHTS & OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **DO NOTHING AND GET AN AUTOMATIC PAYMENT** | If you received this Notice of Class Action Settlement, you will <u>automatically</u> receive your share of the settlement, unless you exclude yourself. You do <u>not</u> need to submit a claim form to receive your share of the Settlement. However, you will not be able to bring or pursue the same claims covered by this Settlement in another case. |
| **EXCLUDE YOURSELF; GET NO PAYMENT; KEEP RIGHT TO SUE SEPARATELY** | You can choose to exclude yourself from the Settlement. If you exclude yourself, you can pursue the same claims covered by this Settlement in another case. The deadline to submit a request for exclusion is _____, 2024. |
| **OBJECT** | If you so choose, you may object to this settlement. However, you must remain a Settlement Class Member to object to the Settlement. In other words, you cannot object to the Settlement if you also request to exclude yourself from the Settlement. The deadline to submit objections is _____, 2024. |

Any questions? Read the entire notice and if you still have questions, please call (xxx) xxx-xxxx.

**PLEASE READ THIS NOTICE CAREFULLY.**

**Your rights will be affected by this settlement.**

## 1. Why did I get this notice?

You received this notice because RCM's business records indicate that you have worked for RCM in California at some point between March 1, 2020 and March 7, 2023 as a non-exempt nurse assigned to work at COVID-19 testing or vaccination sites for San Bernardino County (including Arrowhead Regional Medical Center), LAUSD or Ginkgo in California. All current and former RCM employees who fall within this category are known as Class Members.

## 2. Why should I read this notice?

This notice is to let you know that the parties in *Grady v. RCM Technologies, Inc.*, pending in the United States District Court for the Central District of California, as Case No. 5:22-cv-00842-JLS-SHK, have reached a class action settlement. Under applicable law, a class action settlement must be reviewed and approved by a judge. On _____, 2024, Judge Josephine L. Staton preliminarily approved the terms of this proposed settlement and ordered this notice to be mailed to all class members. The Court will hold a Final Fairness Hearing on the proposed settlement on _____, 2024 at ___ __. This notice explains your rights to share in the settlement or to exclude yourself ("opt out").

## 3. What is this case about?

Plaintiff claims on behalf of herself and others similarly situated that RCM violated the California Labor Code by failing to provide off-duty meal and rest breaks, failing to pay regular and overtime wages for alleged off-the-clock work, failing to pay all wages due timely and upon termination, failing to maintain accurate employment records, and failing to provide accurate wage statements. Plaintiff also seeks to recover civil penalties under the Private Attorneys General Act ("PAGA"), Cal. Labor Code § 2698, *et seq*. RCM denies these allegations.

## 4. Who are the parties in this case?

Barbara Grady is the Plaintiff and Class Representative. RCM Technologies (USA), Inc. (erroneously named as RCM Technologies, Inc.) is the Defendant.

## 5. Why did RCM enter into the settlement?

RCM entered into the settlement as a compromise in order to finally, fully and completely resolve the dispute and avoid protracted litigation. RCM denies the allegations in the case, and is not giving up its right to defend itself against any of the allegations involved in the lawsuit if this settlement fails for any reason.

## 6. How much is the settlement and how will it be allocated?

The Total Settlement Amount is **$1,658,410**, which will be allocated approximately as follows: (1) $1,025,206.75 to the Net Settlement Amount to be distributed to participating Class Members and PAGA Employees; (2) $124,380.75 to the California Labor Workforce Development Agency for its statutory share of the claims for civil penalties under PAGA; (3) $5,000 to Plaintiff Barbara Grady for the class representative service payment; (4) up to $414,602.50 for Class Counsel's attorney's fees and up to $50,000 in costs; and (5) an estimated $39,220 for the Settlement Administrator's costs. Defendant will pay its share of applicable employer-side payroll taxes on the wage portion of the settlement separately from the Total Settlement Amount, and its own attorney's fees and costs.

***Individual Class Settlement Payments from the Net Settlement Amount.*** The amount that you will receive from the Net Settlement Amount will be based on the number of shifts you worked at COVID-19 testing and vaccination sites at San Bernardino County (including Arrowhead Medical Center), LAUSD, or Ginkgo in California between March 1, 2020 and March 7, 2023 (the "Class Period"), as compared to other participating Class Members, as shown by RCM's records. The distribution formula is based on number of Adjusted Workshifts after applying a

multiplier for each client to account for different shift lengths and other relevant client-specific facts and circumstances, and is set forth in the Settlement Agreement, which you can access by visiting [ADD agreed upon URL for case website] checking the court case file (see Paragraph 19 below) or contacting Class Counsel (see Paragraph 14 below). **YOU DO <u>NOT</u> NEED TO SUBMIT A CLAIM FORM IN ORDER TO RECEIVE YOUR SHARE OF THE SETTLEMENT.**

***Individual PAGA Payment from the PAGA Fund***. "PAGA" refers to the Private Attorneys General Act, Cal. Labor Code §2698, *et seq*. For purposes of this Settlement, "PAGA Employees" means the subset of Class Members who worked as nurses for RCM assigned to the above-specified client sites between July 22, 2020 and March 7, 2023 (PAGA Period). As required by law, 75% of the PAGA Fund ($124,380.75) will be distributed to the California Labor and Workforce Development Agency ("LWDA") as civil penalties and the remaining 25% of the PAGA Fund ($41,460.25) will be distributed to the PAGA Employees on a pro rata basis based on the number of pay periods worked during the PAGA Period. PAGA Employees cannot exclude themselves from the Individual PAGA Payment portion of the Settlement. If the Court approves the Settlement <u>and</u> you fall within the definition of PAGA Employee, you will receive an Individual PAGA Payment (which will be considered miscellaneous income reported on an IRS Form 1099, without withholdings).

## 7.  How much will I receive from the settlement?

RCM's business records indicate that you worked the following shifts during the Class Period (March 1, 2020 to March 7, 2023):

| Client Assignment | # Shifts | Adjustment | # Adjusted Shifts |
|---|---|---|---|
| Ginkgo Concentric | | * 1.0 | |
| Los Angeles Unified School District | | * 1.5 | |
| San Bernardino County | | * 1.5 | |
| **Total Adjusted Shifts:** | | | |

Based on the formula in the Settlement Agreement, you have ____ Adjusted Workshifts. If you do not opt out of this Settlement, you will <u>automatically</u> be mailed a check for your share of the settlement payment based on the number of your Adjusted Workshifts. Your settlement share is estimated to be $ ____. In addition, you will automatically be paid an estimated $ ____ Individual PAGA payment based on RCM's business records indicating that you worked ____ weeks during the PAGA Period (July 22, 2020 to March 7, 2023), whether you participate or opt out.

If you disagree with whether you are a current or former employee, or the number of your Adjusted Workshifts during the Class Period, or the number of weeks you worked during PAGA Period, as summarized in the prior paragraph, please contact the Settlement Administrator at _____, Tel: (xxx) xxx-xxxx, Fax: (xxx) xxx-xxxx, Email: _____, no later than _____, 2023 [fill in opt-out deadline], and provide your dates of employment with RCM and the total number of shifts and weeks that you believe you worked as a non-exempt hourly paid nurse for RCM in California and were assigned to COVID-19 testing or vaccination sites for San Bernardino County (including Arrowhead Regional Medical Center), LAUSD, or Ginkgo during the Class Period and PAGA Period. You will need to submit supporting documentation. For a dispute to be valid, it must be in writing and contain: (i) your full name, signature or e-signature, address, telephone number, and the last four digits of your Social Security number; (ii) the dates of employment, number of Workweeks and/or number of shifts you contend is correct; and (iii) any evidence supporting your contention. An e-signature is acceptable for disputes that are submitted electronically. The dates of employment and shift information identified in RCM's records are presumed correct, unless you prove otherwise to the Settlement Administrator by credible evidence. All Disputes will be resolved and decided by the Settlement Administrator, with consultation with Defense Counsel and Class Counsel as appropriate.

## 8.  How will my settlement payment be taxed?

Individual Settlement Awards to Class Members will be taxed as follows: one-third (33%) of the award will be taxed as alleged unpaid wages subject to all applicable tax withholdings, for which IRS Form W-2 will be issued; one-third (33%) will be taxed as alleged unpaid interest for which the appropriate IRS Form 1099 will be issued; and one-third (33%) will be taxed as alleged unpaid penalties for which IRS Form 1099-MISC will be issued. Individual PAGA Awards paid to the PAGA Employees will be taxed as alleged unpaid civil penalties for which an IRS Form 1099-MISC shall be issued.  The Settlement Administrator will issue W-2 and 1099 forms, to the extent required by law. You should speak with an accountant or other tax professional about any tax implications of your Settlement checks.

## 9.  What rights will I give up to stay in the class and get compensation?

Everyone who participates in the settlement will fully and finally release and discharge the Released Parties from all liability for the Released Claims from March 1, 2020 to March 7, 2023. "Released Parties" means RCM and its affiliated companies, owners, parents, members, subsidiaries, related companies and business concerns, past and present, including successors and predecessors, and each of them, as well as each of their clients for whom Class Members performed services, insurers, partners, trustees, directors, shareholders, officers, agents, attorneys, servants and employees, past and present, and each of them.  **"Released Claims"** means all claims under state or local law, whether statutory, common law, or administrative law, whether in law or equity, for the claims that were pled in the Complaint, based on or arising out of the factual allegations therein, during the Class Period, including claims for failure to pay minimum and overtime wages, failure to authorize and permit required rest breaks and provide required meal periods, failure to maintain accurate employment records, failure to timely pay wages during employment and upon separation, and failure to furnish accurate, itemized wage statements, as well as claims for alleged violation of California's Unfair Competition Law, Cal. Bus. & Professions Code §§ 17200, *et seq*., and claims seeking civil penalties under the Private Attorneys General Act, Cal. Labor Code §2698, *et seq.*

This means that if you do not exclude yourself from the Settlement pursuant to the procedures explained in Section 11 below, you will release the Released Claims described in the preceding paragraph that may have against RCM and the Released Parties during the period of time March 1, 2020 to March 7, 2023.

In addition, if you are a PAGA Employee (as defined in Paragraph 6 above), you will release all PAGA Claims that were actually alleged or could have been alleged based upon the facts set forth in the Complaint in this action by the named Plaintiff on behalf of the State of California, herself, and the PAGA Employees.

## 10.  Is there a trial date set for this class action?

No, currently, there is no trial date.  If the settlement is not approved by the Court, the parties may proceed to trial.

## 11.  How do I exclude myself from this Settlement (opt-out)?

To exclude yourself from the Settlement, you must send a letter by U.S. mail, facsimile or email clearly saying that you have read this notice and want to be excluded from the Settlement Class in *Grady v. RCM Technologies, Inc.*, Case No. 5:22-cv-00842-JLS-SHK.  To be timely and valid, any exclusion request must be postmarked, faxed, or emailed no later than **[RESPONSE DEADLINE]**, to:  [ADD CONTACT INFO OF ADMINISTRATOR]

You cannot exclude yourself on the phone.  Additionally, for a Request for Exclusion from the Settlement to be valid, it must be (i) in writing and signed or e-signed by you; (ii) contain your name, address, telephone number, and the last four digits of your Social Security number; (iii) clearly state that you do not wish to be included in the Settlement; (iv) be returned by e-mail, fax, or mail to the Settlement Administrator at the specific email address, mailing address, and/or facsimile number provided above; and (v) be e-mailed, faxed, or postmarked on or before [**ADD RESPONSE DEADLINE**].  An e-signature is acceptable for a Request for Exclusion that is submitted electronically.

The date of the e-mail, fax, or postmark on the return mailing envelope will be the exclusive means to determine whether a Request for Exclusion has been timely submitted. A Class Member who does not request exclusion from the Settlement will be deemed a Participating Class Member and will be bound by all terms of the Settlement, if the Settlement is granted final approval by the Court. Any Class Member who validly requests to be excluded from the Settlement will no longer be a member of the Settlement Class and will not have any right to object, appeal, or comment on the Settlement, but will remain as PAGA Member(s), and will receive an Individual PAGA Payment for the PAGA Released Claims if he or she is a PAGA Member.

If you submit a valid and timely request to be excluded, you will not be legally bound by anything that happens in this lawsuit. However, you also will not get any payments or benefits from the Settlement and you will not be able to object to the Settlement.

## 12. Can I object the the Settlement?

If you are a Participating Settlement Class Member, you can tell the Court that you object to the Settlement, and/or Plaintiff's application for attorneys' fees and costs or Service Award, and think the Court should not approve them. You can also tell the Court that you like the Settlement, and that it should be approved. The Court will consider your views. You can't ask the Court to order a different settlement; the Court can only approve or reject this Settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object.

To be valid, an objection must (a) be in writing; (b) be signed or e-signed by the Class Member making the objection; (c) be returned by e-mail, fax, or mail to the Settlement Administrator at the specific address, e-mail and/or facsimile number listed in Section 11 above; (d) clearly state that the Class Member objects to the settlement and all grounds for the objection; (e) be emailed, faxed, or postmarked on or before [**ADD RESPONSE DEADLINE**], and (f) include the objector's full name, signature, address, telephone number, and the last four digits of his/her Social Security number. The date of the e-mail, fax, or postmark on the return mailing envelope will be the exclusive means to determine whether a Notice of Objection has been timely submitted. An e-signature is acceptable for an objection that is submitted electronically.

If you do not submit a written objection to the proposed Settlement or the application of Class Counsel for attorneys' fees and costs, or the application by the named Plaintiff for a Service Award, in accordance with the deadline and procedure set forth above, you will waive your right to be heard at the Final Approval Hearing and to appeal from any order or judgment of the Court concerning the matter. However, the Court in its discretion may allow a Participating Class Member to still object by appearing at the Final Approval Hearing, regardless of whether such Participating Class Member submits a written objection. Nonetheless, to preserve your right to be heard at the Final Approval Hearing and to appeal from any order or judgment of the Court concerning this matter, you must submit a written objection to the Settlement Administrator that is postmarked on or before [**ADD RESPONSE DEADLINE**], as provided above.

## 13. What is the difference between Objecting and excluding myself?

Objecting is simply telling the Court that you do not like something about the Settlement. You can object only if you stay in the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class and the Settlement. If you exclude yourself, you have no basis to object because the case no longer affects you. If you submit both an objection and a request for exclusion, the request for exclusion will be deemed controlling.

## 14. Who are the attorneys representing the class?

The attorneys representing the named Plaintiff and the Class Members who participate in the Settlement are: SCHNEIDER WALLACE COTTRELL KONECKY LLP, Joshua Konecky, CA Bar No. 182897, 2000 Powell Street, Suite 1400, Emeryville, CA 94608. Phone: (415) 421-7100; Fax: (415) 421-7105; jkonecky@schneiderwallace.com; .

### 15.  How will the attorneys representing the settlement class be paid?

Class Counsel will ask the Court for attorneys' fees of up to 25% of the total settlement amount, as specified in Section 6 above.  Class Counsel will also seek reimbursement from the Settlement Fund of actual expenses they incurred in pursuing the lawsuit, such as costs for filing fees, service of process costs, and mediation fees.  Class Counsel will file an application to the Court no later than [ADD DATE] setting forth the attorneys' fees and expenses they will be seeking from the total settlement amount for their work on behalf of the Class Members. You can obtain a copy of Class Counsel's application for attorneys' fees and expenses after [ADD DATE] by visiting [ADD agreed upon url for case website] checking the court case file (see Paragraph 19 below) or contacting Class Counsel at (415) 421-7100.

### 17.  Will there be a service award?

The Settlement also provides that the Class Representative Plaintiff may apply for Service Awards of up to $5,000 in recognition for the time, effort and risks she took in bringing the case on behalf of the Class.  The Court may award less than this amount.  Plaintiff will file an application to the Court no later than [ADD DATE] that discusses the basis of the request for this Service Award. You can obtain a copy of this application after [ADD DATE] by checking the court case file (see Paragraph 19 below), visiting [add agreed upon url for case website] or by contacting Class Counsel at (415) 421-7100.

### 18.  When and where will the Court decide whether to approve the Settlement?

The Court will hold a Final Approval hearing on [ADD DATE/TIME] in Courtroom 8A, on the 8th Floor of the, United States District Court for the Central District of California, 350 W. First Street, Los Angeles, CA  90012.  At this hearing the Court will consider whether the Settlement is fair, reasonable, and adequate.  If there are objections, the Court will consider them.  The Judge may listen to people who have previously asked in writing to speak at the hearing.  The Judge may also decide how much to pay Class Counsel or whether to approve the requested Service Award for the named Plaintiff.  After the hearing, the Court will decide whether to approve the Settlement.  We do not know how long it will take for the Court to make its decision.

You do not have to come to the hearing.  Class Counsel will answer questions that the Judge may have.  But you are welcome to come at your own expense.  You also may enter an appearance through an attorney if desired and have the attorney appear at the Final Approval hearing.  If you submit an objection, you do not have to come to court to talk about it.  As long as you submitted it on time and in accordance with the instructions in Section 12 of this Notice, the Court will consider it.  You may pay your own lawyer to attend the hearing, but it is not necessary.

If you do not exclude yourself, you may ask the Court's permission to speak at the hearing about the Settlement, the application for attorneys' fees and costs, and/or the application for a service award.  To do so, please send a letter saying that it is your intention to appear at the Final Approval Hearing in *Grady v. RCM Technologies, Inc.*, Case No. 5:22-cv-00842-JLS-SHK.  The letter should state the position you intend to present at the hearing, state the identities of all attorneys who will represent you (if any), and include your full name, address, telephone number, and signature.  To preserve your right to object to the Settlement and appeal and judgment, however, you <u>must</u> submit a timely, written objection to the Settlement Administrator in accordance with the procedures described in Section 12 above.  To be timely, it must be postmarked, faxed or emailed to the addresses provided in Section 12 no later than **[ADD RESPONSE DEADLINE]**.  Additionally, you cannot speak at the hearing if you exclude yourself from the Class.

### 19.  What if I need additional information?

For a more detailed statement of the matters involved in the Action and the Class Settlement, you may refer to the pleadings, the Joint Stipulation of Settlement of Class Action, and other papers filed in this action.  The case file may be inspected at the Office of the Court Clerk, United States District Court, Central District of California, located at the Edward R. Roybal Federal Building & U.S. Courthouse, 255 East Temple Street, Room 180, Los

Angeles, CA 90012, during the Court's normal business hours.  You may inspect the case file for both cases online using the Public Access to Court Electronic Records system ("PACER"), at https://pacer.uscourts.gov/.     All inquiries by Class Members about this settlement should be directed to: ███████████████████.
Refer to the Grady v. RCM Class Action Settlement.

**PLEASE DO NOT CALL THE COURT**.

4862-6424-8275.2 / 090137-1042